1  STEVEN A. GIBSON, ESQ.
2  Nevada Bar No. 6656
   sgibson@gibsontreu.com
3  JODI DONETTA LOWRY, ESQ.
   Nevada Bar No. 7798
4  jlowry@gibsontreu.com

5
          GIBSON & TREU LLP
6        7495 West Azure Drive, Suite 233
7           Las Vegas, Nevada 89130
            Telephone 702.541.7888
8           Facsimile 702.541.7899

9  *Attorneys for Plaintiff*

10          UNITED STATES DISTRICT COURT

11             DISTRICT OF NEVADA

12
   EDD H. AHRENS, an individual,            Case No.:  2:15-cv-2034
13
              Plaintiff,                    **COMPLAINT**
14
        v.                                  **(JURY TRIAL REQUESTED)**
15
16 SUZETTE A. PECNICK, an individual;
   WINDERMERE HOLDINGS GROUP
17 LIMITED, a company organized under
   Seychelles law; KEEP2SHARE
18 CORPORATION, a corporation organized
   under United Kingdom law; and ARTEM
19 SHEPELEV, an individual,

20            Defendants.

21

22        Plaintiff Edd H. Ahrens ("Plaintiff" or "Mr. Ahrens"), by and through his counsel,

23 GIBSON & TREU LLP, complains and alleges as follows against Defendants Suzette A. Pecnick

24 ("Ms. Pecnick"), Windermere Holdings Group Limited ("Windermere"), Keep2Share

25 Corporation ("KS"), and Artem Shepelev ("Mr. Shepelev") (collectively "Defendants"), on

26 information and belief, that the following are and have been true at all time relevant to this

27 lawsuit unless otherwise indicated specifically to the contrary:

28

**NATURE OF ACTION**

1.     This is an action for direct and contributory copyright infringement under 17 U.S.C. § 501, false designation of origin under 15 U.S.C. § 1125(a), misappropriation of commercial properties under Nevada common law, and unjust enrichment under Nevada common law.

2.     Defendants individually and collectively infringed Mr. Ahrens' copyrights and service marks, and misappropriated Mr. Ahrens' commercial properties, all as identified more specifically herein (such copyrights, marks, and commercial properties collectively "Mr. Ahrens' Intellectual Property"), and/or contributed to such infringement.

**PARTIES**

3.     Mr. Ahrens is an individual whose principal residence is in the State of Nevada.

4.     Ms. Pecnick is an individual whose principal residence is in the State of Florida.

5.     Windermere is a company organized under the laws of the Seychelles.

6.     KS is a corporation organized under the laws of the United Kingdom.

7.     Mr. Shepelev is an individual residing in Russia.

**JURISDICTION**

8.     Plaintiff incorporates, repeats, and realleges every allegation set forth above.

9.     This Court has original jurisdiction over Plaintiff's First through Two Hundred Eighty-First Causes of Action (inclusive) (the "Federal Law Causes of Action") pursuant to 28 U.S.C. § 1338 because the Federal Law Causes of Action arise under the Copyright Act and the Lanham Act.

10.    This Court has supplemental jurisdiction over Plaintiff's Two Hundred Eighty-Second through Two Hundred Eighty-Ninth Causes of Action (inclusive) (the "State Law Causes of Action") pursuant to 28 U.S.C. § 1367 because the State Law Causes of Action are so related to the Federal Law Causes of Action as to form part of the same case or controversy as the Federal Law Causes of Action pursuant to Article III of the United States Constitution.

11.    Mr. Ahrens is a citizen of Nevada.

12.    Ms. Pecnick is a citizen of Florida.

13.   Windermere is a Seychelles entity.

14.   KS is a United Kingdom entity.

15.   Mr. Shepelev is a resident of Russia.

16.   Mr. Ahrens created the copyrighted works that constitute part of Mr. Ahrens' Intellectual Property ("Mr. Ahrens' Published Work") in Nevada.

17.   Mr. Ahrens published Mr. Ahrens' Published Work from Nevada.

18.   Mr. Ahrens' principal place of business from which Mr. Ahrens provides services under service marks owned by Mr. Ahrens is in Nevada.

19.   Mr. Ahrens is the owner of the World Wide Web domains pregnantusa.com and justnips.com ("Mr. Ahrens' Domains").

20.   Mr. Ahrens created all of Mr. Ahrens' commercial properties, including, without limitation, all content reposed at Mr. Ahrens' Domains (collectively "Mr. Ahrens' Commercial Properties") in Nevada.

21.   Mr. Ahrens makes Mr. Ahrens' Commercial Properties available to the public from Nevada.

22.   Windermere, KS, and Mr. Shepelev knew or had reason to know that the source of some or all of Mr. Ahrens' Intellectual Property was the United States, because Mr. Ahrens publishes and uses in commerce Mr. Ahrens' Intellectual Property on World Wide Web sites reposed at Mr. Ahrens' Domains (such content and domain names collectively "Mr. Ahrens' Websites"), and the content of Mr. Ahrens' Websites conspicuously indicates that Mr. Ahrens is located in, and operates those sites from, Las Vegas, Nevada, in the United States.

23.   Ms. Pecnick knew or had reason to know that the source of some or all of Mr. Ahrens' Intellectual Property was the State of Nevada, because the content of Mr. Ahrens' Websites conspicuously indicates that Mr. Ahrens is located in, and operates those sites from, Las Vegas, Nevada.

24.   Windermere, KS, and Mr. Shepelev knew or had reason to know that the source of some or all of Mr. Ahrens' Intellectual Property was the United States, because all of the visual and audiovisual works comprising a subset of Mr. Ahrens' Published Work (such visual and

audiovisual works collectively "Mr. Ahrens' Visual Works") displayed without permission by Windermere, KS, and Mr. Shepelev depicts the name of at least one of Mr. Ahrens' Websites and thus enabled Windermere, KS, and Mr. Shepelev to locate and view the content of Mr. Ahrens' Websites identifying the source of same.

25.   Ms. Pecnick knew or had reason to know that the source of some or all of Mr. Ahrens' Intellectual Property was the State of Nevada, because all of Mr. Ahrens' Visual Work displayed without permission by Ms. Pecnick depicts the name of at least one of Mr. Ahrens' Websites and thus enabled Ms. Pecnick to locate and view the content of Mr. Ahrens' Websites identifying the source of same.

26.   Windermere, KS, and Mr. Shepelev knew or had reason to know that the source of some or all of Mr. Ahrens' Intellectual Property was the United States, because, given that neither Windermere, nor KS, nor Mr. Shepelev is the author of any of Mr. Ahrens' Published Work, and that each one of Mr. Ahrens' Visual Works depicts the name of at least one of Mr. Ahrens' Websites, a good-faith determination of non-infringement required visiting at least one of Mr. Ahrens' Websites to ascertain such visual work's authorship and obtain authorization for such work's use.

27.   Ms. Pecnick knew or had reason to know that the source of some or all of Mr. Ahrens' Intellectual Property was the United States, because, given that Ms. Pecnick is not the author of any of Mr. Ahrens' Published Work, and that each one of Mr. Ahrens' Visual Works is depicts the name of at least one of Mr. Ahrens' Websites, a good-faith determination of non-infringement required visiting at least one of Mr. Ahrens' Websites to ascertain such visual work's authorship and obtain authorization for such work's use.

28.   Windermere, KS, and Mr. Shepelev knew or had reason to know that the source of some or all of Mr. Ahrens' Intellectual Property was the United States, because the terms of use for Mr. Ahrens' Websites specify that Nevada law governs those terms of use and that the venue for any litigation concerning those terms of use shall be in Clark County, Nevada, in the United States.

29.   Ms. Pecnick knew or had reason to know that the source of some or all of Mr. Ahrens' Intellectual Property was the State of Nevada, because the terms of use for Mr. Ahrens' Websites specify that Nevada law governs those terms of use and that the venue for any litigation concerning those terms of use shall be in Clark County, Nevada.

30.   Because Windermere, KS, and Mr. Shepelev knew or had reason to know that the source of some or all of Mr. Ahrens' Intellectual Property was the United States, Windermere, KS, and Mr. Shepelev knew that Windermere's, KS's, and Mr. Shepelev's infringement and misappropriation would cause Mr. Ahrens damage in the United States.

31.   Because Ms. Pecnick knew or had reason to know that the source of some or all of Mr. Ahrens' Intellectual Property was the State of Nevada, Ms. Pecnick knew that Ms. Pecnick's infringement and misappropriation would cause Ms. Pecnick damage in the State of Nevada

32.   Windermere knew or had reason to know that Defendant Windermere's infringement and misappropriation of Mr. Ahrens' Intellectual Property would cause Mr. Ahrens damage in the United States, because on or about March 17, 2015, Mr. Ahrens sent written notice to Windermere informing Windermere of copyright infringement with respect to a subset of Mr. Ahrens' Intellectual Property and providing Mr. Ahrens' physical address in Las Vegas, Nevada (the "Windermere Notice").

33.   Ms. Pecnick knew or had reason to know that Ms. Pecnick's infringement and misappropriation of Mr. Ahrens' Intellectual Property would cause Mr. Ahrens in the State of Nevada, because Ms. Pecnick has, and at a minimum has had, substantial administrative control over the World Wide Web site reposed at the domain planetsuzy.org (such site and domain name collectively the "Planetsuzy Website") such that Ms. Pecnick must have known or had reason to know of the existence and contents of the Windermere Notice.

34.   KS knew or had reason to know that KS's infringement and misappropriation of Mr. Ahrens' Intellectual Property would cause Mr. Ahrens damage in the United States, because on or about March 16, 2015, Mr. Ahrens sent written notice to Defendant KS informing KS of copyright infringement with respect to a subset of Mr. Ahrens' Intellectual Property and providing Mr. Ahrens' physical address in Las Vegas, Nevada (the "KS Notice").

35.  This Court has original jurisdiction over all causes of action as the Plaintiff is a citizen of Nevada and the Defendants are citizens of foreign states and the amount in controversy exceeds $75,000 exclusive of interest and costs.

## VENUE

36.  Venue is proper in this judicial district under 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to the claims alleged herein occurred in Nevada or outside the United States.

## FACTS

37.  Mr. Ahrens is the owner of the copyright in the literary work entitled "Blinkki 0654 Enticement Preview" (the "Copyrighted Work No. 1"), a copy of the application to the United States Copyright Office (the "USCO") for registration of which is attached hereto as Exhibit 1.

38.  Mr. Ahrens is the owner of the copyright in the literary work entitled "Bonni Blaze 0575 Enticement Preview" (the "Copyrighted Work No. 2"), a copy of the application for registration of which is attached hereto as Exhibit 2.

39.  Mr. Ahrens is the owner of the copyright in the literary work entitled "Brooke Bailey 0500 Enticement Preview" (the "Copyrighted Work No. 3"), a copy of the application for registration of which is attached hereto as Exhibit 3.

40.  Mr. Ahrens is the owner of the copyright in the literary work entitled "Danni Storm 0690 Enticement Preview" (the "Copyrighted Work No. 4"), a copy of the application for registration of which is attached hereto as Exhibit 4.

41.  Mr. Ahrens is the owner of the copyright in the literary work entitled "Daphne 0623 Enticement Preview" (the "Copyrighted Work No. 5"), a copy of the application for registration of which is attached hereto as Exhibit 5.

42.  Mr. Ahrens is the owner of the copyright in the audiovisual work entitled "Brooke Bailey 0500" (the "Copyrighted Work No. 6"), with respect to which the USCO issued registration number PA 1-957-757 effective October 2, 2015; a copy of the certificate evidencing that registration is attached hereto as Exhibit 6.

43.   Mr. Ahrens is the owner of the copyright in the literary work entitled "Daria & Flora 0591 Enticement Preview" (the "Copyrighted Work No. 7"), a copy of the application for registration of which is attached hereto as Exhibit 7.

44.   Mr. Ahrens is the owner of the copyright in the literary work entitled "Diesel 0712 Enticement Preview" (the "Copyrighted Work No. 8"), a copy of the application for registration of which is attached hereto as Exhibit 8.

45.   Mr. Ahrens is the owner of the copyright in the literary work entitled "Dorian 0581 Enticement Preview" (the "Copyrighted Work No. 9"), a copy of the application for registration of which is attached hereto as Exhibit 9.

46.   Mr. Ahrens is the owner of the copyright in the literary work entitled "Electra 0590 Enticement Preview" (the "Copyrighted Work No. 10"), a copy of the application for registration of which is attached hereto as Exhibit 10.

47.   Mr. Ahrens is the owner of the copyright in the literary work entitled "Gemma 0675 Enticement Preview" (the "Copyrighted Work No. 11"), a copy of the application for registration of which is attached hereto as Exhibit 11.

48.   Mr. Ahrens is the owner of the copyright in the literary work entitled "Georgina 0608 Enticement Preview" (the "Copyrighted Work No. 12"), a copy of the application for registration of which is attached hereto as Exhibit 12.

49.   Mr. Ahrens is the owner of the copyright in the literary work entitled "Hazel 0549 Enticement Preview" (the "Copyrighted Work No. 13"), a copy of the application for registration of which is attached hereto as Exhibit 13.

50.   Mr. Ahrens is the owner of the copyright in the literary work entitled "Jessica Johnson 0678 Enticement Preview" (the "Copyrighted Work No. 14"), a copy of the application for registration of which is attached hereto as Exhibit 14.

51.   Mr. Ahrens is the owner of the copyright in the literary work entitled "Juliet 0773 Enticement Preview" (the "Copyrighted Work No. 15"), a copy of the application for registration of which is attached hereto as Exhibit 15.

52.   Mr. Ahrens is the owner of the copyright in the literary work entitled "Karen V 0587 Enticement Preview" (the "Copyrighted Work No. 16"), a copy of the application for registration of which is attached hereto as Exhibit 16.

53.   Mr. Ahrens is the owner of the copyright in the literary work entitled "Kenna Kane 0657 Enticement Preview" (the "Copyrighted Work No. 17"), a copy of the application for registration of which is attached hereto as Exhibit 17.

54.   Mr. Ahrens is the owner of the copyright in the literary work entitled "Leila 0592 Enticement Preview" (the "Copyrighted Work No. 18"), a copy of the application for registration of which is attached hereto as Exhibit 18.

55.   Mr. Ahrens is the owner of the copyright in the literary work entitled "Marilyn M 0649 Enticement Preview" (the "Copyrighted Work No. 19"), a copy of the application for registration of which is attached hereto as Exhibit 19.

56.   Mr. Ahrens is the owner of the copyright in the literary work entitled "Milena 0653 Enticement Preview" (the "Copyrighted Work No. 20"), a copy of the application for registration of which is attached hereto as Exhibit 20.

57.   Mr. Ahrens is the owner of the copyright in the literary work entitled "Nicki W 0725 Enticement Preview" (the "Copyrighted Work No. 21"), a copy of the application for registration of which is attached hereto as Exhibit 21.

58.   Mr. Ahrens is the owner of the copyright in the literary work entitled "Nirvana 0576 Enticement Preview" (the "Copyrighted Work No. 22"), a copy of the application for registration of which is attached hereto as Exhibit 22.

59.   Mr. Ahrens is the owner of the copyright in the literary work entitled "Paris 0720 Enticement Preview" (the "Copyrighted Work No. 23"), a copy of the application for registration of which is attached hereto as Exhibit 23.

60.   Mr. Ahrens is the owner of the copyright in the literary work entitled "Sara R 0544 Enticement Preview" (the "Copyrighted Work No. 24"), a copy of the application for registration of which is attached hereto as Exhibit 24.

61.  Mr. Ahrens is the owner of the copyright in the literary work entitled "Sarah Niley 0752 Enticement Preview" (the "Copyrighted Work No. 25"), a copy of the application for registration of which is attached hereto as Exhibit 25.

62.  Mr. Ahrens is the owner of the copyright in the literary work entitled "Sexy Roxy 0735 Enticement Preview" (the "Copyrighted Work No. 26"), a copy of the application for registration of which is attached hereto as Exhibit 26.

63.  Mr. Ahrens is the owner of the copyright in the literary work entitled "Veronika Daniels 0563 Enticement Preview" (the "Copyrighted Work No. 27"), a copy of the application for registration of which is attached hereto as Exhibit 27.

64.  Mr. Ahrens is the owner of the copyright in the audiovisual work entitled "Bonni Blaze 0575" (the "Copyrighted Work No. 28"), with respect to which the USCO issued registration number PA 1-957-135 effective September 28, 2015; a copy of the certificate evidencing that registration is attached hereto as Exhibit 28.

65.  Mr. Ahrens is the owner of the copyright in the audiovisual work entitled "Sara R 0544" (the "Copyrighted Work No. 29"), with respect to which the USCO issued registration number PA 1-957-749 effective October 2, 2015; a copy of the certificate evidencing that registration is attached hereto as Exhibit 29.

66.  Mr. Ahrens is the owner of the copyright in the audiovisual work entitled "Juliet 0773" (the "Copyrighted Work No. 30"), with respect to which the USCO issued registration number PA 1-957-750 effective October 2, 2015; a copy of the certificate evidencing that registration is attached hereto as Exhibit 30.

67.  Mr. Ahrens is the owner of the copyright in the audiovisual work entitled "Gemma 0675" (the "Copyrighted Work No. 31"), with respect to which the USCO issued registration number PA 1-957-798 effective October 2, 2015; a copy of the certificate evidencing that registration is attached hereto as Exhibit 31.

68.  Mr. Ahrens is the owner of the copyright in the audiovisual work entitled "Hazel 0549" (the "Copyrighted Work No. 32"), with respect to which the USCO issued registration

number PA 1-957-117 effective September 28, 2015; a copy of the certificate evidencing that registration is attached hereto as Exhibit 32.

69. Mr. Ahrens is the owner of the copyright in the audiovisual work entitled "Daria & Flora 0591" (the "Copyrighted Work No. 33"), with respect to which the USCO issued registration number PA 1-957-805 effective October 2, 2015; a copy of the certificate evidencing that registration is attached hereto as Exhibit 33.

70. Mr. Ahrens is the owner of the copyright in the audiovisual work entitled "Daphne 0623" (the "Copyrighted Work No. 34"), with respect to which the USCO issued registration number PA 1-957-126 effective September 28, 2015; a copy of the certificate evidencing that registration is attached hereto as Exhibit 34.

71. Mr. Ahrens is the owner of the copyright in the audiovisual work entitled "Dani Storm 0690" (the "Copyrighted Work No. 35"), with respect to which the USCO issued registration number PA 1-957-121 effective September 28, 2015; a copy of the certificate evidencing that registration is attached hereto as Exhibit 35.

72. Mr. Ahrens is the owner of the copyright in the audiovisual work entitled "Marilyn M 0649" (the "Copyrighted Work No. 36"), with respect to which the USCO issued registration number PA 1-957-758 effective October 2, 2015; a copy of the certificate evidencing that registration is attached hereto as Exhibit 36.

73. Mr. Ahrens is the owner of the copyright in the audiovisual work entitled "Leila 0592" (the "Copyrighted Work No. 37"), with respect to which the USCO issued registration number PA 1-957-763 effective October 2, 2015; a copy of the certificate evidencing that registration is attached hereto as Exhibit 37.

74. Mr. Ahrens is the owner of the copyright in the audiovisual work entitled "Kenna Kane 0657" (the "Copyrighted Work No. 38"), with respect to which the USCO issued registration number PA 1-957-802 effective October 2, 2015; a copy of the certificate evidencing that registration is attached hereto as Exhibit 38.

75. Mr. Ahrens is the owner of the copyright in the audiovisual work entitled "Karen V 0587" (the "Copyrighted Work No. 39"), with respect to which the USCO issued registration

number PA 1-957-133 effective September 28, 2015; a copy of the certificate evidencing that registration is attached hereto as Exhibit 39.

76.   Mr. Ahrens is the owner of the copyright in the audiovisual work entitled "Caramel 0459" (the "Copyrighted Work No. 40"), with respect to which the USCO issued registration number PA 1-957-797 effective October 2, 2015; a copy of the certificate evidencing that registration is attached hereto as Exhibit 40.

77.   Mr. Ahrens is the owner of the copyright in the audiovisual work entitled "Harmony 0300" (the "Copyrighted Work No. 41"), with respect to which the USCO issued registration number PA 1-957-796 effective October 2, 2015; a copy of the certificate evidencing that registration is attached hereto as Exhibit 41.

78.   Mr. Ahrens is the owner of the copyright in the audiovisual work entitled "Gretchen 0353" (the "Copyrighted Work No. 42"), with respect to which the USCO issued registration number PA 1-957-116 effective September 28, 2015; a copy of the certificate evidencing that registration is attached hereto as Exhibit 42.

79.   Mr. Ahrens is the owner of the copyright in the audiovisual work entitled "Fannie 0357" (the "Copyrighted Work No. 43"), with respect to which the USCO issued registration number PA 1-957-115 effective September 28, 2015; a copy of the certificate evidencing that registration is attached hereto as Exhibit 43.

80.   Mr. Ahrens is the owner of the copyright in the audiovisual work entitled "Jessica Johnson 0678" (the "Copyrighted Work No. 44"), with respect to which the USCO issued registration number PA 1-957-803 effective October 2, 2015; a copy of the certificate evidencing that registration is attached hereto as Exhibit 44.

81.   Mr. Ahrens is the owner of the copyright in the audiovisual work entitled "Diesel 0712" (the "Copyrighted Work No. 45"), with respect to which the USCO issued registration number PA 1-957-119 effective September 28, 2015; a copy of the certificate evidencing that registration is attached hereto as Exhibit 45.

82.   Mr. Ahrens is the owner of the copyright in the audiovisual work entitled "Blinkky 0654" (the "Copyrighted Work No. 46"), with respect to which the USCO issued registration

number PA 1-957-762 effective October 2, 2015; a copy of the certificate evidencing that registration is attached hereto as Exhibit 46.

83.  Mr. Ahrens is the owner of the copyright in the audiovisual work entitled "Nirvana 0576" (the "Copyrighted Work No. 47"), with respect to which the USCO issued registration number PA 1-957-118 effective September 28, 2015; a copy of the certificate evidencing that registration is attached hereto as Exhibit 47.

84.  Mr. Ahrens is the owner of the copyright in the audiovisual work entitled "Shawnie 0437" (the "Copyrighted Work No. 48"), with respect to which the USCO issued registration number PA 1-957-753 effective October 2, 2015; a copy of the certificate evidencing that registration is attached hereto as Exhibit 48.

85.  Mr. Ahrens is the owner of the copyright in the audiovisual work entitled "Paris 0720" (the "Copyrighted Work No. 49"), with respect to which the USCO issued registration number PA 1-957-754 effective October 2, 2015; a copy of the certificate evidencing that registration is attached hereto as Exhibit 49.

86.  Mr. Ahrens is the owner of the copyright in the audiovisual work entitled "Electra 0590" (the "Copyrighted Work No. 50"), with respect to which the USCO issued registration number PA 1-957-756 effective October 2, 2015; a copy of the certificate evidencing that registration is attached hereto as Exhibit 50.

87.  Mr. Ahrens is the owner of the copyright in the audiovisual work entitled "Dorian 0581" (the "Copyrighted Work No. 51"), with respect to which the USCO issued registration number PA 1-957-759 effective October 2, 2015; a copy of the certificate evidencing that registration is attached hereto as Exhibit 51.

88.  Mr. Ahrens is the owner of the copyright in the audiovisual work entitled "Nikki W 0725" (the "Copyrighted Work No. 52"), with respect to which the USCO issued registration number PA 1-957-800 effective October 2, 2015; a copy of the certificate evidencing that registration is attached hereto as Exhibit 52.

89.  Mr. Ahrens is the owner of the copyright in the audiovisual work entitled "Veronika Daniels 0563" (the "Copyrighted Work No. 53"), with respect to which the USCO issued

registration number PA 1-957-799 effective October 2, 2015; a copy of the certificate evidencing that registration is attached hereto as Exhibit 53.

90.  Mr. Ahrens is the owner of the copyright in the audiovisual work entitled "Georgina 0608" (the "Copyrighted Work No. 54"), with respect to which the USCO issued registration number PA 1-957-766 effective October 2, 2015; a copy of the certificate evidencing that registration is attached hereto as Exhibit 54.

91.  Mr. Ahrens is the owner of the copyright in the audiovisual work entitled "Kendra Banx 0398" (the "Copyrighted Work No. 55"), with respect to which the USCO issued registration number PA 1-957-765 effective October 2, 2015; a copy of the certificate evidencing that registration is attached hereto as Exhibit 55.

92.  Mr. Ahrens is the owner of the copyright in the audiovisual work entitled "Milena 0653" (the "Copyrighted Work No. 56"), with respect to which the USCO issued registration number PA 1-957-764 effective October 2, 2015; a copy of the certificate evidencing that registration is attached hereto as Exhibit 56.

93.  Mr. Ahrens is the owner of the copyright in the audiovisual work entitled "Sophia 0802" (the "Copyrighted Work No. 57"), with respect to which the USCO issued registration number PA 1-957-087 effective September 28, 2015; a copy of the certificate evidencing that registration is attached hereto as Exhibit 57.

94.  Mr. Ahrens is the owner of the copyright in the audiovisual work entitled "Yoa 0645" (the "Copyrighted Work No. 58"), with respect to which the USCO issued registration number PA 1-957-085 effective September 28, 2015; a copy of the certificate evidencing that registration is attached hereto as Exhibit 58.

95.  Mr. Ahrens is the owner of the copyright in the audiovisual work entitled "Venus Sky 0788" (the "Copyrighted Work No. 59"), with respect to which the USCO issued registration number PA 1-957-083 effective September 28, 2015; a copy of the certificate evidencing that registration is attached hereto as Exhibit 59.

96.  Mr. Ahrens is the owner of the copyright in the audiovisual work entitled "Sexy Roxy 0735" (the "Copyrighted Work No. 60"), with respect to which the USCO issued

registration number PA 1-957-079 effective September 28, 2015; a copy of the certificate evidencing that registration is attached hereto as Exhibit 60.

97. Mr. Ahrens is the owner of the copyright in the audiovisual work entitled "Sativa 0663" (the "Copyrighted Work No. 61"), with respect to which the USCO issued registration number PA 1-957-075 effective September 28, 2015; a copy of the certificate evidencing that registration is attached hereto as Exhibit 61.

98. Mr. Ahrens is the owner of the copyright in the audiovisual work entitled "Sara Niley 0752" (the "Copyrighted Work No. 62"), with respect to which the USCO issued registration number PA 1-957-067 effective September 28, 2015; a copy of the certificate evidencing that registration is attached hereto as Exhibit 62.

99. Mr. Ahrens is the owner of the copyright in the audiovisual work entitled "Renee 0539" (the "Copyrighted Work No. 63"), with respect to which the USCO issued registration number PA 1-957-064 effective September 28, 2015; a copy of the certificate evidencing that registration is attached hereto as Exhibit 63.

100. Mr. Ahrens is the owner of the copyright in the audiovisual work entitled "Renee 0830" (the "Copyrighted Work No. 64"), with respect to which the USCO issued registration number PA 1-957-063 effective September 28, 2015; a copy of the certificate evidencing that registration is attached hereto as Exhibit 64.

101. Mr. Ahrens is the owner of the copyright in the audiovisual work entitled "Renee 0809" (the "Copyrighted Work No. 65"), with respect to which the USCO issued registration number PA 1-957-062 effective September 28, 2015; a copy of the certificate evidencing that registration is attached hereto as Exhibit 65.

102. Mr. Ahrens is the owner of the copyright in the audiovisual work entitled "Skye 0556" (the "Copyrighted Work No. 66"), with respect to which the USCO issued registration number PA 1-957-061 effective September 28, 2015; a copy of the certificate evidencing that registration is attached hereto as Exhibit 66.

103. Mr. Ahrens is the owner of the copyright in the audiovisual work entitled "Silvana 0666A" (the "Copyrighted Work No. 67"), with respect to which the USCO issued registration

number PA 1-957-060 effective September 28, 2015; a copy of the certificate evidencing that registration is attached hereto as Exhibit 67.

104. Mr. Ahrens is the owner of the copyright in the audiovisual work entitled "Silvana 0666B" (the "Copyrighted Work No. 68"), with respect to which the USCO issued registration number PA 1-957-058 effective September 28, 2015; a copy of the certificate evidencing that registration is attached hereto as Exhibit 68.

105. Mr. Ahrens is the owner of the copyright in the audiovisual work entitled "Shy 0631" (the "Copyrighted Work No. 69"), with respect to which the USCO issued registration number PA 1-957-057 effective September 28, 2015; a copy of the certificate evidencing that registration is attached hereto as Exhibit 69.

106. Mr. Ahrens is the owner of the copyright in the audiovisual work entitled "Renee & Alicia 0548" (the "Copyrighted Work No. 70"), with respect to which the USCO issued registration number PA 1-957-055 effective September 28, 2015; a copy of the certificate evidencing that registration is attached hereto as Exhibit 70.

107. Mr. Ahrens is the owner of the copyright in the audiovisual work entitled "Precious 0751" (the "Copyrighted Work No. 71"), with respect to which the USCO issued registration number PA 1-957-054 effective September 28, 2015; a copy of the certificate evidencing that registration is attached hereto as Exhibit 71.

108. Mr. Ahrens is the owner of the copyright in the audiovisual work entitled "Precious 0756" (the "Copyrighted Work No. 72"), with respect to which the USCO issued registration number PA 1-957-053 effective September 28, 2015; a copy of the certificate evidencing that registration is attached hereto as Exhibit 72.

109. Mr. Ahrens is the owner of the copyright in the audiovisual work entitled "Pantera 0821" (the "Copyrighted Work No. 73"), with respect to which the USCO issued registration number PA 1-957-052 effective September 28, 2015; a copy of the certificate evidencing that registration is attached hereto as Exhibit 73.

110. Mr. Ahrens is the owner of the copyright in the audiovisual work entitled "Nicki S. 0578" (the "Copyrighted Work No. 74"), with respect to which the USCO issued registration

number PA 1-957-051 effective September 28, 2015; a copy of the certificate evidencing that registration is attached hereto as Exhibit 74.

111. Mr. Ahrens is the owner of the copyright in the audiovisual work entitled "Tasty 0711" (the "Copyrighted Work No. 75"), with respect to which the USCO issued registration number PA 1-957-596 effective October 2, 2015; a copy of the certificate evidencing that registration is attached hereto as Exhibit 75.

112. Mr. Ahrens is the owner of the copyright in the audiovisual work entitled "Renee 0837" (the "Copyrighted Work No. 76"), a copy of the application for registration of which is attached hereto as Exhibit 76.

113. Mr. Ahrens is the owner of the copyright in the audiovisual work entitled "Cereena 0769" (the "Copyrighted Work No. 77"), with respect to which the USCO issued registration number PA 1-957-047 effective September 28, 2015; a copy of the certificate evidencing that registration is attached hereto as Exhibit 77.

114. Copyrighted Works Numbers 1 through 77 are each the subject of either a United States copyright registration or a pending application with the USCO for copyright registration.

115. The Copyrighted Works constitute copyrightable subject matter pursuant to 17 U.S.C. § 102.

116. The Copyrighted Works include audiovisual motion pictures, individual frames of audiovisual motion pictures, and literary compositions.

117. Mr. Ahrens produced each of the Copyrighted Works with the intent to offer licenses to view one or more of the Copyrighted Works commercially to paying clients for profit.

118. Mr. Ahrens is the owner of the common-law service mark PREGNANTUSA.COM.

119. Mr. Ahrens is the owner of the common-law service mark JUSTNIPS.COM (collectively with PREGNANTUSA.COM, "Mr. Ahrens' Marks").

120. Starting on or about September 11, 2003 and continuing to the present, Mr. Ahrens has produced artistic works visually depicting nude models and literary works describing in prose form the content of those artistic works.

121. Starting on or about May 12, 2007 and continuing to the present, Mr. Ahrens made available to the public content reposed at the domains pregnantusa.com (such content and domain name collectively the "Pregnantusa.com Website") and justnips.com (such content and domain name collectively the "Justnips.com Website").

122. Mr. Ahrens promotes Copyrighted Works and sells licenses to view Copyrighted Works through the Pregnantusa.com Website and the Justnips.com Website.

123. In the publicly available online source domaintools.whois.com, which provides information regarding owners and other contact persons with respect to domain names, Windermere is currently identified as the registrant of the domain planetsuzy.org.

124. As the registrant, Windermere is at least one owner of the domain planetsuzy.org.

125. As the sole or joint owner of the domain planetsuzy.org, Windermere has ultimate control of the content displayed at the planetsuzy.org domain

126. In the publicly available online source who.is, which provides information regarding owners and other contact persons with respect to domain names, "Suzette Pecnick" is currently identified as the owner of the domain planetsuzy.org.

127. In the publicly available online source alexa.com, which provides information regarding owners and other contact persons with respect to domain names, "Suzette Pecnick" is currently identified as the lead contact person with respect to the domain planetsuzy.org.

128. *Suzy* is a common nickname for the given name "Suzette."

129. As the sole or joint owner of the domain planetsuzy.org, or at a minimum the holder of administrative authority with respect to the domain planetsuzy.org, Ms. Pecnick has ultimate control of the content displayed at the planetsuzy.org domain.

130. The Planetsuzy Website is an online forum on which anyone, upon applying for registration through the Planetsuzy Website, can submit content for display on and/or through the website.

131. The USCO has no record of a Digital Millennium Copyright Act ("DMCA") agent for receipt of takedown notices with respect to the Planetsuzy Website as of October 13, 2015.

132. The USCO has no record of a DMCA agent for receipt of takedown notices with respect to Windermere as of October 13, 2015.

133. The USCO has no record of a DMCA agent for receipt of takedown notices with respect to KS as of October 13, 2015.

134. The USCO has no record of a DMCA agent for receipt of takedown notices with respect to Mr. Shepelev as of October 13, 2015.

135. The USCO has no record of a DMCA agent for receipt of takedown notices with respect to any entity with a name resembling "threepicture.com" as of October 13, 2015.

136. There is no information on the website reposed at the domain threepicture.com (collectively with the domain name threepicture.com, the "Threepicture Website") providing contact information for an agent for receipt of takedown notices under the Digital Millennium Copyright Act.

137. Mr. Shepelev is the registrant of the domain threepicture.com.

138. As the registrant, Mr. Shepelev is the owner of the domain threepicture.com.

139. As the owner of the domain threepicture.com, Mr. Shepelev has ultimate control of the content displayed at the threepicture.com domain.

140. The Planetsuzy Website owners designate Mr. Shepelev, by way of the Threepicture Website, as an approved vendor for purposes of hosting Planetsuzy Website users' image content for later access by other Planetsuzy Website users.

141. As a Planetsuzy Website host, Mr. Shepelev, by way of the Threepicture Website, permits Planetsuzy Website users to upload content to the Threepicture Website.

142. Through the mechanism of "framing," content that has been uploaded to the Threepicture Website are published by Mr. Shepelev, by way of the Threepicture Website, to Planetsuzy Website users viewing that content.

143. Mr. Shepelev, Windermere, and Ms. Pecnick derive financial gain from Mr. Shepelev's activity, by way of the Threepicture Website, as a Planetsuzy Website host.

144. The Planetsuzy Website owners designate KS as an approved vendor for purposes of hosting Planetsuzy Website users' content for later access by other Planetsuzy Website users.

145. As a Planetsuzy Website host, KS permits Planetsuzy Website users to upload content to the KS Website.

146. Planetsuzy Website users wishing to see content referenced on the Planetsuzy Website and hosted on the KS Website can obtain access to, and ultimately download, that content from the KS Website.

147. KS, Windermere, and Ms. Pecnick derive financial gain from KS's activity as a Planetsuzy Website host.

148. The content displayed on the Planetsuzy Website is of an adult-oriented nature related, in pertinent part, to nude female models.

149. On the Planetsuzy Website appear multiple conspicuous representations that the Planetsuzy Website is a source for users to obtain and view adult-oriented content free of charge.

150. Windermere gains a financial benefit through the display of third-party advertisements on the Planetsuzy Website.

151. Ms. Pecnick gains a financial benefit through the display of third-party advertisements on the Planetsuzy Website.

152. KS gains a financial benefit through the acquisition of viewers directed to the website reposed at keep2share.cc (such website, collectively with the domain name keep2share.cc, the "KS Website") as a result of the KS Infringement Enablement.

153. Mr. Shepelev gains a financial benefit through the acquisition of viewers directed to the Threepicture Website as a result of the Threepicture Infringement Enablement.

154. Since each one of Mr. Ahrens' Visual Works depicts one or more of Mr. Ahrens' Marks, Windermere's display of Mr. Ahrens' Visual Works via the Planetsuzy Website constitutes use of Mr. Ahrens' Marks in commerce as designations of origin of Windermere's services.

155. Ms. Pecnick's display of Mr. Ahrens' Visual Works via the Planetsuzy Website constitutes use of Mr. Ahrens' Marks in commerce as designations of origin of Ms. Pecnick's services.

156. Mr. Shepelev's display of Mr. Ahrens' Visual Works via the Threepicture Website constitutes use of Mr. Ahrens' Marks in commerce as designations of origin of Mr. Shepelev's services.

157. Mr. Shepelev's display of Mr. Ahrens' Visual Works via embedding on the Planetsuzy Website constitutes use of Mr. Ahrens' Marks in commerce as designations of origin of Mr. Shepelev's services.

158. KS's display of Mr. Ahrens' Visual Works via the KS Website constitutes use of Mr. Ahrens' Marks in commerce as designations of origin of KS's services.

159. Windermere never sought permission to display, copy, or distribute any of Mr. Ahrens' Published Work.

160. Ms. Pecnick never sought permission to display, copy, or distribute any of Mr. Ahrens' Published Work.

161. KS never sought permission to copy or distribute any of Mr. Ahrens' Published Work.

162. Mr. Shepelev never sought permission to display, copy, or distribute any of Mr. Ahrens' Published Work.

163. Windermere never sought permission to use Mr. Ahrens' Marks in commerce as designations of origin of services.

164. Ms. Pecnick never sought permission to use Mr. Ahrens' Marks in commerce as designations of origin of services.

165. KS never sought permission to use Mr. Ahrens' Marks in commerce as designations of origin of services.

166. Mr. Shepelev never sought permission to use Mr. Ahrens' Marks in commerce as designations of origin of services.

167. Windermere never provided Mr. Ahrens with any payment or consideration for Windermere's display or distribution of any of the Copyrighted Works.

168. Windermere never procured from Mr. Ahrens any written assignment of any of Mr. Ahrens' rights in and to any of the Copyrighted Works.

169. Ms. Pecnick never provided Mr. Ahrens with any payment or consideration for Ms. Pecnick's display or distribution of any of the Copyrighted Works.

170. Ms. Pecnick never procured from Mr. Ahrens any written assignment of any of Mr. Ahrens' rights in and to any of the Copyrighted Works.

171. KS never provided Mr. Ahrens with any payment or consideration for KS's display or distribution of any of the Copyrighted Works.

172. KS never procured from Mr. Ahrens any written assignment of any of Mr. Ahrens' rights in and to any of the Copyrighted Works.

173. Mr. Shepelev never provided Mr. Ahrens with any payment or consideration for Mr. Shepelev's display or distribution of any of the Copyrighted Works.

174. Mr. Shepelev never procured from Mr. Ahrens any written assignment of any of Mr. Ahrens' rights in and to any of the Copyrighted Works.

175. Mr. Ahrens has never assigned, sold, transferred or conveyed to anyone any of Mr. Ahrens' exclusive rights, including, without limitation, copyrights, in and to any of the Copyrighted Works, or in and to any of Mr. Ahrens' Commercial Properties.

176. Under no circumstances would Mr. Ahrens have granted permission to any of the Defendants to transfer any rights to the Copyrighted Works under circumstances whereby Mr. Ahrens would not be entitled to participate in the ongoing economic benefit of any commercial exploitation of the Copyrighted Works or of Mr. Ahrens' Commercial Properties.

177. Mr. Ahrens has never assigned, sold, transferred, licensed or conveyed any of Mr. Ahrens' rights in and to any of Mr. Ahrens' Marks.

178. Under no circumstances would Mr. Ahrens have licensed or otherwise granted any permission for any of the Defendants to use in commerce any of Mr. Ahrens' Marks as designations of origin of any services furnished by any of the Defendants.

179. Windermere willfully engaged in the unauthorized display, copying and distribution of each of the Copyrighted Works and Mr. Ahrens' Commercial Properties.

180. Windermere willfully engaged in the use of Mr. Ahrens' Marks as designations of origin of the online services furnished by Windermere.

181. Ms. Pecnick willfully engaged in the unauthorized display, copying and distribution of each of the Copyrighted Works and Mr. Ahrens' Commercial Properties.

182. Ms. Pecnick willfully engaged in the use of Mr. Ahrens' Marks as designations of origin of the online services furnished by Ms. Pecnick.

183. Mr. Shepelev willfully engaged in the unauthorized display, copying and distribution of the subset of Copyrighted Works and of Mr. Ahrens' Commercial Properties that constitute still photographs, including screen captures from audiovisual works.

184. Mr. Shepelev willfully engaged in the use of Mr. Ahrens' Marks as designations of origin of the hosting services furnished by Mr. Shepelev.

185. KS willfully engaged in the unauthorized copying and distribution of the subset of the Copyrighted Works and Mr. Ahrens' Commercial Properties that constitute audiovisual works.

186. KS willfully engaged in the use of Mr. Ahrens' Marks as designations of origin of the hosting services furnished by KS.

187. On or about March 18, 2015 Windermere responded to the Windermere Notice that no action regarding the removal of any infringing content was being undertaken.

188. From March 14, 2015 through March 16, 2015 KS responded to the KS Notice on multiple occasions stating KS was "unable to process" the KS Notice.

189. Windermere continues to display and distribute Mr. Ahrens' Copyrighted Works and at least a subset of Mr. Ahrens' Commercial Properties on the Planetsuzy Website, as otherwise identified herein.

190. Windermere continues to use Mr. Ahrens' Marks in commerce on the Planetsuzy Website as indicators of origin of Windermere's online services.

191. Ms. Pecnick continues to display and distribute Mr. Ahrens' Copyrighted Works and at least a subset of Mr. Ahrens' Commercial Properties on the Planetsuzy Website, as otherwise identified herein.

192. Ms. Pecnick continues to use Mr. Ahrens' Marks in commerce on the Planetsuzy Website as indicators of origin of Ms. Pecnick's online services.

193. KS continues to distribute at least a subset of Mr. Ahrens' Copyrighted Works and at least a subset of Mr. Ahrens' Commercial Properties on the KS Website, as otherwise identified herein.

194. KS continues to use Mr. Ahrens' Marks in commerce on the KS Website as indicators of origin of KS's hosting services.

195. Mr. Shepelev continues to display and distribute at least a subset of Mr. Ahrens' Copyrighted Works and at least a subset of Mr. Ahrens' Commercial Properties on the Threepicture Website, as otherwise identified herein.

196. Mr. Shepelev continues to display and distribute at least a subset of Mr. Ahrens' Copyrighted Works and at least a subset of Mr. Ahrens' Commercial Properties via embedding on the Planetsuzy Website, as otherwise identified herein.

197. Mr. Shepelev continues to use Mr. Ahrens' Marks in commerce on the Threepicture Website as indicators of origin of Mr. Shepelev's hosting services.

198. Mr. Shepelev continues to use Mr. Ahrens' Marks in commerce on the Planetsuzy Website as indicators of origin of Mr. Shepelev's hosting services.

## **FIRST CAUSE OF ACTION**

## **DIRECT COPYRIGHT INFRINGEMENT UNDER 17 U.S.C. § 501**

(against Ms. Pecnick)

199. Plaintiff incorporates, repeats, and realleges every allegation set forth above.

200. Ms. Pecnick reproduced the Copyrighted Work No. 1 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(1).

201. Ms. Pecnick distributed the Copyrighted Work No. 1 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(3).

202. Ms. Pecnick displayed the Copyrighted Work No. 1 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(5).

203. Plaintiff has sustained actual damages as a result of Ms. Pecnick's acts as alleged herein, and Ms. Pecnick is liable to Plaintiff for such damages pursuant to 17 U.S.C. § 504(a)(1).

204. Ms. Pecnick has profited as a result of Ms. Pecnick's acts as alleged herein, and Ms. Pecnick is liable to Plaintiff for such profits pursuant to 17 U.S.C. § 504(a)(1).

205. Plaintiff is entitled to a permanent injunction enjoining further infringement by Ms. Pecnick pursuant to 17 U.S.C. § 502(a).

206. Plaintiff has incurred costs of suit in connection with bringing this action, and Ms. Pecnick is liable to Plaintiff for those costs of suit pursuant to 17 U.S.C. § 505.

## SECOND CAUSE OF ACTION

## DIRECT COPYRIGHT INFRINGEMENT UNDER 17 U.S.C. § 501

(against Ms. Pecnick)

207. Plaintiff incorporates, repeats, and realleges every allegation set forth above.

208. Ms. Pecnick reproduced the Copyrighted Work No. 2 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(1).

209. Ms. Pecnick distributed the Copyrighted Work No. 2 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(3).

210. Ms. Pecnick displayed the Copyrighted Work No. 2 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(5).

211. Plaintiff has sustained actual damages as a result of Ms. Pecnick's acts as alleged herein, and Ms. Pecnick is liable to Plaintiff for such damages pursuant to 17 U.S.C. § 504(a)(1).

212. Ms. Pecnick has profited as a result of Ms. Pecnick's acts as alleged herein, and Ms. Pecnick is liable to Plaintiff for such profits pursuant to 17 U.S.C. § 504(a)(1).

213. Plaintiff is entitled to a permanent injunction enjoining further infringement by Ms. Pecnick pursuant to 17 U.S.C. § 502(a).

214. Plaintiff has incurred costs of suit in connection with bringing this action, and Ms. Pecnick is liable to Plaintiff for those costs of suit pursuant to 17 U.S.C. § 505.

## THIRD CAUSE OF ACTION

## DIRECT COPYRIGHT INFRINGEMENT UNDER 17 U.S.C. § 501

(against Ms. Pecnick)

215. Plaintiff incorporates, repeats, and realleges every allegation set forth above.

216. Ms. Pecnick reproduced the Copyrighted Work No. 3 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(1).

217. Ms. Pecnick distributed the Copyrighted Work No. 3 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(3).

218. Ms. Pecnick displayed the Copyrighted Work No. 3 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(5).

219. Plaintiff has sustained actual damages as a result of Ms. Pecnick's acts as alleged herein, and Ms. Pecnick is liable to Plaintiff for such damages pursuant to 17 U.S.C. § 504(a)(1).

220. Ms. Pecnick has profited as a result of Ms. Pecnick's acts as alleged herein, and Ms. Pecnick is liable to Plaintiff for such profits pursuant to 17 U.S.C. § 504(a)(1).

221. Plaintiff is entitled to a permanent injunction enjoining further infringement by Ms. Pecnick pursuant to 17 U.S.C. § 502(a).

222. Plaintiff has incurred costs of suit in connection with bringing this action, and Ms. Pecnick is liable to Plaintiff for those costs of suit pursuant to 17 U.S.C. § 505.

## FOURTH CAUSE OF ACTION

## DIRECT COPYRIGHT INFRINGEMENT UNDER 17 U.S.C. § 501

(against Ms. Pecnick)

223. Plaintiff incorporates, repeats, and realleges every allegation set forth above.

224. Ms. Pecnick reproduced the Copyrighted Work No. 4 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(1).

225. Ms. Pecnick distributed the Copyrighted Work No. 4 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(3).

226. Ms. Pecnick displayed the Copyrighted Work No. 4 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(5).

227. Plaintiff has sustained actual damages as a result of Ms. Pecnick's acts as alleged herein, and Ms. Pecnick is liable to Plaintiff for such damages pursuant to 17 U.S.C. § 504(a)(1).

228. Ms. Pecnick has profited as a result of Ms. Pecnick's acts as alleged herein, and Ms. Pecnick is liable to Plaintiff for such profits pursuant to 17 U.S.C. § 504(a)(1).

229. Plaintiff is entitled to a permanent injunction enjoining further infringement by Ms. Pecnick pursuant to 17 U.S.C. § 502(a).

230. Plaintiff has incurred costs of suit in connection with bringing this action, and Ms. Pecnick is liable to Plaintiff for those costs of suit pursuant to 17 U.S.C. § 505.

## FIFTH CAUSE OF ACTION

## DIRECT COPYRIGHT INFRINGEMENT UNDER 17 U.S.C. § 501

### (against Ms. Pecnick)

231. Plaintiff incorporates, repeats, and realleges every allegation set forth above.

232. Ms. Pecnick reproduced the Copyrighted Work No. 5 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(1).

233. Ms. Pecnick distributed the Copyrighted Work No. 5 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(3).

234. Ms. Pecnick displayed the Copyrighted Work No. 5 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(5).

235. Plaintiff has sustained actual damages as a result of Ms. Pecnick's acts as alleged herein, and Ms. Pecnick is liable to Plaintiff for such damages pursuant to 17 U.S.C. § 504(a)(1).

236. Ms. Pecnick has profited as a result of Ms. Pecnick's acts as alleged herein, and Ms. Pecnick is liable to Plaintiff for such profits pursuant to 17 U.S.C. § 504(a)(1).

237. Plaintiff is entitled to a permanent injunction enjoining further infringement by Ms. Pecnick pursuant to 17 U.S.C. § 502(a).

238. Plaintiff has incurred costs of suit in connection with bringing this action, and Ms. Pecnick is liable to Plaintiff for those costs of suit pursuant to 17 U.S.C. § 505.

## SIXTH CAUSE OF ACTION

## DIRECT COPYRIGHT INFRINGEMENT UNDER 17 U.S.C. § 501

### (against Ms. Pecnick)

239. Plaintiff incorporates, repeats, and realleges every allegation set forth above.

240. Ms. Pecnick reproduced the Copyrighted Work No. 6 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(1).

241. Ms. Pecnick distributed the Copyrighted Work No. 6 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(3).

242. Ms. Pecnick displayed the Copyrighted Work No. 6 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(5).

243. Plaintiff has sustained actual damages as a result of Ms. Pecnick's acts as alleged herein, and Ms. Pecnick is liable to Plaintiff for such damages pursuant to 17 U.S.C. § 504(a)(1).

244. Ms. Pecnick has profited as a result of Ms. Pecnick's acts as alleged herein, and Ms. Pecnick is liable to Plaintiff for such profits pursuant to 17 U.S.C. § 504(a)(1).

245. Plaintiff is entitled to a permanent injunction enjoining further infringement by Ms. Pecnick pursuant to 17 U.S.C. § 502(a).

246. Plaintiff has incurred costs of suit in connection with bringing this action, and Ms. Pecnick is liable to Plaintiff for those costs of suit pursuant to 17 U.S.C. § 505.

## SEVENTH CAUSE OF ACTION

## DIRECT COPYRIGHT INFRINGEMENT UNDER 17 U.S.C. § 501

(against Ms. Pecnick)

247. Plaintiff incorporates, repeats, and realleges every allegation set forth above.

248. Ms. Pecnick reproduced the Copyrighted Work No. 7 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(1).

249. Ms. Pecnick distributed the Copyrighted Work No. 7 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(3).

250. Ms. Pecnick displayed the Copyrighted Work No. 7 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(5).

251. Plaintiff has sustained actual damages as a result of Ms. Pecnick's acts as alleged herein, and Ms. Pecnick is liable to Plaintiff for such damages pursuant to 17 U.S.C. § 504(a)(1).

252. Ms. Pecnick has profited as a result of Ms. Pecnick's acts as alleged herein, and Ms. Pecnick is liable to Plaintiff for such profits pursuant to 17 U.S.C. § 504(a)(1).

253. Plaintiff is entitled to a permanent injunction enjoining further infringement by Ms. Pecnick pursuant to 17 U.S.C. § 502(a).

254. Plaintiff has incurred costs of suit in connection with bringing this action, and Ms. Pecnick is liable to Plaintiff for those costs of suit pursuant to 17 U.S.C. § 505.

## EIGHTH CAUSE OF ACTION

## DIRECT COPYRIGHT INFRINGEMENT UNDER 17 U.S.C. § 501

(against Ms. Pecnick)

255. Plaintiff incorporates, repeats, and realleges every allegation set forth above.

256. Ms. Pecnick reproduced the Copyrighted Work No. 8 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(1).

257. Ms. Pecnick distributed the Copyrighted Work No. 8 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(3).

258. Ms. Pecnick displayed the Copyrighted Work No. 8 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(5).

259. Plaintiff has sustained actual damages as a result of Ms. Pecnick's acts as alleged herein, and Ms. Pecnick is liable to Plaintiff for such damages pursuant to 17 U.S.C. § 504(a)(1).

260. Ms. Pecnick has profited as a result of Ms. Pecnick's acts as alleged herein, and Ms. Pecnick is liable to Plaintiff for such profits pursuant to 17 U.S.C. § 504(a)(1).

261. Plaintiff is entitled to a permanent injunction enjoining further infringement by Ms. Pecnick pursuant to 17 U.S.C. § 502(a).

262. Plaintiff has incurred costs of suit in connection with bringing this action, and Ms. Pecnick is liable to Plaintiff for those costs of suit pursuant to 17 U.S.C. § 505.

## NINTH CAUSE OF ACTION

## DIRECT COPYRIGHT INFRINGEMENT UNDER 17 U.S.C. § 501

(against Ms. Pecnick)

263. Plaintiff incorporates, repeats, and realleges every allegation set forth above.

264. Ms. Pecnick reproduced the Copyrighted Work No. 9 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(1).

265. Ms. Pecnick distributed the Copyrighted Work No. 9 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(3).

266. Ms. Pecnick displayed the Copyrighted Work No. 9 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(5).

267. Plaintiff has sustained actual damages as a result of Ms. Pecnick's acts as alleged herein, and Ms. Pecnick is liable to Plaintiff for such damages pursuant to 17 U.S.C. § 504(a)(1).

268. Ms. Pecnick has profited as a result of Ms. Pecnick's acts as alleged herein, and Ms. Pecnick is liable to Plaintiff for such profits pursuant to 17 U.S.C. § 504(a)(1).

269. Plaintiff is entitled to a permanent injunction enjoining further infringement by Ms. Pecnick pursuant to 17 U.S.C. § 502(a).

270. Plaintiff has incurred costs of suit in connection with bringing this action, and Ms. Pecnick is liable to Plaintiff for those costs of suit pursuant to 17 U.S.C. § 505.

## TENTH CAUSE OF ACTION

## DIRECT COPYRIGHT INFRINGEMENT UNDER 17 U.S.C. § 501

(against Ms. Pecnick)

271. Plaintiff incorporates, repeats, and realleges every allegation set forth above.

272. Ms. Pecnick reproduced the Copyrighted Work No. 10 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(1).

273. Ms. Pecnick distributed the Copyrighted Work No. 10 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(3).

274. Ms. Pecnick displayed the Copyrighted Work No. 10 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(5).

275. Plaintiff has sustained actual damages as a result of Ms. Pecnick's acts as alleged herein, and Ms. Pecnick is liable to Plaintiff for such damages pursuant to 17 U.S.C. § 504(a)(1).

276. Ms. Pecnick has profited as a result of Ms. Pecnick's acts as alleged herein, and Ms. Pecnick is liable to Plaintiff for such profits pursuant to 17 U.S.C. § 504(a)(1).

277. Plaintiff is entitled to a permanent injunction enjoining further infringement by Ms. Pecnick pursuant to 17 U.S.C. § 502(a).

278. Plaintiff has incurred costs of suit in connection with bringing this action, and Ms. Pecnick is liable to Plaintiff for those costs of suit pursuant to 17 U.S.C. § 505.

**ELEVENTH CAUSE OF ACTION**

**DIRECT COPYRIGHT INFRINGEMENT UNDER 17 U.S.C. § 501**

(against Ms. Pecnick)

279. Plaintiff incorporates, repeats, and realleges every allegation set forth above.

280. Ms. Pecnick reproduced the Copyrighted Work No. 11 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(1).

281. Ms. Pecnick distributed the Copyrighted Work No. 11 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(3).

282. Ms. Pecnick displayed the Copyrighted Work No. 11 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(5).

283. Plaintiff has sustained actual damages as a result of Ms. Pecnick's acts as alleged herein, and Ms. Pecnick is liable to Plaintiff for such damages pursuant to 17 U.S.C. § 504(a)(1).

284. Ms. Pecnick has profited as a result of Ms. Pecnick's acts as alleged herein, and Ms. Pecnick is liable to Plaintiff for such profits pursuant to 17 U.S.C. § 504(a)(1).

285. Plaintiff is entitled to a permanent injunction enjoining further infringement by Ms. Pecnick pursuant to 17 U.S.C. § 502(a).

286. Plaintiff has incurred costs of suit in connection with bringing this action, and Ms. Pecnick is liable to Plaintiff for those costs of suit pursuant to 17 U.S.C. § 505.

**TWELFTH CAUSE OF ACTION**

**DIRECT COPYRIGHT INFRINGEMENT UNDER 17 U.S.C. § 501**

(against Ms. Pecnick)

287. Plaintiff incorporates, repeats, and realleges every allegation set forth above.

288. Ms. Pecnick reproduced the Copyrighted Work No. 12 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(1).

289. Ms. Pecnick distributed the Copyrighted Work No. 12 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(3).

290. Ms. Pecnick displayed the Copyrighted Work No. 12 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(5).

291. Plaintiff has sustained actual damages as a result of Ms. Pecnick's acts as alleged herein, and Ms. Pecnick is liable to Plaintiff for such damages pursuant to 17 U.S.C. § 504(a)(1).

292. Ms. Pecnick has profited as a result of Ms. Pecnick's acts as alleged herein, and Ms. Pecnick is liable to Plaintiff for such profits pursuant to 17 U.S.C. § 504(a)(1).

293. Plaintiff is entitled to a permanent injunction enjoining further infringement by Ms. Pecnick pursuant to 17 U.S.C. § 502(a).

294. Plaintiff has incurred costs of suit in connection with bringing this action, and Ms. Pecnick is liable to Plaintiff for those costs of suit pursuant to 17 U.S.C. § 505.

<div align="center">

**THIRTEENTH CAUSE OF ACTION**

**DIRECT COPYRIGHT INFRINGEMENT UNDER 17 U.S.C. § 501**

(against Ms. Pecnick)

</div>

295. Plaintiff incorporates, repeats, and realleges every allegation set forth above.

296. Ms. Pecnick reproduced the Copyrighted Work No. 13 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(1).

297. Ms. Pecnick distributed the Copyrighted Work No. 13 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(3).

298. Ms. Pecnick displayed the Copyrighted Work No. 13 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(5).

299. Plaintiff has sustained actual damages as a result of Ms. Pecnick's acts as alleged herein, and Ms. Pecnick is liable to Plaintiff for such damages pursuant to 17 U.S.C. § 504(a)(1).

300. Ms. Pecnick has profited as a result of Ms. Pecnick's acts as alleged herein, and Ms. Pecnick is liable to Plaintiff for such profits pursuant to 17 U.S.C. § 504(a)(1).

301. Plaintiff is entitled to a permanent injunction enjoining further infringement by Ms. Pecnick pursuant to 17 U.S.C. § 502(a).

302. Plaintiff has incurred costs of suit in connection with bringing this action, and Ms. Pecnick is liable to Plaintiff for those costs of suit pursuant to 17 U.S.C. § 505.

**FOURTEENTH CAUSE OF ACTION**

**DIRECT COPYRIGHT INFRINGEMENT UNDER 17 U.S.C. § 501**

(against Ms. Pecnick)

303. Plaintiff incorporates, repeats, and realleges every allegation set forth above.

304. Ms. Pecnick reproduced the Copyrighted Work No. 14 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(1).

305. Ms. Pecnick distributed the Copyrighted Work No. 14 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(3).

306. Ms. Pecnick displayed the Copyrighted Work No. 14 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(5).

307. Plaintiff has sustained actual damages as a result of Ms. Pecnick's acts as alleged herein, and Ms. Pecnick is liable to Plaintiff for such damages pursuant to 17 U.S.C. § 504(a)(1).

308. Ms. Pecnick has profited as a result of Ms. Pecnick's acts as alleged herein, and Ms. Pecnick is liable to Plaintiff for such profits pursuant to 17 U.S.C. § 504(a)(1).

309. Plaintiff is entitled to a permanent injunction enjoining further infringement by Ms. Pecnick pursuant to 17 U.S.C. § 502(a).

310. Plaintiff has incurred costs of suit in connection with bringing this action, and Ms. Pecnick is liable to Plaintiff for those costs of suit pursuant to 17 U.S.C. § 505.

**FIFTEENTH CAUSE OF ACTION**

**DIRECT COPYRIGHT INFRINGEMENT UNDER 17 U.S.C. § 501**

(against Ms. Pecnick)

311. Plaintiff incorporates, repeats, and realleges every allegation set forth above.

312. Ms. Pecnick reproduced the Copyrighted Work No. 15 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(1).

313. Ms. Pecnick distributed the Copyrighted Work No. 15 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(3).

314. Ms. Pecnick displayed the Copyrighted Work No. 15 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(5).

315. Plaintiff has sustained actual damages as a result of Ms. Pecnick's acts as alleged herein, and Ms. Pecnick is liable to Plaintiff for such damages pursuant to 17 U.S.C. § 504(a)(1).

316. Ms. Pecnick has profited as a result of Ms. Pecnick's acts as alleged herein, and Ms. Pecnick is liable to Plaintiff for such profits pursuant to 17 U.S.C. § 504(a)(1).

317. Plaintiff is entitled to a permanent injunction enjoining further infringement by Ms. Pecnick pursuant to 17 U.S.C. § 502(a).

318. Plaintiff has incurred costs of suit in connection with bringing this action, and Ms. Pecnick is liable to Plaintiff for those costs of suit pursuant to 17 U.S.C. § 505.

## SIXTEENTH CAUSE OF ACTION

## DIRECT COPYRIGHT INFRINGEMENT UNDER 17 U.S.C. § 501

(against Ms. Pecnick)

319. Plaintiff incorporates, repeats, and realleges every allegation set forth above.

320. Ms. Pecnick reproduced the Copyrighted Work No. 16 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(1).

321. Ms. Pecnick distributed the Copyrighted Work No. 16 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(3).

322. Ms. Pecnick displayed the Copyrighted Work No. 16 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(5).

323. Plaintiff has sustained actual damages as a result of Ms. Pecnick's acts as alleged herein, and Ms. Pecnick is liable to Plaintiff for such damages pursuant to 17 U.S.C. § 504(a)(1).

324. Ms. Pecnick has profited as a result of Ms. Pecnick's acts as alleged herein, and Ms. Pecnick is liable to Plaintiff for such profits pursuant to 17 U.S.C. § 504(a)(1).

325. Plaintiff is entitled to a permanent injunction enjoining further infringement by Ms. Pecnick pursuant to 17 U.S.C. § 502(a).

326. Plaintiff has incurred costs of suit in connection with bringing this action, and Ms. Pecnick is liable to Plaintiff for those costs of suit pursuant to 17 U.S.C. § 505.

## SEVENTEENTH CAUSE OF ACTION

## DIRECT COPYRIGHT INFRINGEMENT UNDER 17 U.S.C. § 501

(against Ms. Pecnick)

327. Plaintiff incorporates, repeats, and realleges every allegation set forth above.

328. Ms. Pecnick reproduced the Copyrighted Work No. 17 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(1).

329. Ms. Pecnick distributed the Copyrighted Work No. 17 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(3).

330. Ms. Pecnick displayed the Copyrighted Work No. 17 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(5).

331. Plaintiff has sustained actual damages as a result of Ms. Pecnick's acts as alleged herein, and Ms. Pecnick is liable to Plaintiff for such damages pursuant to 17 U.S.C. § 504(a)(1).

332. Ms. Pecnick has profited as a result of Ms. Pecnick's acts as alleged herein, and Ms. Pecnick is liable to Plaintiff for such profits pursuant to 17 U.S.C. § 504(a)(1).

333. Plaintiff is entitled to a permanent injunction enjoining further infringement by Ms. Pecnick pursuant to 17 U.S.C. § 502(a).

334. Plaintiff has incurred costs of suit in connection with bringing this action, and Ms. Pecnick is liable to Plaintiff for those costs of suit pursuant to 17 U.S.C. § 505.

## EIGHTEENTH CAUSE OF ACTION

## DIRECT COPYRIGHT INFRINGEMENT UNDER 17 U.S.C. § 501

(against Ms. Pecnick)

335. Plaintiff incorporates, repeats, and realleges every allegation set forth above.

336. Ms. Pecnick reproduced the Copyrighted Work No. 18 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(1).

337. Ms. Pecnick distributed the Copyrighted Work No. 18 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(3).

338. Ms. Pecnick displayed the Copyrighted Work No. 18 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(5).

339. Plaintiff has sustained actual damages as a result of Ms. Pecnick's acts as alleged herein, and Ms. Pecnick is liable to Plaintiff for such damages pursuant to 17 U.S.C. § 504(a)(1).

340. Ms. Pecnick has profited as a result of Ms. Pecnick's acts as alleged herein, and Ms. Pecnick is liable to Plaintiff for such profits pursuant to 17 U.S.C. § 504(a)(1).

341. Plaintiff is entitled to a permanent injunction enjoining further infringement by Ms. Pecnick pursuant to 17 U.S.C. § 502(a).

342. Plaintiff has incurred costs of suit in connection with bringing this action, and Ms. Pecnick is liable to Plaintiff for those costs of suit pursuant to 17 U.S.C. § 505.

## NINETEENTH CAUSE OF ACTION

## DIRECT COPYRIGHT INFRINGEMENT UNDER 17 U.S.C. § 501

(against Ms. Pecnick)

343. Plaintiff incorporates, repeats, and realleges every allegation set forth above.

344. Ms. Pecnick reproduced the Copyrighted Work No. 19 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(1).

345. Ms. Pecnick distributed the Copyrighted Work No. 19 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(3).

346. Ms. Pecnick displayed the Copyrighted Work No. 19 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(5).

347. Plaintiff has sustained actual damages as a result of Ms. Pecnick's acts as alleged herein, and Ms. Pecnick is liable to Plaintiff for such damages pursuant to 17 U.S.C. § 504(a)(1).

348. Ms. Pecnick has profited as a result of Ms. Pecnick's acts as alleged herein, and Ms. Pecnick is liable to Plaintiff for such profits pursuant to 17 U.S.C. § 504(a)(1).

349. Plaintiff is entitled to a permanent injunction enjoining further infringement by Ms. Pecnick pursuant to 17 U.S.C. § 502(a).

350. Plaintiff has incurred costs of suit in connection with bringing this action, and Ms. Pecnick is liable to Plaintiff for those costs of suit pursuant to 17 U.S.C. § 505.

**TWENTIETH CAUSE OF ACTION**

**DIRECT COPYRIGHT INFRINGEMENT UNDER 17 U.S.C. § 501**

(against Ms. Pecnick)

351. Plaintiff incorporates, repeats, and realleges every allegation set forth above.

352. Ms. Pecnick reproduced the Copyrighted Work No. 20 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(1).

353. Ms. Pecnick distributed the Copyrighted Work No. 20 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(3).

354. Ms. Pecnick displayed the Copyrighted Work No. 20 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(5).

355. Plaintiff has sustained actual damages as a result of Ms. Pecnick's acts as alleged herein, and Ms. Pecnick is liable to Plaintiff for such damages pursuant to 17 U.S.C. § 504(a)(1).

356. Ms. Pecnick has profited as a result of Ms. Pecnick's acts as alleged herein, and Ms. Pecnick is liable to Plaintiff for such profits pursuant to 17 U.S.C. § 504(a)(1).

357. Plaintiff is entitled to a permanent injunction enjoining further infringement by Ms. Pecnick pursuant to 17 U.S.C. § 502(a).

358. Plaintiff has incurred costs of suit in connection with bringing this action, and Ms. Pecnick is liable to Plaintiff for those costs of suit pursuant to 17 U.S.C. § 505.

**TWENTY-FIRST CAUSE OF ACTION**

**DIRECT COPYRIGHT INFRINGEMENT UNDER 17 U.S.C. § 501**

(against Ms. Pecnick)

359. Plaintiff incorporates, repeats, and realleges every allegation set forth above.

360. Ms. Pecnick reproduced the Copyrighted Work No. 21 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(1).

361. Ms. Pecnick distributed the Copyrighted Work No. 21 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(3).

362. Ms. Pecnick displayed the Copyrighted Work No. 21 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(5).

363. Plaintiff has sustained actual damages as a result of Ms. Pecnick's acts as alleged herein, and Ms. Pecnick is liable to Plaintiff for such damages pursuant to 17 U.S.C. § 504(a)(1).

364. Ms. Pecnick has profited as a result of Ms. Pecnick's acts as alleged herein, and Ms. Pecnick is liable to Plaintiff for such profits pursuant to 17 U.S.C. § 504(a)(1).

365. Plaintiff is entitled to a permanent injunction enjoining further infringement by Ms. Pecnick pursuant to 17 U.S.C. § 502(a).

366. Plaintiff has incurred costs of suit in connection with bringing this action, and Ms. Pecnick is liable to Plaintiff for those costs of suit pursuant to 17 U.S.C. § 505.

## TWENTY-SECOND CAUSE OF ACTION

## DIRECT COPYRIGHT INFRINGEMENT UNDER 17 U.S.C. § 501

(against Ms. Pecnick)

367. Plaintiff incorporates, repeats, and realleges every allegation set forth above.

368. Ms. Pecnick reproduced the Copyrighted Work No. 22 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(1).

369. Ms. Pecnick distributed the Copyrighted Work No. 22 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(3).

370. Ms. Pecnick displayed the Copyrighted Work No. 22 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(5).

371. Plaintiff has sustained actual damages as a result of Ms. Pecnick's acts as alleged herein, and Ms. Pecnick is liable to Plaintiff for such damages pursuant to 17 U.S.C. § 504(a)(1).

372. Ms. Pecnick has profited as a result of Ms. Pecnick's acts as alleged herein, and Ms. Pecnick is liable to Plaintiff for such profits pursuant to 17 U.S.C. § 504(a)(1).

373. Plaintiff is entitled to a permanent injunction enjoining further infringement by Ms. Pecnick pursuant to 17 U.S.C. § 502(a).

374. Plaintiff has incurred costs of suit in connection with bringing this action, and Ms. Pecnick is liable to Plaintiff for those costs of suit pursuant to 17 U.S.C. § 505.

**TWENTY-THIRD CAUSE OF ACTION**

**DIRECT COPYRIGHT INFRINGEMENT UNDER 17 U.S.C. § 501**

(against Ms. Pecnick)

375. Plaintiff incorporates, repeats, and realleges every allegation set forth above.

376. Ms. Pecnick reproduced the Copyrighted Work No. 23 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(1).

377. Ms. Pecnick distributed the Copyrighted Work No. 23 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(3).

378. Ms. Pecnick displayed the Copyrighted Work No. 23 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(5).

379. Plaintiff has sustained actual damages as a result of Ms. Pecnick's acts as alleged herein, and Ms. Pecnick is liable to Plaintiff for such damages pursuant to 17 U.S.C. § 504(a)(1).

380. Ms. Pecnick has profited as a result of Ms. Pecnick's acts as alleged herein, and Ms. Pecnick is liable to Plaintiff for such profits pursuant to 17 U.S.C. § 504(a)(1).

381. Plaintiff is entitled to a permanent injunction enjoining further infringement by Ms. Pecnick pursuant to 17 U.S.C. § 502(a).

382. Plaintiff has incurred costs of suit in connection with bringing this action, and Ms. Pecnick is liable to Plaintiff for those costs of suit pursuant to 17 U.S.C. § 505.

**TWENTY-FOURTH CAUSE OF ACTION**

**DIRECT COPYRIGHT INFRINGEMENT UNDER 17 U.S.C. § 501**

(against Ms. Pecnick)

383. Plaintiff incorporates, repeats, and realleges every allegation set forth above.

384. Ms. Pecnick reproduced the Copyrighted Work No. 24 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(1).

385. Ms. Pecnick distributed the Copyrighted Work No. 24 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(3).

386. Ms. Pecnick displayed the Copyrighted Work No. 24 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(5).

387. Plaintiff has sustained actual damages as a result of Ms. Pecnick's acts as alleged herein, and Ms. Pecnick is liable to Plaintiff for such damages pursuant to 17 U.S.C. § 504(a)(1).

388. Ms. Pecnick has profited as a result of Ms. Pecnick's acts as alleged herein, and Ms. Pecnick is liable to Plaintiff for such profits pursuant to 17 U.S.C. § 504(a)(1).

389. Plaintiff is entitled to a permanent injunction enjoining further infringement by Ms. Pecnick pursuant to 17 U.S.C. § 502(a).

390. Plaintiff has incurred costs of suit in connection with bringing this action, and Ms. Pecnick is liable to Plaintiff for those costs of suit pursuant to 17 U.S.C. § 505.

## TWENTY-FIFTH CAUSE OF ACTION

## DIRECT COPYRIGHT INFRINGEMENT UNDER 17 U.S.C. § 501

(against Ms. Pecnick)

391. Plaintiff incorporates, repeats, and realleges every allegation set forth above.

392. Ms. Pecnick reproduced the Copyrighted Work No. 25 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(1).

393. Ms. Pecnick distributed the Copyrighted Work No. 25 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(3).

394. Ms. Pecnick displayed the Copyrighted Work No. 25 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(5).

395. Plaintiff has sustained actual damages as a result of Ms. Pecnick's acts as alleged herein, and Ms. Pecnick is liable to Plaintiff for such damages pursuant to 17 U.S.C. § 504(a)(1).

396. Ms. Pecnick has profited as a result of Ms. Pecnick's acts as alleged herein, and Ms. Pecnick is liable to Plaintiff for such profits pursuant to 17 U.S.C. § 504(a)(1).

397. Plaintiff is entitled to a permanent injunction enjoining further infringement by Ms. Pecnick pursuant to 17 U.S.C. § 502(a).

398. Plaintiff has incurred costs of suit in connection with bringing this action, and Ms. Pecnick is liable to Plaintiff for those costs of suit pursuant to 17 U.S.C. § 505.

**TWENTY-SIXTH CAUSE OF ACTION**

**DIRECT COPYRIGHT INFRINGEMENT UNDER 17 U.S.C. § 501**

(against Ms. Pecnick)

399. Plaintiff incorporates, repeats, and realleges every allegation set forth above.

400. Ms. Pecnick reproduced the Copyrighted Work No. 26 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(1).

401. Ms. Pecnick distributed the Copyrighted Work No. 26 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(3).

402. Ms. Pecnick displayed the Copyrighted Work No. 26 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(5).

403. Plaintiff has sustained actual damages as a result of Ms. Pecnick's acts as alleged herein, and Ms. Pecnick is liable to Plaintiff for such damages pursuant to 17 U.S.C. § 504(a)(1).

404. Ms. Pecnick has profited as a result of Ms. Pecnick's acts as alleged herein, and Ms. Pecnick is liable to Plaintiff for such profits pursuant to 17 U.S.C. § 504(a)(1).

405. Plaintiff is entitled to a permanent injunction enjoining further infringement by Ms. Pecnick pursuant to 17 U.S.C. § 502(a).

406. Plaintiff has incurred costs of suit in connection with bringing this action, and Ms. Pecnick is liable to Plaintiff for those costs of suit pursuant to 17 U.S.C. § 505.

**TWENTY-SEVENTH CAUSE OF ACTION**

**DIRECT COPYRIGHT INFRINGEMENT UNDER 17 U.S.C. § 501**

(against Ms. Pecnick)

407. Plaintiff incorporates, repeats, and realleges every allegation set forth above.

408. Ms. Pecnick reproduced the Copyrighted Work No. 27 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(1).

409. Ms. Pecnick distributed the Copyrighted Work No. 27 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(3).

410. Ms. Pecnick displayed the Copyrighted Work No. 27 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(5).

411. Plaintiff has sustained actual damages as a result of Ms. Pecnick's acts as alleged herein, and Ms. Pecnick is liable to Plaintiff for such damages pursuant to 17 U.S.C. § 504(a)(1).

412. Ms. Pecnick has profited as a result of Ms. Pecnick's acts as alleged herein, and Ms. Pecnick is liable to Plaintiff for such profits pursuant to 17 U.S.C. § 504(a)(1).

413. Plaintiff is entitled to a permanent injunction enjoining further infringement by Ms. Pecnick pursuant to 17 U.S.C. § 502(a).

414. Plaintiff has incurred costs of suit in connection with bringing this action, and Ms. Pecnick is liable to Plaintiff for those costs of suit pursuant to 17 U.S.C. § 505.

## TWENTY-EIGHTH CAUSE OF ACTION

## DIRECT COPYRIGHT INFRINGEMENT UNDER 17 U.S.C. § 501

(against Ms. Pecnick)

415. Plaintiff incorporates, repeats, and realleges every allegation set forth above.

416. Ms. Pecnick reproduced the Copyrighted Work No. 28 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(1).

417. Ms. Pecnick distributed the Copyrighted Work No. 28 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(3).

418. Ms. Pecnick displayed the Copyrighted Work No. 28 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(5).

419. Plaintiff has sustained actual damages as a result of Ms. Pecnick's acts as alleged herein, and Ms. Pecnick is liable to Plaintiff for such damages pursuant to 17 U.S.C. § 504(a)(1).

420. Ms. Pecnick has profited as a result of Ms. Pecnick's acts as alleged herein, and Ms. Pecnick is liable to Plaintiff for such profits pursuant to 17 U.S.C. § 504(a)(1).

421. Plaintiff is entitled to a permanent injunction enjoining further infringement by Ms. Pecnick pursuant to 17 U.S.C. § 502(a).

422. Plaintiff has incurred costs of suit in connection with bringing this action, and Ms. Pecnick is liable to Plaintiff for those costs of suit pursuant to 17 U.S.C. § 505.

**TWENTY-NINTH CAUSE OF ACTION**

**DIRECT COPYRIGHT INFRINGEMENT UNDER 17 U.S.C. § 501**

(against Ms. Pecnick)

423. Plaintiff incorporates, repeats, and realleges every allegation set forth above.

424. Ms. Pecnick reproduced the Copyrighted Work No. 29 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(1).

425. Ms. Pecnick distributed the Copyrighted Work No. 29 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(3).

426. Ms. Pecnick displayed the Copyrighted Work No. 29 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(5).

427. Plaintiff has sustained actual damages as a result of Ms. Pecnick's acts as alleged herein, and Ms. Pecnick is liable to Plaintiff for such damages pursuant to 17 U.S.C. § 504(a)(1).

428. Ms. Pecnick has profited as a result of Ms. Pecnick's acts as alleged herein, and Ms. Pecnick is liable to Plaintiff for such profits pursuant to 17 U.S.C. § 504(a)(1).

429. Plaintiff is entitled to a permanent injunction enjoining further infringement by Ms. Pecnick pursuant to 17 U.S.C. § 502(a).

430. Plaintiff has incurred costs of suit in connection with bringing this action, and Ms. Pecnick is liable to Plaintiff for those costs of suit pursuant to 17 U.S.C. § 505.

**THIRTIETH CAUSE OF ACTION**

**DIRECT COPYRIGHT INFRINGEMENT UNDER 17 U.S.C. § 501**

(against Ms. Pecnick)

431. Plaintiff incorporates, repeats, and realleges every allegation set forth above.

432. Ms. Pecnick reproduced the Copyrighted Work No. 30 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(1).

433. Ms. Pecnick distributed the Copyrighted Work No. 30 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(3).

434. Ms. Pecnick displayed the Copyrighted Work No. 30 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(5).

435. Plaintiff has sustained actual damages as a result of Ms. Pecnick's acts as alleged herein, and Ms. Pecnick is liable to Plaintiff for such damages pursuant to 17 U.S.C. § 504(a)(1).

436. Ms. Pecnick has profited as a result of Ms. Pecnick's acts as alleged herein, and Ms. Pecnick is liable to Plaintiff for such profits pursuant to 17 U.S.C. § 504(a)(1).

437. Plaintiff is entitled to a permanent injunction enjoining further infringement by Ms. Pecnick pursuant to 17 U.S.C. § 502(a).

438. Plaintiff has incurred costs of suit in connection with bringing this action, and Ms. Pecnick is liable to Plaintiff for those costs of suit pursuant to 17 U.S.C. § 505.

## THIRTY-FIRST CAUSE OF ACTION

## DIRECT COPYRIGHT INFRINGEMENT UNDER 17 U.S.C. § 501

(against Ms. Pecnick)

439. Plaintiff incorporates, repeats, and realleges every allegation set forth above.

440. Ms. Pecnick reproduced the Copyrighted Work No. 31 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(1).

441. Ms. Pecnick distributed the Copyrighted Work No. 31 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(3).

442. Ms. Pecnick displayed the Copyrighted Work No. 31 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(5).

443. Plaintiff has sustained actual damages as a result of Ms. Pecnick's acts as alleged herein, and Ms. Pecnick is liable to Plaintiff for such damages pursuant to 17 U.S.C. § 504(a)(1).

444. Ms. Pecnick has profited as a result of Ms. Pecnick's acts as alleged herein, and Ms. Pecnick is liable to Plaintiff for such profits pursuant to 17 U.S.C. § 504(a)(1).

445. Plaintiff is entitled to a permanent injunction enjoining further infringement by Ms. Pecnick pursuant to 17 U.S.C. § 502(a).

446. Plaintiff has incurred costs of suit in connection with bringing this action, and Ms. Pecnick is liable to Plaintiff for those costs of suit pursuant to 17 U.S.C. § 505.

**THIRTY-SECOND CAUSE OF ACTION**

**DIRECT COPYRIGHT INFRINGEMENT UNDER 17 U.S.C. § 501**

(against Ms. Pecnick)

447. Plaintiff incorporates, repeats, and realleges every allegation set forth above.

448. Ms. Pecnick reproduced the Copyrighted Work No. 32 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(1).

449. Ms. Pecnick distributed the Copyrighted Work No. 32 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(3).

450. Ms. Pecnick displayed the Copyrighted Work No. 32 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(5).

451. Plaintiff has sustained actual damages as a result of Ms. Pecnick's acts as alleged herein, and Ms. Pecnick is liable to Plaintiff for such damages pursuant to 17 U.S.C. § 504(a)(1).

452. Ms. Pecnick has profited as a result of Ms. Pecnick's acts as alleged herein, and Ms. Pecnick is liable to Plaintiff for such profits pursuant to 17 U.S.C. § 504(a)(1).

453. Plaintiff is entitled to a permanent injunction enjoining further infringement by Ms. Pecnick pursuant to 17 U.S.C. § 502(a).

454. Plaintiff has incurred costs of suit in connection with bringing this action, and Ms. Pecnick is liable to Plaintiff for those costs of suit pursuant to 17 U.S.C. § 505.

**THIRTY-THIRD CAUSE OF ACTION**

**DIRECT COPYRIGHT INFRINGEMENT UNDER 17 U.S.C. § 501**

(against Ms. Pecnick)

455. Plaintiff incorporates, repeats, and realleges every allegation set forth above.

456. Ms. Pecnick reproduced the Copyrighted Work No. 33 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(1).

457. Ms. Pecnick distributed the Copyrighted Work No. 33 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(3).

458. Ms. Pecnick displayed the Copyrighted Work No. 33 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(5).

459. Plaintiff has sustained actual damages as a result of Ms. Pecnick's acts as alleged herein, and Ms. Pecnick is liable to Plaintiff for such damages pursuant to 17 U.S.C. § 504(a)(1).

460. Ms. Pecnick has profited as a result of Ms. Pecnick's acts as alleged herein, and Ms. Pecnick is liable to Plaintiff for such profits pursuant to 17 U.S.C. § 504(a)(1).

461. Plaintiff is entitled to a permanent injunction enjoining further infringement by Ms. Pecnick pursuant to 17 U.S.C. § 502(a).

462. Plaintiff has incurred costs of suit in connection with bringing this action, and Ms. Pecnick is liable to Plaintiff for those costs of suit pursuant to 17 U.S.C. § 505.

## THIRTY-FOURTH CAUSE OF ACTION

## DIRECT COPYRIGHT INFRINGEMENT UNDER 17 U.S.C. § 501

(against Ms. Pecnick)

463. Plaintiff incorporates, repeats, and realleges every allegation set forth above.

464. Ms. Pecnick reproduced the Copyrighted Work No. 34 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(1).

465. Ms. Pecnick distributed the Copyrighted Work No. 34 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(3).

466. Ms. Pecnick displayed the Copyrighted Work No. 34 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(5).

467. Plaintiff has sustained actual damages as a result of Ms. Pecnick's acts as alleged herein, and Ms. Pecnick is liable to Plaintiff for such damages pursuant to 17 U.S.C. § 504(a)(1).

468. Ms. Pecnick has profited as a result of Ms. Pecnick's acts as alleged herein, and Ms. Pecnick is liable to Plaintiff for such profits pursuant to 17 U.S.C. § 504(a)(1).

469. Plaintiff is entitled to a permanent injunction enjoining further infringement by Ms. Pecnick pursuant to 17 U.S.C. § 502(a).

470. Plaintiff has incurred costs of suit in connection with bringing this action, and Ms. Pecnick is liable to Plaintiff for those costs of suit pursuant to 17 U.S.C. § 505.

1

**THIRTY-FIFTH CAUSE OF ACTION**

2

**DIRECT COPYRIGHT INFRINGEMENT UNDER 17 U.S.C. § 501**

3

(against Ms. Pecnick)

4       471. Plaintiff incorporates, repeats, and realleges every allegation set forth above.

5       472. Ms. Pecnick reproduced the Copyrighted Work No. 35 without authorization in

6  derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(1).

7       473. Ms. Pecnick distributed the Copyrighted Work No. 35 without authorization in

8  derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(3).

9       474. Ms. Pecnick displayed the Copyrighted Work No. 35 without authorization in

10  derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(5).

11       475. Plaintiff has sustained actual damages as a result of Ms. Pecnick's acts as alleged

12  herein, and Ms. Pecnick is liable to Plaintiff for such damages pursuant to 17 U.S.C. § 504(a)(1).

13       476. Ms. Pecnick has profited as a result of Ms. Pecnick's acts as alleged herein, and Ms.

14  Pecnick is liable to Plaintiff for such profits pursuant to 17 U.S.C. § 504(a)(1).

15       477. Plaintiff is entitled to a permanent injunction enjoining further infringement by Ms.

16  Pecnick pursuant to 17 U.S.C. § 502(a).

17       478. Plaintiff has incurred costs of suit in connection with bringing this action, and Ms.

18  Pecnick is liable to Plaintiff for those costs of suit pursuant to 17 U.S.C. § 505.

19

**THIRTY-SIXTH CAUSE OF ACTION**

20

**DIRECT COPYRIGHT INFRINGEMENT UNDER 17 U.S.C. § 501**

21

(against Ms. Pecnick)

22       479. Plaintiff incorporates, repeats, and realleges every allegation set forth above.

23       480. Ms. Pecnick reproduced the Copyrighted Work No. 36 without authorization in

24  derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(1).

25       481. Ms. Pecnick distributed the Copyrighted Work No. 36 without authorization in

26  derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(3).

27       482. Ms. Pecnick displayed the Copyrighted Work No. 36 without authorization in

28  derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(5).

483. Plaintiff has sustained actual damages as a result of Ms. Pecnick's acts as alleged herein, and Ms. Pecnick is liable to Plaintiff for such damages pursuant to 17 U.S.C. § 504(a)(1).

484. Ms. Pecnick has profited as a result of Ms. Pecnick's acts as alleged herein, and Ms. Pecnick is liable to Plaintiff for such profits pursuant to 17 U.S.C. § 504(a)(1).

485. Plaintiff is entitled to a permanent injunction enjoining further infringement by Ms. Pecnick pursuant to 17 U.S.C. § 502(a).

486. Plaintiff has incurred costs of suit in connection with bringing this action, and Ms. Pecnick is liable to Plaintiff for those costs of suit pursuant to 17 U.S.C. § 505.

## THIRTY-SEVENTH CAUSE OF ACTION

## DIRECT COPYRIGHT INFRINGEMENT UNDER 17 U.S.C. § 501

(against Ms. Pecnick)

487. Plaintiff incorporates, repeats, and realleges every allegation set forth above.

488. Ms. Pecnick reproduced the Copyrighted Work No. 37 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(1).

489. Ms. Pecnick distributed the Copyrighted Work No. 37 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(3).

490. Ms. Pecnick displayed the Copyrighted Work No. 37 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(5).

491. Plaintiff has sustained actual damages as a result of Ms. Pecnick's acts as alleged herein, and Ms. Pecnick is liable to Plaintiff for such damages pursuant to 17 U.S.C. § 504(a)(1).

492. Ms. Pecnick has profited as a result of Ms. Pecnick's acts as alleged herein, and Ms. Pecnick is liable to Plaintiff for such profits pursuant to 17 U.S.C. § 504(a)(1).

493. Plaintiff is entitled to a permanent injunction enjoining further infringement by Ms. Pecnick pursuant to 17 U.S.C. § 502(a).

494. Plaintiff has incurred costs of suit in connection with bringing this action, and Ms. Pecnick is liable to Plaintiff for those costs of suit pursuant to 17 U.S.C. § 505.

**THIRTY-EIGHTH CAUSE OF ACTION**

**DIRECT COPYRIGHT INFRINGEMENT UNDER 17 U.S.C. § 501**

(against Ms. Pecnick)

495. Plaintiff incorporates, repeats, and realleges every allegation set forth above.

496. Ms. Pecnick reproduced the Copyrighted Work No. 38 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(1).

497. Ms. Pecnick distributed the Copyrighted Work No. 38 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(3).

498. Ms. Pecnick displayed the Copyrighted Work No. 38 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(5).

499. Plaintiff has sustained actual damages as a result of Ms. Pecnick's acts as alleged herein, and Ms. Pecnick is liable to Plaintiff for such damages pursuant to 17 U.S.C. § 504(a)(1).

500. Ms. Pecnick has profited as a result of Ms. Pecnick's acts as alleged herein, and Ms. Pecnick is liable to Plaintiff for such profits pursuant to 17 U.S.C. § 504(a)(1).

501. Plaintiff is entitled to a permanent injunction enjoining further infringement by Ms. Pecnick pursuant to 17 U.S.C. § 502(a).

502. Plaintiff has incurred costs of suit in connection with bringing this action, and Ms. Pecnick is liable to Plaintiff for those costs of suit pursuant to 17 U.S.C. § 505.

**THIRTY-NINTH CAUSE OF ACTION**

**DIRECT COPYRIGHT INFRINGEMENT UNDER 17 U.S.C. § 501**

(against Ms. Pecnick)

503. Plaintiff incorporates, repeats, and realleges every allegation set forth above.

504. Ms. Pecnick reproduced the Copyrighted Work No. 39 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(1).

505. Ms. Pecnick distributed the Copyrighted Work No. 39 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(3).

506. Ms. Pecnick displayed the Copyrighted Work No. 39 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(5).

507. Plaintiff has sustained actual damages as a result of Ms. Pecnick's acts as alleged herein, and Ms. Pecnick is liable to Plaintiff for such damages pursuant to 17 U.S.C. § 504(a)(1).

508. Ms. Pecnick has profited as a result of Ms. Pecnick's acts as alleged herein, and Ms. Pecnick is liable to Plaintiff for such profits pursuant to 17 U.S.C. § 504(a)(1).

509. Plaintiff is entitled to a permanent injunction enjoining further infringement by Ms. Pecnick pursuant to 17 U.S.C. § 502(a).

510. Plaintiff has incurred costs of suit in connection with bringing this action, and Ms. Pecnick is liable to Plaintiff for those costs of suit pursuant to 17 U.S.C. § 505.

## FORTIETH CAUSE OF ACTION

## DIRECT COPYRIGHT INFRINGEMENT UNDER 17 U.S.C. § 501

(against Ms. Pecnick)

511. Plaintiff incorporates, repeats, and realleges every allegation set forth above.

512. Ms. Pecnick reproduced the Copyrighted Work No. 40 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(1).

513. Ms. Pecnick distributed the Copyrighted Work No. 40 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(3).

514. Ms. Pecnick displayed the Copyrighted Work No. 40 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(5).

515. Plaintiff has sustained actual damages as a result of Ms. Pecnick's acts as alleged herein, and Ms. Pecnick is liable to Plaintiff for such damages pursuant to 17 U.S.C. § 504(a)(1).

516. Ms. Pecnick has profited as a result of Ms. Pecnick's acts as alleged herein, and Ms. Pecnick is liable to Plaintiff for such profits pursuant to 17 U.S.C. § 504(a)(1).

517. Plaintiff is entitled to a permanent injunction enjoining further infringement by Ms. Pecnick pursuant to 17 U.S.C. § 502(a).

518. Plaintiff has incurred costs of suit in connection with bringing this action, and Ms. Pecnick is liable to Plaintiff for those costs of suit pursuant to 17 U.S.C. § 505.

**FORTY-FIRST CAUSE OF ACTION**

**DIRECT COPYRIGHT INFRINGEMENT UNDER 17 U.S.C. § 501**

(against Ms. Pecnick)

519. Plaintiff incorporates, repeats, and realleges every allegation set forth above.

520. Ms. Pecnick reproduced the Copyrighted Work No. 41 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(1).

521. Ms. Pecnick distributed the Copyrighted Work No. 41 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(3).

522. Ms. Pecnick displayed the Copyrighted Work No. 41 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(5).

523. Plaintiff has sustained actual damages as a result of Ms. Pecnick's acts as alleged herein, and Ms. Pecnick is liable to Plaintiff for such damages pursuant to 17 U.S.C. § 504(a)(1).

524. Ms. Pecnick has profited as a result of Ms. Pecnick's acts as alleged herein, and Ms. Pecnick is liable to Plaintiff for such profits pursuant to 17 U.S.C. § 504(a)(1).

525. Plaintiff is entitled to a permanent injunction enjoining further infringement by Ms. Pecnick pursuant to 17 U.S.C. § 502(a).

526. Plaintiff has incurred costs of suit in connection with bringing this action, and Ms. Pecnick is liable to Plaintiff for those costs of suit pursuant to 17 U.S.C. § 505.

**FORTY-SECOND CAUSE OF ACTION**

**DIRECT COPYRIGHT INFRINGEMENT UNDER 17 U.S.C. § 501**

(against Ms. Pecnick)

527. Plaintiff incorporates, repeats, and realleges every allegation set forth above.

528. Ms. Pecnick reproduced the Copyrighted Work No. 42 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(1).

529. Ms. Pecnick distributed the Copyrighted Work No. 42 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(3).

530. Ms. Pecnick displayed the Copyrighted Work No. 42 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(5).

531. Plaintiff has sustained actual damages as a result of Ms. Pecnick's acts as alleged herein, and Ms. Pecnick is liable to Plaintiff for such damages pursuant to 17 U.S.C. § 504(a)(1).

532. Ms. Pecnick has profited as a result of Ms. Pecnick's acts as alleged herein, and Ms. Pecnick is liable to Plaintiff for such profits pursuant to 17 U.S.C. § 504(a)(1).

533. Plaintiff is entitled to a permanent injunction enjoining further infringement by Ms. Pecnick pursuant to 17 U.S.C. § 502(a).

534. Plaintiff has incurred costs of suit in connection with bringing this action, and Ms. Pecnick is liable to Plaintiff for those costs of suit pursuant to 17 U.S.C. § 505.

## FORTY-THIRD CAUSE OF ACTION

## DIRECT COPYRIGHT INFRINGEMENT UNDER 17 U.S.C. § 501

(against Ms. Pecnick)

535. Plaintiff incorporates, repeats, and realleges every allegation set forth above.

536. Ms. Pecnick reproduced the Copyrighted Work No. 43 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(1).

537. Ms. Pecnick distributed the Copyrighted Work No. 43 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(3).

538. Ms. Pecnick displayed the Copyrighted Work No. 43 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(5).

539. Plaintiff has sustained actual damages as a result of Ms. Pecnick's acts as alleged herein, and Ms. Pecnick is liable to Plaintiff for such damages pursuant to 17 U.S.C. § 504(a)(1).

540. Ms. Pecnick has profited as a result of Ms. Pecnick's acts as alleged herein, and Ms. Pecnick is liable to Plaintiff for such profits pursuant to 17 U.S.C. § 504(a)(1).

541. Plaintiff is entitled to a permanent injunction enjoining further infringement by Ms. Pecnick pursuant to 17 U.S.C. § 502(a).

542. Plaintiff has incurred costs of suit in connection with bringing this action, and Ms. Pecnick is liable to Plaintiff for those costs of suit pursuant to 17 U.S.C. § 505.

## FORTY-FOURTH CAUSE OF ACTION

## DIRECT COPYRIGHT INFRINGEMENT UNDER 17 U.S.C. § 501

(against Ms. Pecnick)

543. Plaintiff incorporates, repeats, and realleges every allegation set forth above.

544. Ms. Pecnick reproduced the Copyrighted Work No. 44 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(1).

545. Ms. Pecnick distributed the Copyrighted Work No. 44 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(3).

546. Ms. Pecnick displayed the Copyrighted Work No. 44 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(5).

547. Plaintiff has sustained actual damages as a result of Ms. Pecnick's acts as alleged herein, and Ms. Pecnick is liable to Plaintiff for such damages pursuant to 17 U.S.C. § 504(a)(1).

548. Ms. Pecnick has profited as a result of Ms. Pecnick's acts as alleged herein, and Ms. Pecnick is liable to Plaintiff for such profits pursuant to 17 U.S.C. § 504(a)(1).

549. Plaintiff is entitled to a permanent injunction enjoining further infringement by Ms. Pecnick pursuant to 17 U.S.C. § 502(a).

550. Plaintiff has incurred costs of suit in connection with bringing this action, and Ms. Pecnick is liable to Plaintiff for those costs of suit pursuant to 17 U.S.C. § 505.

## FORTY-FIFTH CAUSE OF ACTION

## DIRECT COPYRIGHT INFRINGEMENT UNDER 17 U.S.C. § 501

(against Ms. Pecnick)

551. Plaintiff incorporates, repeats, and realleges every allegation set forth above.

552. Ms. Pecnick reproduced the Copyrighted Work No. 45 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(1).

553. Ms. Pecnick distributed the Copyrighted Work No. 45 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(3).

554. Ms. Pecnick displayed the Copyrighted Work No. 45 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(5).

555. Plaintiff has sustained actual damages as a result of Ms. Pecnick's acts as alleged herein, and Ms. Pecnick is liable to Plaintiff for such damages pursuant to 17 U.S.C. § 504(a)(1).

556. Ms. Pecnick has profited as a result of Ms. Pecnick's acts as alleged herein, and Ms. Pecnick is liable to Plaintiff for such profits pursuant to 17 U.S.C. § 504(a)(1).

557. Plaintiff is entitled to a permanent injunction enjoining further infringement by Ms. Pecnick pursuant to 17 U.S.C. § 502(a).

558. Plaintiff has incurred costs of suit in connection with bringing this action, and Ms. Pecnick is liable to Plaintiff for those costs of suit pursuant to 17 U.S.C. § 505.

## FORTY-SIXTH CAUSE OF ACTION

## DIRECT COPYRIGHT INFRINGEMENT UNDER 17 U.S.C. § 501

(against Ms. Pecnick)

559. Plaintiff incorporates, repeats, and realleges every allegation set forth above.

560. Ms. Pecnick reproduced the Copyrighted Work No. 46 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(1).

561. Ms. Pecnick distributed the Copyrighted Work No. 46 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(3).

562. Ms. Pecnick displayed the Copyrighted Work No. 46 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(5).

563. Plaintiff has sustained actual damages as a result of Ms. Pecnick's acts as alleged herein, and Ms. Pecnick is liable to Plaintiff for such damages pursuant to 17 U.S.C. § 504(a)(1).

564. Ms. Pecnick has profited as a result of Ms. Pecnick's acts as alleged herein, and Ms. Pecnick is liable to Plaintiff for such profits pursuant to 17 U.S.C. § 504(a)(1).

565. Plaintiff is entitled to a permanent injunction enjoining further infringement by Ms. Pecnick pursuant to 17 U.S.C. § 502(a).

566. Plaintiff has incurred costs of suit in connection with bringing this action, and Ms. Pecnick is liable to Plaintiff for those costs of suit pursuant to 17 U.S.C. § 505.

## FORTY-SEVENTH CAUSE OF ACTION

## DIRECT COPYRIGHT INFRINGEMENT UNDER 17 U.S.C. § 501

(against Ms. Pecnick)

567. Plaintiff incorporates, repeats, and realleges every allegation set forth above.

568. Ms. Pecnick reproduced the Copyrighted Work No. 47 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(1).

569. Ms. Pecnick distributed the Copyrighted Work No. 47 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(3).

570. Ms. Pecnick displayed the Copyrighted Work No. 47 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(5).

571. Plaintiff has sustained actual damages as a result of Ms. Pecnick's acts as alleged herein, and Ms. Pecnick is liable to Plaintiff for such damages pursuant to 17 U.S.C. § 504(a)(1).

572. Ms. Pecnick has profited as a result of Ms. Pecnick's acts as alleged herein, and Ms. Pecnick is liable to Plaintiff for such profits pursuant to 17 U.S.C. § 504(a)(1).

573. Plaintiff is entitled to a permanent injunction enjoining further infringement by Ms. Pecnick pursuant to 17 U.S.C. § 502(a).

574. Plaintiff has incurred costs of suit in connection with bringing this action, and Ms. Pecnick is liable to Plaintiff for those costs of suit pursuant to 17 U.S.C. § 505.

## FORTY-EIGHTH CAUSE OF ACTION

## DIRECT COPYRIGHT INFRINGEMENT UNDER 17 U.S.C. § 501

(against Ms. Pecnick)

575. Plaintiff incorporates, repeats, and realleges every allegation set forth above.

576. Ms. Pecnick reproduced the Copyrighted Work No. 48 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(1).

577. Ms. Pecnick distributed the Copyrighted Work No. 48 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(3).

578. Ms. Pecnick displayed the Copyrighted Work No. 48 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(5).

579. Plaintiff has sustained actual damages as a result of Ms. Pecnick's acts as alleged herein, and Ms. Pecnick is liable to Plaintiff for such damages pursuant to 17 U.S.C. § 504(a)(1).

580. Ms. Pecnick has profited as a result of Ms. Pecnick's acts as alleged herein, and Ms. Pecnick is liable to Plaintiff for such profits pursuant to 17 U.S.C. § 504(a)(1).

581. Plaintiff is entitled to a permanent injunction enjoining further infringement by Ms. Pecnick pursuant to 17 U.S.C. § 502(a).

582. Plaintiff has incurred costs of suit in connection with bringing this action, and Ms. Pecnick is liable to Plaintiff for those costs of suit pursuant to 17 U.S.C. § 505.

### FORTY-NINTH CAUSE OF ACTION

### DIRECT COPYRIGHT INFRINGEMENT UNDER 17 U.S.C. § 501

(against Ms. Pecnick)

583. Plaintiff incorporates, repeats, and realleges every allegation set forth above.

584. Ms. Pecnick reproduced the Copyrighted Work No. 49 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(1).

585. Ms. Pecnick distributed the Copyrighted Work No. 49 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(3).

586. Ms. Pecnick displayed the Copyrighted Work No. 49 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(5).

587. Plaintiff has sustained actual damages as a result of Ms. Pecnick's acts as alleged herein, and Ms. Pecnick is liable to Plaintiff for such damages pursuant to 17 U.S.C. § 504(a)(1).

588. Ms. Pecnick has profited as a result of Ms. Pecnick's acts as alleged herein, and Ms. Pecnick is liable to Plaintiff for such profits pursuant to 17 U.S.C. § 504(a)(1).

589. Plaintiff is entitled to a permanent injunction enjoining further infringement by Ms. Pecnick pursuant to 17 U.S.C. § 502(a).

590. Plaintiff has incurred costs of suit in connection with bringing this action, and Ms. Pecnick is liable to Plaintiff for those costs of suit pursuant to 17 U.S.C. § 505.

1

**FIFTIETH CAUSE OF ACTION**

2

**DIRECT COPYRIGHT INFRINGEMENT UNDER 17 U.S.C. § 501**

3

(against Ms. Pecnick)

4

591. Plaintiff incorporates, repeats, and realleges every allegation set forth above.

5

592. Ms. Pecnick reproduced the Copyrighted Work No. 50 without authorization in

6

derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(1).

7

593. Ms. Pecnick distributed the Copyrighted Work No. 50 without authorization in

8

derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(3).

9

594. Ms. Pecnick displayed the Copyrighted Work No. 50 without authorization in

10

derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(5).

11

595. Plaintiff has sustained actual damages as a result of Ms. Pecnick's acts as alleged

12

herein, and Ms. Pecnick is liable to Plaintiff for such damages pursuant to 17 U.S.C. § 504(a)(1).

13

596. Ms. Pecnick has profited as a result of Ms. Pecnick's acts as alleged herein, and Ms.

14

Pecnick is liable to Plaintiff for such profits pursuant to 17 U.S.C. § 504(a)(1).

15

597. Plaintiff is entitled to a permanent injunction enjoining further infringement by Ms.

16

Pecnick pursuant to 17 U.S.C. § 502(a).

17

598. Plaintiff has incurred costs of suit in connection with bringing this action, and Ms.

18

Pecnick is liable to Plaintiff for those costs of suit pursuant to 17 U.S.C. § 505.

19

**FIFTY-FIRST CAUSE OF ACTION**

20

**DIRECT COPYRIGHT INFRINGEMENT UNDER 17 U.S.C. § 501**

21

(against Ms. Pecnick)

22

599. Plaintiff incorporates, repeats, and realleges every allegation set forth above.

23

600. Ms. Pecnick reproduced the Copyrighted Work No. 51 without authorization in

24

derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(1).

25

601. Ms. Pecnick distributed the Copyrighted Work No. 51 without authorization in

26

derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(3).

27

602. Ms. Pecnick displayed the Copyrighted Work No. 51 without authorization in

28

derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(5).

603. Plaintiff has sustained actual damages as a result of Ms. Pecnick's acts as alleged herein, and Ms. Pecnick is liable to Plaintiff for such damages pursuant to 17 U.S.C. § 504(a)(1).

604. Ms. Pecnick has profited as a result of Ms. Pecnick's acts as alleged herein, and Ms. Pecnick is liable to Plaintiff for such profits pursuant to 17 U.S.C. § 504(a)(1).

605. Plaintiff is entitled to a permanent injunction enjoining further infringement by Ms. Pecnick pursuant to 17 U.S.C. § 502(a).

606. Plaintiff has incurred costs of suit in connection with bringing this action, and Ms. Pecnick is liable to Plaintiff for those costs of suit pursuant to 17 U.S.C. § 505.

## FIFTY-SECOND CAUSE OF ACTION

## DIRECT COPYRIGHT INFRINGEMENT UNDER 17 U.S.C. § 501

(against Ms. Pecnick)

607. Plaintiff incorporates, repeats, and realleges every allegation set forth above.

608. Ms. Pecnick reproduced the Copyrighted Work No. 52 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(1).

609. Ms. Pecnick distributed the Copyrighted Work No. 52 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(3).

610. Ms. Pecnick displayed the Copyrighted Work No. 52 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(5).

611. Plaintiff has sustained actual damages as a result of Ms. Pecnick's acts as alleged herein, and Ms. Pecnick is liable to Plaintiff for such damages pursuant to 17 U.S.C. § 504(a)(1).

612. Ms. Pecnick has profited as a result of Ms. Pecnick's acts as alleged herein, and Ms. Pecnick is liable to Plaintiff for such profits pursuant to 17 U.S.C. § 504(a)(1).

613. Plaintiff is entitled to a permanent injunction enjoining further infringement by Ms. Pecnick pursuant to 17 U.S.C. § 502(a).

614. Plaintiff has incurred costs of suit in connection with bringing this action, and Ms. Pecnick is liable to Plaintiff for those costs of suit pursuant to 17 U.S.C. § 505.

**FIFTY-THIRD CAUSE OF ACTION**

**DIRECT COPYRIGHT INFRINGEMENT UNDER 17 U.S.C. § 501**

(against Ms. Pecnick)

615. Plaintiff incorporates, repeats, and realleges every allegation set forth above.

616. Ms. Pecnick reproduced the Copyrighted Work No. 53 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(1).

617. Ms. Pecnick distributed the Copyrighted Work No. 53 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(3).

618. Ms. Pecnick displayed the Copyrighted Work No. 53 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(5).

619. Plaintiff has sustained actual damages as a result of Ms. Pecnick's acts as alleged herein, and Ms. Pecnick is liable to Plaintiff for such damages pursuant to 17 U.S.C. § 504(a)(1).

620. Ms. Pecnick has profited as a result of Ms. Pecnick's acts as alleged herein, and Ms. Pecnick is liable to Plaintiff for such profits pursuant to 17 U.S.C. § 504(a)(1).

621. Plaintiff is entitled to a permanent injunction enjoining further infringement by Ms. Pecnick pursuant to 17 U.S.C. § 502(a).

622. Plaintiff has incurred costs of suit in connection with bringing this action, and Ms. Pecnick is liable to Plaintiff for those costs of suit pursuant to 17 U.S.C. § 505.

**FIFTY-FOURTH CAUSE OF ACTION**

**DIRECT COPYRIGHT INFRINGEMENT UNDER 17 U.S.C. § 501**

(against Ms. Pecnick)

623. Plaintiff incorporates, repeats, and realleges every allegation set forth above.

624. Ms. Pecnick reproduced the Copyrighted Work No. 54 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(1).

625. Ms. Pecnick distributed the Copyrighted Work No. 54 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(3).

626. Ms. Pecnick displayed the Copyrighted Work No. 54 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(5).

627. Plaintiff has sustained actual damages as a result of Ms. Pecnick's acts as alleged herein, and Ms. Pecnick is liable to Plaintiff for such damages pursuant to 17 U.S.C. § 504(a)(1).

628. Ms. Pecnick has profited as a result of Ms. Pecnick's acts as alleged herein, and Ms. Pecnick is liable to Plaintiff for such profits pursuant to 17 U.S.C. § 504(a)(1).

629. Plaintiff is entitled to a permanent injunction enjoining further infringement by Ms. Pecnick pursuant to 17 U.S.C. § 502(a).

630. Plaintiff has incurred costs of suit in connection with bringing this action, and Ms. Pecnick is liable to Plaintiff for those costs of suit pursuant to 17 U.S.C. § 505.

## FIFTY-FIFTH CAUSE OF ACTION

## DIRECT COPYRIGHT INFRINGEMENT UNDER 17 U.S.C. § 501

(against Ms. Pecnick)

631. Plaintiff incorporates, repeats, and realleges every allegation set forth above.

632. Ms. Pecnick reproduced the Copyrighted Work No. 55 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(1).

633. Ms. Pecnick distributed the Copyrighted Work No. 55 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(3).

634. Ms. Pecnick displayed the Copyrighted Work No. 55 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(5).

635. Plaintiff has sustained actual damages as a result of Ms. Pecnick's acts as alleged herein, and Ms. Pecnick is liable to Plaintiff for such damages pursuant to 17 U.S.C. § 504(a)(1).

636. Ms. Pecnick has profited as a result of Ms. Pecnick's acts as alleged herein, and Ms. Pecnick is liable to Plaintiff for such profits pursuant to 17 U.S.C. § 504(a)(1).

637. Plaintiff is entitled to a permanent injunction enjoining further infringement by Ms. Pecnick pursuant to 17 U.S.C. § 502(a).

638. Plaintiff has incurred costs of suit in connection with bringing this action, and Ms. Pecnick is liable to Plaintiff for those costs of suit pursuant to 17 U.S.C. § 505.

## FIFTY-SIXTH CAUSE OF ACTION

## DIRECT COPYRIGHT INFRINGEMENT UNDER 17 U.S.C. § 501

(against Ms. Pecnick)

639. Plaintiff incorporates, repeats, and realleges every allegation set forth above.

640. Ms. Pecnick reproduced the Copyrighted Work No. 56 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(1).

641. Ms. Pecnick distributed the Copyrighted Work No. 56 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(3).

642. Ms. Pecnick displayed the Copyrighted Work No. 56 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(5).

643. Plaintiff has sustained actual damages as a result of Ms. Pecnick's acts as alleged herein, and Ms. Pecnick is liable to Plaintiff for such damages pursuant to 17 U.S.C. § 504(a)(1).

644. Ms. Pecnick has profited as a result of Ms. Pecnick's acts as alleged herein, and Ms. Pecnick is liable to Plaintiff for such profits pursuant to 17 U.S.C. § 504(a)(1).

645. Plaintiff is entitled to a permanent injunction enjoining further infringement by Ms. Pecnick pursuant to 17 U.S.C. § 502(a).

646. Plaintiff has incurred costs of suit in connection with bringing this action, and Ms. Pecnick is liable to Plaintiff for those costs of suit pursuant to 17 U.S.C. § 505.

## FIFTY-SEVENTH CAUSE OF ACTION

## DIRECT COPYRIGHT INFRINGEMENT UNDER 17 U.S.C. § 501

(against Ms. Pecnick)

647. Plaintiff incorporates, repeats, and realleges every allegation set forth above.

648. Ms. Pecnick reproduced the Copyrighted Work No. 57 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(1).

649. Ms. Pecnick distributed the Copyrighted Work No. 57 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(3).

650. Ms. Pecnick displayed the Copyrighted Work No. 57 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(5).

651. Plaintiff has sustained actual damages as a result of Ms. Pecnick's acts as alleged herein, and Ms. Pecnick is liable to Plaintiff for such damages pursuant to 17 U.S.C. § 504(a)(1).

652. Ms. Pecnick has profited as a result of Ms. Pecnick's acts as alleged herein, and Ms. Pecnick is liable to Plaintiff for such profits pursuant to 17 U.S.C. § 504(a)(1).

653. Plaintiff is entitled to a permanent injunction enjoining further infringement by Ms. Pecnick pursuant to 17 U.S.C. § 502(a).

654. Plaintiff has incurred costs of suit in connection with bringing this action, and Ms. Pecnick is liable to Plaintiff for those costs of suit pursuant to 17 U.S.C. § 505.

## FIFTY-EIGHTH CAUSE OF ACTION

## DIRECT COPYRIGHT INFRINGEMENT UNDER 17 U.S.C. § 501

(against Ms. Pecnick)

655. Plaintiff incorporates, repeats, and realleges every allegation set forth above.

656. Ms. Pecnick reproduced the Copyrighted Work No. 58 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(1).

657. Ms. Pecnick distributed the Copyrighted Work No. 58 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(3).

658. Ms. Pecnick displayed the Copyrighted Work No. 58 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(5).

659. Plaintiff has sustained actual damages as a result of Ms. Pecnick's acts as alleged herein, and Ms. Pecnick is liable to Plaintiff for such damages pursuant to 17 U.S.C. § 504(a)(1).

660. Ms. Pecnick has profited as a result of Ms. Pecnick's acts as alleged herein, and Ms. Pecnick is liable to Plaintiff for such profits pursuant to 17 U.S.C. § 504(a)(1).

661. Plaintiff is entitled to a permanent injunction enjoining further infringement by Ms. Pecnick pursuant to 17 U.S.C. § 502(a).

662. Plaintiff has incurred costs of suit in connection with bringing this action, and Ms. Pecnick is liable to Plaintiff for those costs of suit pursuant to 17 U.S.C. § 505.

1

## FIFTY-NINTH CAUSE OF ACTION

2

## DIRECT COPYRIGHT INFRINGEMENT UNDER 17 U.S.C. § 501

3

(against Ms. Pecnick)

4

663. Plaintiff incorporates, repeats, and realleges every allegation set forth above.

5

664. Ms. Pecnick reproduced the Copyrighted Work No. 59 without authorization in

6

derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(1).

7

665. Ms. Pecnick distributed the Copyrighted Work No. 59 without authorization in

8

derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(3).

9

666. Ms. Pecnick displayed the Copyrighted Work No. 59 without authorization in

10

derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(5).

11

667. Plaintiff has sustained actual damages as a result of Ms. Pecnick's acts as alleged

12

herein, and Ms. Pecnick is liable to Plaintiff for such damages pursuant to 17 U.S.C. § 504(a)(1).

13

668. Ms. Pecnick has profited as a result of Ms. Pecnick's acts as alleged herein, and Ms.

14

Pecnick is liable to Plaintiff for such profits pursuant to 17 U.S.C. § 504(a)(1).

15

669. Plaintiff is entitled to a permanent injunction enjoining further infringement by Ms.

16

Pecnick pursuant to 17 U.S.C. § 502(a).

17

670. Plaintiff has incurred costs of suit in connection with bringing this action, and Ms.

18

Pecnick is liable to Plaintiff for those costs of suit pursuant to 17 U.S.C. § 505.

19

## SIXTIETH CAUSE OF ACTION

20

## DIRECT COPYRIGHT INFRINGEMENT UNDER 17 U.S.C. § 501

21

(against Ms. Pecnick)

22

671. Plaintiff incorporates, repeats, and realleges every allegation set forth above.

23

672. Ms. Pecnick reproduced the Copyrighted Work No. 60 without authorization in

24

derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(1).

25

673. Ms. Pecnick distributed the Copyrighted Work No. 60 without authorization in

26

derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(3).

27

674. Ms. Pecnick displayed the Copyrighted Work No. 60 without authorization in

28

derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(5).

675. Plaintiff has sustained actual damages as a result of Ms. Pecnick's acts as alleged herein, and Ms. Pecnick is liable to Plaintiff for such damages pursuant to 17 U.S.C. § 504(a)(1).

676. Ms. Pecnick has profited as a result of Ms. Pecnick's acts as alleged herein, and Ms. Pecnick is liable to Plaintiff for such profits pursuant to 17 U.S.C. § 504(a)(1).

677. Plaintiff is entitled to a permanent injunction enjoining further infringement by Ms. Pecnick pursuant to 17 U.S.C. § 502(a).

678. Plaintiff has incurred costs of suit in connection with bringing this action, and Ms. Pecnick is liable to Plaintiff for those costs of suit pursuant to 17 U.S.C. § 505.

## SIXTY-FIRST CAUSE OF ACTION

## DIRECT COPYRIGHT INFRINGEMENT UNDER 17 U.S.C. § 501

(against Ms. Pecnick)

679. Plaintiff incorporates, repeats, and realleges every allegation set forth above.

680. Ms. Pecnick reproduced the Copyrighted Work No. 61 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(1).

681. Ms. Pecnick distributed the Copyrighted Work No. 61 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(3).

682. Ms. Pecnick displayed the Copyrighted Work No. 61 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(5).

683. Plaintiff has sustained actual damages as a result of Ms. Pecnick's acts as alleged herein, and Ms. Pecnick is liable to Plaintiff for such damages pursuant to 17 U.S.C. § 504(a)(1).

684. Ms. Pecnick has profited as a result of Ms. Pecnick's acts as alleged herein, and Ms. Pecnick is liable to Plaintiff for such profits pursuant to 17 U.S.C. § 504(a)(1).

685. Plaintiff is entitled to a permanent injunction enjoining further infringement by Ms. Pecnick pursuant to 17 U.S.C. § 502(a).

686. Plaintiff has incurred costs of suit in connection with bringing this action, and Ms. Pecnick is liable to Plaintiff for those costs of suit pursuant to 17 U.S.C. § 505.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**SIXTY-SECOND CAUSE OF ACTION**

**DIRECT COPYRIGHT INFRINGEMENT UNDER 17 U.S.C. § 501**

(against Ms. Pecnick)

687. Plaintiff incorporates, repeats, and realleges every allegation set forth above.

688. Ms. Pecnick reproduced the Copyrighted Work No. 62 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(1).

689. Ms. Pecnick distributed the Copyrighted Work No. 62 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(3).

690. Ms. Pecnick displayed the Copyrighted Work No. 62 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(5).

691. Plaintiff has sustained actual damages as a result of Ms. Pecnick's acts as alleged herein, and Ms. Pecnick is liable to Plaintiff for such damages pursuant to 17 U.S.C. § 504(a)(1).

692. Ms. Pecnick has profited as a result of Ms. Pecnick's acts as alleged herein, and Ms. Pecnick is liable to Plaintiff for such profits pursuant to 17 U.S.C. § 504(a)(1).

693. Plaintiff is entitled to a permanent injunction enjoining further infringement by Ms. Pecnick pursuant to 17 U.S.C. § 502(a).

694. Plaintiff has incurred costs of suit in connection with bringing this action, and Ms. Pecnick is liable to Plaintiff for those costs of suit pursuant to 17 U.S.C. § 505.

**SIXTY-THIRD CAUSE OF ACTION**

**DIRECT COPYRIGHT INFRINGEMENT UNDER 17 U.S.C. § 501**

(against Ms. Pecnick)

695. Plaintiff incorporates, repeats, and realleges every allegation set forth above.

696. Ms. Pecnick reproduced the Copyrighted Work No. 63 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(1).

697. Ms. Pecnick distributed the Copyrighted Work No. 63 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(3).

698. Ms. Pecnick displayed the Copyrighted Work No. 63 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(5).

699. Plaintiff has sustained actual damages as a result of Ms. Pecnick's acts as alleged herein, and Ms. Pecnick is liable to Plaintiff for such damages pursuant to 17 U.S.C. § 504(a)(1).

700. Ms. Pecnick has profited as a result of Ms. Pecnick's acts as alleged herein, and Ms. Pecnick is liable to Plaintiff for such profits pursuant to 17 U.S.C. § 504(a)(1).

701. Plaintiff is entitled to a permanent injunction enjoining further infringement by Ms. Pecnick pursuant to 17 U.S.C. § 502(a).

702. Plaintiff has incurred costs of suit in connection with bringing this action, and Ms. Pecnick is liable to Plaintiff for those costs of suit pursuant to 17 U.S.C. § 505.

## SIXTY-FOURTH CAUSE OF ACTION

## DIRECT COPYRIGHT INFRINGEMENT UNDER 17 U.S.C. § 501

(against Ms. Pecnick)

703. Plaintiff incorporates, repeats, and realleges every allegation set forth above.

704. Ms. Pecnick reproduced the Copyrighted Work No. 64 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(1).

705. Ms. Pecnick distributed the Copyrighted Work No. 64 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(3).

706. Ms. Pecnick displayed the Copyrighted Work No. 64 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(5).

707. Plaintiff has sustained actual damages as a result of Ms. Pecnick's acts as alleged herein, and Ms. Pecnick is liable to Plaintiff for such damages pursuant to 17 U.S.C. § 504(a)(1).

708. Ms. Pecnick has profited as a result of Ms. Pecnick's acts as alleged herein, and Ms. Pecnick is liable to Plaintiff for such profits pursuant to 17 U.S.C. § 504(a)(1).

709. Plaintiff is entitled to a permanent injunction enjoining further infringement by Ms. Pecnick pursuant to 17 U.S.C. § 502(a).

710. Plaintiff has incurred costs of suit in connection with bringing this action, and Ms. Pecnick is liable to Plaintiff for those costs of suit pursuant to 17 U.S.C. § 505.

**SIXTY-FIFTH CAUSE OF ACTION**

**DIRECT COPYRIGHT INFRINGEMENT UNDER 17 U.S.C. § 501**

(against Ms. Pecnick)

711. Plaintiff incorporates, repeats, and realleges every allegation set forth above.

712. Ms. Pecnick reproduced the Copyrighted Work No. 65 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(1).

713. Ms. Pecnick distributed the Copyrighted Work No. 65 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(3).

714. Ms. Pecnick displayed the Copyrighted Work No. 65 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(5).

715. Plaintiff has sustained actual damages as a result of Ms. Pecnick's acts as alleged herein, and Ms. Pecnick is liable to Plaintiff for such damages pursuant to 17 U.S.C. § 504(a)(1).

716. Ms. Pecnick has profited as a result of Ms. Pecnick's acts as alleged herein, and Ms. Pecnick is liable to Plaintiff for such profits pursuant to 17 U.S.C. § 504(a)(1).

717. Plaintiff is entitled to a permanent injunction enjoining further infringement by Ms. Pecnick pursuant to 17 U.S.C. § 502(a).

718. Plaintiff has incurred costs of suit in connection with bringing this action, and Ms. Pecnick is liable to Plaintiff for those costs of suit pursuant to 17 U.S.C. § 505.

**SIXTY-SIXTH CAUSE OF ACTION**

**DIRECT COPYRIGHT INFRINGEMENT UNDER 17 U.S.C. § 501**

(against Ms. Pecnick)

719. Plaintiff incorporates, repeats, and realleges every allegation set forth above.

720. Ms. Pecnick reproduced the Copyrighted Work No. 66 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(1).

721. Ms. Pecnick distributed the Copyrighted Work No. 66 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(3).

722. Ms. Pecnick displayed the Copyrighted Work No. 66 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(5).

723. Plaintiff has sustained actual damages as a result of Ms. Pecnick's acts as alleged herein, and Ms. Pecnick is liable to Plaintiff for such damages pursuant to 17 U.S.C. § 504(a)(1).

724. Ms. Pecnick has profited as a result of Ms. Pecnick's acts as alleged herein, and Ms. Pecnick is liable to Plaintiff for such profits pursuant to 17 U.S.C. § 504(a)(1).

725. Plaintiff is entitled to a permanent injunction enjoining further infringement by Ms. Pecnick pursuant to 17 U.S.C. § 502(a).

726. Plaintiff has incurred costs of suit in connection with bringing this action, and Ms. Pecnick is liable to Plaintiff for those costs of suit pursuant to 17 U.S.C. § 505.

## SIXTY-SEVENTH CAUSE OF ACTION

## DIRECT COPYRIGHT INFRINGEMENT UNDER 17 U.S.C. § 501

(against Ms. Pecnick)

727. Plaintiff incorporates, repeats, and realleges every allegation set forth above.

728. Ms. Pecnick reproduced the Copyrighted Work No. 67 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(1).

729. Ms. Pecnick distributed the Copyrighted Work No. 67 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(3).

730. Ms. Pecnick displayed the Copyrighted Work No. 67 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(5).

731. Plaintiff has sustained actual damages as a result of Ms. Pecnick's acts as alleged herein, and Ms. Pecnick is liable to Plaintiff for such damages pursuant to 17 U.S.C. § 504(a)(1).

732. Ms. Pecnick has profited as a result of Ms. Pecnick's acts as alleged herein, and Ms. Pecnick is liable to Plaintiff for such profits pursuant to 17 U.S.C. § 504(a)(1).

733. Plaintiff is entitled to a permanent injunction enjoining further infringement by Ms. Pecnick pursuant to 17 U.S.C. § 502(a).

734. Plaintiff has incurred costs of suit in connection with bringing this action, and Ms. Pecnick is liable to Plaintiff for those costs of suit pursuant to 17 U.S.C. § 505.

## SIXTY-EIGHTH CAUSE OF ACTION

## DIRECT COPYRIGHT INFRINGEMENT UNDER 17 U.S.C. § 501

(against Ms. Pecnick)

735. Plaintiff incorporates, repeats, and realleges every allegation set forth above.

736. Ms. Pecnick reproduced the Copyrighted Work No. 68 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(1).

737. Ms. Pecnick distributed the Copyrighted Work No. 68 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(3).

738. Ms. Pecnick displayed the Copyrighted Work No. 68 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(5).

739. Plaintiff has sustained actual damages as a result of Ms. Pecnick's acts as alleged herein, and Ms. Pecnick is liable to Plaintiff for such damages pursuant to 17 U.S.C. § 504(a)(1).

740. Ms. Pecnick has profited as a result of Ms. Pecnick's acts as alleged herein, and Ms. Pecnick is liable to Plaintiff for such profits pursuant to 17 U.S.C. § 504(a)(1).

741. Plaintiff is entitled to a permanent injunction enjoining further infringement by Ms. Pecnick pursuant to 17 U.S.C. § 502(a).

742. Plaintiff has incurred costs of suit in connection with bringing this action, and Ms. Pecnick is liable to Plaintiff for those costs of suit pursuant to 17 U.S.C. § 505.

## SIXTY-NINTH CAUSE OF ACTION

## DIRECT COPYRIGHT INFRINGEMENT UNDER 17 U.S.C. § 501

(against Ms. Pecnick)

743. Plaintiff incorporates, repeats, and realleges every allegation set forth above.

744. Ms. Pecnick reproduced the Copyrighted Work No. 69 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(1).

745. Ms. Pecnick distributed the Copyrighted Work No. 69 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(3).

746. Ms. Pecnick displayed the Copyrighted Work No. 69 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(5).

747. Plaintiff has sustained actual damages as a result of Ms. Pecnick's acts as alleged herein, and Ms. Pecnick is liable to Plaintiff for such damages pursuant to 17 U.S.C. § 504(a)(1).

748. Ms. Pecnick has profited as a result of Ms. Pecnick's acts as alleged herein, and Ms. Pecnick is liable to Plaintiff for such profits pursuant to 17 U.S.C. § 504(a)(1).

749. Plaintiff is entitled to a permanent injunction enjoining further infringement by Ms. Pecnick pursuant to 17 U.S.C. § 502(a).

750. Plaintiff has incurred costs of suit in connection with bringing this action, and Ms. Pecnick is liable to Plaintiff for those costs of suit pursuant to 17 U.S.C. § 505.

## SEVENTIETH CAUSE OF ACTION

## DIRECT COPYRIGHT INFRINGEMENT UNDER 17 U.S.C. § 501

(against Ms. Pecnick)

751. Plaintiff incorporates, repeats, and realleges every allegation set forth above.

752. Ms. Pecnick reproduced the Copyrighted Work No. 70 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(1).

753. Ms. Pecnick distributed the Copyrighted Work No. 70 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(3).

754. Ms. Pecnick displayed the Copyrighted Work No. 70 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(5).

755. Plaintiff has sustained actual damages as a result of Ms. Pecnick's acts as alleged herein, and Ms. Pecnick is liable to Plaintiff for such damages pursuant to 17 U.S.C. § 504(a)(1).

756. Ms. Pecnick has profited as a result of Ms. Pecnick's acts as alleged herein, and Ms. Pecnick is liable to Plaintiff for such profits pursuant to 17 U.S.C. § 504(a)(1).

757. Plaintiff is entitled to a permanent injunction enjoining further infringement by Ms. Pecnick pursuant to 17 U.S.C. § 502(a).

758. Plaintiff has incurred costs of suit in connection with bringing this action, and Ms. Pecnick is liable to Plaintiff for those costs of suit pursuant to 17 U.S.C. § 505.

### SEVENTY-FIRST CAUSE OF ACTION

### DIRECT COPYRIGHT INFRINGEMENT UNDER 17 U.S.C. § 501

(against Ms. Pecnick)

759. Plaintiff incorporates, repeats, and realleges every allegation set forth above.

760. Ms. Pecnick reproduced the Copyrighted Work No. 71 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(1).

761. Ms. Pecnick distributed the Copyrighted Work No. 71 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(3).

762. Ms. Pecnick displayed the Copyrighted Work No. 71 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(5).

763. Plaintiff has sustained actual damages as a result of Ms. Pecnick's acts as alleged herein, and Ms. Pecnick is liable to Plaintiff for such damages pursuant to 17 U.S.C. § 504(a)(1).

764. Ms. Pecnick has profited as a result of Ms. Pecnick's acts as alleged herein, and Ms. Pecnick is liable to Plaintiff for such profits pursuant to 17 U.S.C. § 504(a)(1).

765. Plaintiff is entitled to a permanent injunction enjoining further infringement by Ms. Pecnick pursuant to 17 U.S.C. § 502(a).

766. Plaintiff has incurred costs of suit in connection with bringing this action, and Ms. Pecnick is liable to Plaintiff for those costs of suit pursuant to 17 U.S.C. § 505.

### SEVENTY-SECOND CAUSE OF ACTION

### DIRECT COPYRIGHT INFRINGEMENT UNDER 17 U.S.C. § 501

(against Ms. Pecnick)

767. Plaintiff incorporates, repeats, and realleges every allegation set forth above.

768. Ms. Pecnick reproduced the Copyrighted Work No. 72 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(1).

769. Ms. Pecnick distributed the Copyrighted Work No. 72 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(3).

770. Ms. Pecnick displayed the Copyrighted Work No. 72 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(5).

771. Plaintiff has sustained actual damages as a result of Ms. Pecnick's acts as alleged herein, and Ms. Pecnick is liable to Plaintiff for such damages pursuant to 17 U.S.C. § 504(a)(1).

772. Ms. Pecnick has profited as a result of Ms. Pecnick's acts as alleged herein, and Ms. Pecnick is liable to Plaintiff for such profits pursuant to 17 U.S.C. § 504(a)(1).

773. Plaintiff is entitled to a permanent injunction enjoining further infringement by Ms. Pecnick pursuant to 17 U.S.C. § 502(a).

774. Plaintiff has incurred costs of suit in connection with bringing this action, and Ms. Pecnick is liable to Plaintiff for those costs of suit pursuant to 17 U.S.C. § 505.

## SEVENTY-THIRD CAUSE OF ACTION

## DIRECT COPYRIGHT INFRINGEMENT UNDER 17 U.S.C. § 501

(against Ms. Pecnick)

775. Plaintiff incorporates, repeats, and realleges every allegation set forth above.

776. Ms. Pecnick reproduced the Copyrighted Work No. 73 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(1).

777. Ms. Pecnick distributed the Copyrighted Work No. 73 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(3).

778. Ms. Pecnick displayed the Copyrighted Work No. 73 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(5).

779. Plaintiff has sustained actual damages as a result of Ms. Pecnick's acts as alleged herein, and Ms. Pecnick is liable to Plaintiff for such damages pursuant to 17 U.S.C. § 504(a)(1).

780. Ms. Pecnick has profited as a result of Ms. Pecnick's acts as alleged herein, and Ms. Pecnick is liable to Plaintiff for such profits pursuant to 17 U.S.C. § 504(a)(1).

781. Plaintiff is entitled to a permanent injunction enjoining further infringement by Ms. Pecnick pursuant to 17 U.S.C. § 502(a).

782. Plaintiff has incurred costs of suit in connection with bringing this action, and Ms. Pecnick is liable to Plaintiff for those costs of suit pursuant to 17 U.S.C. § 505.

## SEVENTY-FOURTH CAUSE OF ACTION

## DIRECT COPYRIGHT INFRINGEMENT UNDER 17 U.S.C. § 501

(against Ms. Pecnick)

783. Plaintiff incorporates, repeats, and realleges every allegation set forth above.

784. Ms. Pecnick reproduced the Copyrighted Work No. 74 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(1).

785. Ms. Pecnick distributed the Copyrighted Work No. 74 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(3).

786. Ms. Pecnick displayed the Copyrighted Work No. 74 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(5).

787. Plaintiff has sustained actual damages as a result of Ms. Pecnick's acts as alleged herein, and Ms. Pecnick is liable to Plaintiff for such damages pursuant to 17 U.S.C. § 504(a)(1).

788. Ms. Pecnick has profited as a result of Ms. Pecnick's acts as alleged herein, and Ms. Pecnick is liable to Plaintiff for such profits pursuant to 17 U.S.C. § 504(a)(1).

789. Plaintiff is entitled to a permanent injunction enjoining further infringement by Ms. Pecnick pursuant to 17 U.S.C. § 502(a).

790. Plaintiff has incurred costs of suit in connection with bringing this action, and Ms. Pecnick is liable to Plaintiff for those costs of suit pursuant to 17 U.S.C. § 505.

## SEVENTY-FIFTH CAUSE OF ACTION

## DIRECT COPYRIGHT INFRINGEMENT UNDER 17 U.S.C. § 501

(against Ms. Pecnick)

791. Plaintiff incorporates, repeats, and realleges every allegation set forth above.

792. Ms. Pecnick reproduced the Copyrighted Work No. 75 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(1).

793. Ms. Pecnick distributed the Copyrighted Work No. 75 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(3).

794. Ms. Pecnick displayed the Copyrighted Work No. 75 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(5).

795. Plaintiff has sustained actual damages as a result of Ms. Pecnick's acts as alleged herein, and Ms. Pecnick is liable to Plaintiff for such damages pursuant to 17 U.S.C. § 504(a)(1).

796. Ms. Pecnick has profited as a result of Ms. Pecnick's acts as alleged herein, and Ms. Pecnick is liable to Plaintiff for such profits pursuant to 17 U.S.C. § 504(a)(1).

797. Plaintiff is entitled to a permanent injunction enjoining further infringement by Ms. Pecnick pursuant to 17 U.S.C. § 502(a).

798. Plaintiff has incurred costs of suit in connection with bringing this action, and Ms. Pecnick is liable to Plaintiff for those costs of suit pursuant to 17 U.S.C. § 505.

## SEVENTY-SIXTH CAUSE OF ACTION

## DIRECT COPYRIGHT INFRINGEMENT UNDER 17 U.S.C. § 501

(against Ms. Pecnick)

799. Plaintiff incorporates, repeats, and realleges every allegation set forth above.

800. Ms. Pecnick reproduced the Copyrighted Work No. 76 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(1).

801. Ms. Pecnick distributed the Copyrighted Work No. 76 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(3).

802. Ms. Pecnick displayed the Copyrighted Work No. 76 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(5).

803. Plaintiff has sustained actual damages as a result of Ms. Pecnick's acts as alleged herein, and Ms. Pecnick is liable to Plaintiff for such damages pursuant to 17 U.S.C. § 504(a)(1).

804. Ms. Pecnick has profited as a result of Ms. Pecnick's acts as alleged herein, and Ms. Pecnick is liable to Plaintiff for such profits pursuant to 17 U.S.C. § 504(a)(1).

805. Plaintiff is entitled to a permanent injunction enjoining further infringement by Ms. Pecnick pursuant to 17 U.S.C. § 502(a).

806. Plaintiff has incurred costs of suit in connection with bringing this action, and Ms. Pecnick is liable to Plaintiff for those costs of suit pursuant to 17 U.S.C. § 505.

**SEVENTY-SEVENTH CAUSE OF ACTION**

**DIRECT COPYRIGHT INFRINGEMENT UNDER 17 U.S.C. § 501**

(against Ms. Pecnick)

807. Plaintiff incorporates, repeats, and realleges every allegation set forth above.

808. Ms. Pecnick reproduced the Copyrighted Work No. 77 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(1).

809. Ms. Pecnick distributed the Copyrighted Work No. 77 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(3).

810. Ms. Pecnick displayed the Copyrighted Work No. 77 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(5).

811. Plaintiff has sustained actual damages as a result of Ms. Pecnick's acts as alleged herein, and Ms. Pecnick is liable to Plaintiff for such damages pursuant to 17 U.S.C. § 504(a)(1).

812. Ms. Pecnick has profited as a result of Ms. Pecnick's acts as alleged herein, and Ms. Pecnick is liable to Plaintiff for such profits pursuant to 17 U.S.C. § 504(a)(1).

813. Plaintiff is entitled to a permanent injunction enjoining further infringement by Ms. Pecnick pursuant to 17 U.S.C. § 502(a).

814. Plaintiff has incurred costs of suit in connection with bringing this action, and Ms. Pecnick is liable to Plaintiff for those costs of suit pursuant to 17 U.S.C. § 505.

**SEVENTY-EIGHTH CAUSE OF ACTION**

**DIRECT COPYRIGHT INFRINGEMENT UNDER 17 U.S.C. § 501**

(against Windermere)

815. Plaintiff incorporates, repeats, and realleges every allegation set forth above.

816. Windermere reproduced the Copyrighted Work No. 1 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(1).

817. Windermere distributed the Copyrighted Work No. 1 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(3).

818. Windermere displayed the Copyrighted Work No. 1 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(5).

819. Plaintiff has sustained actual damages as a result of Windermere's acts as alleged herein, and Windermere is liable to Plaintiff for such damages pursuant to 17 U.S.C. § 504(a)(1).

820. Windermere has profited as a result of Windermere's acts as alleged herein, and Windermere is liable to Plaintiff for such profits pursuant to 17 U.S.C. § 504(a)(1).

821. Plaintiff is entitled to a permanent injunction enjoining further infringement by Windermere pursuant to 17 U.S.C. § 502(a).

822. Plaintiff has incurred costs of suit in connection with bringing this action, and Windermere is liable to Plaintiff for those costs of suit pursuant to 17 U.S.C. § 505.

## SEVENTY-NINTH CAUSE OF ACTION

## DIRECT COPYRIGHT INFRINGEMENT UNDER 17 U.S.C. § 501

(against Windermere)

823. Plaintiff incorporates, repeats, and realleges every allegation set forth above.

824. Windermere reproduced the Copyrighted Work No. 2 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(1).

825. Windermere distributed the Copyrighted Work No. 2 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(3).

826. Windermere displayed the Copyrighted Work No. 2 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(5).

827. Plaintiff has sustained actual damages as a result of Windermere's acts as alleged herein, and Windermere is liable to Plaintiff for such damages pursuant to 17 U.S.C. § 504(a)(1).

828. Windermere has profited as a result of Windermere's acts as alleged herein, and Windermere is liable to Plaintiff for such profits pursuant to 17 U.S.C. § 504(a)(1).

829. Plaintiff is entitled to a permanent injunction enjoining further infringement by Windermere pursuant to 17 U.S.C. § 502(a).

830. Plaintiff has incurred costs of suit in connection with bringing this action, and Windermere is liable to Plaintiff for those costs of suit pursuant to 17 U.S.C. § 505.

**EIGHTIETH CAUSE OF ACTION**

**DIRECT COPYRIGHT INFRINGEMENT UNDER 17 U.S.C. § 501**

(against Windermere)

831. Plaintiff incorporates, repeats, and realleges every allegation set forth above.

832. Windermere reproduced the Copyrighted Work No. 3 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(1).

833. Windermere distributed the Copyrighted Work No. 3 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(3).

834. Windermere displayed the Copyrighted Work No. 3 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(5).

835. Plaintiff has sustained actual damages as a result of Windermere's acts as alleged herein, and Windermere is liable to Plaintiff for such damages pursuant to 17 U.S.C. § 504(a)(1).

836. Windermere has profited as a result of Windermere's acts as alleged herein, and Windermere is liable to Plaintiff for such profits pursuant to 17 U.S.C. § 504(a)(1).

837. Plaintiff is entitled to a permanent injunction enjoining further infringement by Windermere pursuant to 17 U.S.C. § 502(a).

838. Plaintiff has incurred costs of suit in connection with bringing this action, and Windermere is liable to Plaintiff for those costs of suit pursuant to 17 U.S.C. § 505.

**EIGHTY-FIRST CAUSE OF ACTION**

**DIRECT COPYRIGHT INFRINGEMENT UNDER 17 U.S.C. § 501**

(against Windermere)

839. Plaintiff incorporates, repeats, and realleges every allegation set forth above.

840. Windermere reproduced the Copyrighted Work No. 4 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(1).

841. Windermere distributed the Copyrighted Work No. 4 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(3).

842. Windermere displayed the Copyrighted Work No. 4 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(5).

843. Plaintiff has sustained actual damages as a result of Windermere's acts as alleged herein, and Windermere is liable to Plaintiff for such damages pursuant to 17 U.S.C. § 504(a)(1).

844. Windermere has profited as a result of Windermere's acts as alleged herein, and Windermere is liable to Plaintiff for such profits pursuant to 17 U.S.C. § 504(a)(1).

845. Plaintiff is entitled to a permanent injunction enjoining further infringement by Windermere pursuant to 17 U.S.C. § 502(a).

846. Plaintiff has incurred costs of suit in connection with bringing this action, and Windermere is liable to Plaintiff for those costs of suit pursuant to 17 U.S.C. § 505.

## EIGHTY-SECOND CAUSE OF ACTION

## DIRECT COPYRIGHT INFRINGEMENT UNDER 17 U.S.C. § 501

(against Windermere)

847. Plaintiff incorporates, repeats, and realleges every allegation set forth above.

848. Windermere reproduced the Copyrighted Work No. 5 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(1).

849. Windermere distributed the Copyrighted Work No. 5 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(3).

850. Windermere displayed the Copyrighted Work No. 5 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(5).

851. Plaintiff has sustained actual damages as a result of Windermere's acts as alleged herein, and Windermere is liable to Plaintiff for such damages pursuant to 17 U.S.C. § 504(a)(1).

852. Windermere has profited as a result of Windermere's acts as alleged herein, and Windermere is liable to Plaintiff for such profits pursuant to 17 U.S.C. § 504(a)(1).

853. Plaintiff is entitled to a permanent injunction enjoining further infringement by Windermere pursuant to 17 U.S.C. § 502(a).

854. Plaintiff has incurred costs of suit in connection with bringing this action, and Windermere is liable to Plaintiff for those costs of suit pursuant to 17 U.S.C. § 505.

**EIGHTY-THIRD CAUSE OF ACTION**

**DIRECT COPYRIGHT INFRINGEMENT UNDER 17 U.S.C. § 501**

(against Windermere)

855. Plaintiff incorporates, repeats, and realleges every allegation set forth above.

856. Windermere reproduced the Copyrighted Work No. 6 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(1).

857. Windermere distributed the Copyrighted Work No. 6 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(3).

858. Windermere displayed the Copyrighted Work No. 6 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(5).

859. Plaintiff has sustained actual damages as a result of Windermere's acts as alleged herein, and Windermere is liable to Plaintiff for such damages pursuant to 17 U.S.C. § 504(a)(1).

860. Windermere has profited as a result of Windermere's acts as alleged herein, and Windermere is liable to Plaintiff for such profits pursuant to 17 U.S.C. § 504(a)(1).

861. Plaintiff is entitled to a permanent injunction enjoining further infringement by Windermere pursuant to 17 U.S.C. § 502(a).

862. Plaintiff has incurred costs of suit in connection with bringing this action, and Windermere is liable to Plaintiff for those costs of suit pursuant to 17 U.S.C. § 505.

**EIGHTY-FOURTH CAUSE OF ACTION**

**DIRECT COPYRIGHT INFRINGEMENT UNDER 17 U.S.C. § 501**

(against Windermere)

863. Plaintiff incorporates, repeats, and realleges every allegation set forth above.

864. Windermere reproduced the Copyrighted Work No. 7 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(1).

865. Windermere distributed the Copyrighted Work No. 7 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(3).

866. Windermere displayed the Copyrighted Work No. 7 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(5).

867. Plaintiff has sustained actual damages as a result of Windermere's acts as alleged herein, and Windermere is liable to Plaintiff for such damages pursuant to 17 U.S.C. § 504(a)(1).

868. Windermere has profited as a result of Windermere's acts as alleged herein, and Windermere is liable to Plaintiff for such profits pursuant to 17 U.S.C. § 504(a)(1).

869. Plaintiff is entitled to a permanent injunction enjoining further infringement by Windermere pursuant to 17 U.S.C. § 502(a).

870. Plaintiff has incurred costs of suit in connection with bringing this action, and Windermere is liable to Plaintiff for those costs of suit pursuant to 17 U.S.C. § 505.

## EIGHTY-FIFTH CAUSE OF ACTION

## DIRECT COPYRIGHT INFRINGEMENT UNDER 17 U.S.C. § 501

(against Windermere)

871. Plaintiff incorporates, repeats, and realleges every allegation set forth above.

872. Windermere reproduced the Copyrighted Work No. 8 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(1).

873. Windermere distributed the Copyrighted Work No. 8 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(3).

874. Windermere displayed the Copyrighted Work No. 8 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(5).

875. Plaintiff has sustained actual damages as a result of Windermere's acts as alleged herein, and Windermere is liable to Plaintiff for such damages pursuant to 17 U.S.C. § 504(a)(1).

876. Windermere has profited as a result of Windermere's acts as alleged herein, and Windermere is liable to Plaintiff for such profits pursuant to 17 U.S.C. § 504(a)(1).

877. Plaintiff is entitled to a permanent injunction enjoining further infringement by Windermere pursuant to 17 U.S.C. § 502(a).

878. Plaintiff has incurred costs of suit in connection with bringing this action, and Windermere is liable to Plaintiff for those costs of suit pursuant to 17 U.S.C. § 505.

**EIGHTY-SIXTH CAUSE OF ACTION**

**DIRECT COPYRIGHT INFRINGEMENT UNDER 17 U.S.C. § 501**

(against Windermere)

879. Plaintiff incorporates, repeats, and realleges every allegation set forth above.

880. Windermere reproduced the Copyrighted Work No. 9 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(1).

881. Windermere distributed the Copyrighted Work No. 9 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(3).

882. Windermere displayed the Copyrighted Work No. 9 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(5).

883. Plaintiff has sustained actual damages as a result of Windermere's acts as alleged herein, and Windermere is liable to Plaintiff for such damages pursuant to 17 U.S.C. § 504(a)(1).

884. Windermere has profited as a result of Windermere's acts as alleged herein, and Windermere is liable to Plaintiff for such profits pursuant to 17 U.S.C. § 504(a)(1).

885. Plaintiff is entitled to a permanent injunction enjoining further infringement by Windermere pursuant to 17 U.S.C. § 502(a).

886. Plaintiff has incurred costs of suit in connection with bringing this action, and Windermere is liable to Plaintiff for those costs of suit pursuant to 17 U.S.C. § 505.

**EIGHT-SEVENTH CAUSE OF ACTION**

**DIRECT COPYRIGHT INFRINGEMENT UNDER 17 U.S.C. § 501**

(against Windermere)

887. Plaintiff incorporates, repeats, and realleges every allegation set forth above.

888. Windermere reproduced the Copyrighted Work No. 10 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(1).

889. Windermere distributed the Copyrighted Work No. 10 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(3).

890. Windermere displayed the Copyrighted Work No. 10 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(5).

891. Plaintiff has sustained actual damages as a result of Windermere's acts as alleged herein, and Windermere is liable to Plaintiff for such damages pursuant to 17 U.S.C. § 504(a)(1).

892. Windermere has profited as a result of Windermere's acts as alleged herein, and Windermere is liable to Plaintiff for such profits pursuant to 17 U.S.C. § 504(a)(1).

893. Plaintiff is entitled to a permanent injunction enjoining further infringement by Windermere pursuant to 17 U.S.C. § 502(a).

894. Plaintiff has incurred costs of suit in connection with bringing this action, and Windermere is liable to Plaintiff for those costs of suit pursuant to 17 U.S.C. § 505.

## EIGHTY-EIGHTH CAUSE OF ACTION

## DIRECT COPYRIGHT INFRINGEMENT UNDER 17 U.S.C. § 501

(against Windermere)

895. Plaintiff incorporates, repeats, and realleges every allegation set forth above.

896. Windermere reproduced the Copyrighted Work No. 11 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(1).

897. Windermere distributed the Copyrighted Work No. 11 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(3).

898. Windermere displayed the Copyrighted Work No. 11 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(5).

899. Plaintiff has sustained actual damages as a result of Windermere's acts as alleged herein, and Windermere is liable to Plaintiff for such damages pursuant to 17 U.S.C. § 504(a)(1).

900. Windermere has profited as a result of Windermere's acts as alleged herein, and Windermere is liable to Plaintiff for such profits pursuant to 17 U.S.C. § 504(a)(1).

901. Plaintiff is entitled to a permanent injunction enjoining further infringement by Windermere pursuant to 17 U.S.C. § 502(a).

902. Plaintiff has incurred costs of suit in connection with bringing this action, and Windermere is liable to Plaintiff for those costs of suit pursuant to 17 U.S.C. § 505.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**EIGHTY-NINTH CAUSE OF ACTION**

**DIRECT COPYRIGHT INFRINGEMENT UNDER 17 U.S.C. § 501**

(against Windermere)

903. Plaintiff incorporates, repeats, and realleges every allegation set forth above.

904. Windermere reproduced the Copyrighted Work No. 12 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(1).

905. Windermere distributed the Copyrighted Work No. 12 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(3).

906. Windermere displayed the Copyrighted Work No. 12 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(5).

907. Plaintiff has sustained actual damages as a result of Windermere's acts as alleged herein, and Windermere is liable to Plaintiff for such damages pursuant to 17 U.S.C. § 504(a)(1).

908. Windermere has profited as a result of Windermere's acts as alleged herein, and Windermere is liable to Plaintiff for such profits pursuant to 17 U.S.C. § 504(a)(1).

909. Plaintiff is entitled to a permanent injunction enjoining further infringement by Windermere pursuant to 17 U.S.C. § 502(a).

910. Plaintiff has incurred costs of suit in connection with bringing this action, and Windermere is liable to Plaintiff for those costs of suit pursuant to 17 U.S.C. § 505.

**NINETIETH CAUSE OF ACTION**

**DIRECT COPYRIGHT INFRINGEMENT UNDER 17 U.S.C. § 501**

(against Windermere)

911. Plaintiff incorporates, repeats, and realleges every allegation set forth above.

912. Windermere reproduced the Copyrighted Work No. 13 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(1).

913. Windermere distributed the Copyrighted Work No. 13 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(3).

914. Windermere displayed the Copyrighted Work No. 13 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(5).

915. Plaintiff has sustained actual damages as a result of Windermere's acts as alleged herein, and Windermere is liable to Plaintiff for such damages pursuant to 17 U.S.C. § 504(a)(1).

916. Windermere has profited as a result of Windermere's acts as alleged herein, and Windermere is liable to Plaintiff for such profits pursuant to 17 U.S.C. § 504(a)(1).

917. Plaintiff is entitled to a permanent injunction enjoining further infringement by Windermere pursuant to 17 U.S.C. § 502(a).

918. Plaintiff has incurred costs of suit in connection with bringing this action, and Windermere is liable to Plaintiff for those costs of suit pursuant to 17 U.S.C. § 505.

## NINETY-FIRST CAUSE OF ACTION

## DIRECT COPYRIGHT INFRINGEMENT UNDER 17 U.S.C. § 501

(against Windermere)

919. Plaintiff incorporates, repeats, and realleges every allegation set forth above.

920. Windermere reproduced the Copyrighted Work No. 14 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(1).

921. Windermere distributed the Copyrighted Work No. 14 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(3).

922. Windermere displayed the Copyrighted Work No. 14 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(5).

923. Plaintiff has sustained actual damages as a result of Windermere's acts as alleged herein, and Windermere is liable to Plaintiff for such damages pursuant to 17 U.S.C. § 504(a)(1).

924. Windermere has profited as a result of Windermere's acts as alleged herein, and Windermere is liable to Plaintiff for such profits pursuant to 17 U.S.C. § 504(a)(1).

925. Plaintiff is entitled to a permanent injunction enjoining further infringement by Windermere pursuant to 17 U.S.C. § 502(a).

926. Plaintiff has incurred costs of suit in connection with bringing this action, and Windermere is liable to Plaintiff for those costs of suit pursuant to 17 U.S.C. § 505.

**NINETY-SECOND CAUSE OF ACTION**

**DIRECT COPYRIGHT INFRINGEMENT UNDER 17 U.S.C. § 501**

(against Windermere)

927. Plaintiff incorporates, repeats, and realleges every allegation set forth above.

928. Windermere reproduced the Copyrighted Work No. 15 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(1).

929. Windermere distributed the Copyrighted Work No. 15 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(3).

930. Windermere displayed the Copyrighted Work No. 15 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(5).

931. Plaintiff has sustained actual damages as a result of Windermere's acts as alleged herein, and Windermere is liable to Plaintiff for such damages pursuant to 17 U.S.C. § 504(a)(1).

932. Windermere has profited as a result of Windermere's acts as alleged herein, and Windermere is liable to Plaintiff for such profits pursuant to 17 U.S.C. § 504(a)(1).

933. Plaintiff is entitled to a permanent injunction enjoining further infringement by Windermere pursuant to 17 U.S.C. § 502(a).

934. Plaintiff has incurred costs of suit in connection with bringing this action, and Windermere is liable to Plaintiff for those costs of suit pursuant to 17 U.S.C. § 505.

**NINETY-THIRD CAUSE OF ACTION**

**DIRECT COPYRIGHT INFRINGEMENT UNDER 17 U.S.C. § 501**

(against Windermere)

935. Plaintiff incorporates, repeats, and realleges every allegation set forth above.

936. Windermere reproduced the Copyrighted Work No. 16 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(1).

937. Windermere distributed the Copyrighted Work No. 16 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(3).

938. Windermere displayed the Copyrighted Work No. 16 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(5).

939. Plaintiff has sustained actual damages as a result of Windermere's acts as alleged herein, and Windermere is liable to Plaintiff for such damages pursuant to 17 U.S.C. § 504(a)(1).

940. Windermere has profited as a result of Windermere's acts as alleged herein, and Windermere is liable to Plaintiff for such profits pursuant to 17 U.S.C. § 504(a)(1).

941. Plaintiff is entitled to a permanent injunction enjoining further infringement by Windermere pursuant to 17 U.S.C. § 502(a).

942. Plaintiff has incurred costs of suit in connection with bringing this action, and Windermere is liable to Plaintiff for those costs of suit pursuant to 17 U.S.C. § 505.

## NINETY-FOURTH CAUSE OF ACTION

## DIRECT COPYRIGHT INFRINGEMENT UNDER 17 U.S.C. § 501

(against Windermere)

943. Plaintiff incorporates, repeats, and realleges every allegation set forth above.

944. Windermere reproduced the Copyrighted Work No. 17 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(1).

945. Windermere distributed the Copyrighted Work No. 17 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(3).

946. Windermere displayed the Copyrighted Work No. 17 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(5).

947. Plaintiff has sustained actual damages as a result of Windermere's acts as alleged herein, and Windermere is liable to Plaintiff for such damages pursuant to 17 U.S.C. § 504(a)(1).

948. Windermere has profited as a result of Windermere's acts as alleged herein, and Windermere is liable to Plaintiff for such profits pursuant to 17 U.S.C. § 504(a)(1).

949. Plaintiff is entitled to a permanent injunction enjoining further infringement by Windermere pursuant to 17 U.S.C. § 502(a).

950. Plaintiff has incurred costs of suit in connection with bringing this action, and Windermere is liable to Plaintiff for those costs of suit pursuant to 17 U.S.C. § 505.

**NINETY-FIFTH CAUSE OF ACTION**

**DIRECT COPYRIGHT INFRINGEMENT UNDER 17 U.S.C. § 501**

(against Windermere)

951. Plaintiff incorporates, repeats, and realleges every allegation set forth above.

952. Windermere reproduced the Copyrighted Work No. 18 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(1).

953. Windermere distributed the Copyrighted Work No. 18 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(3).

954. Windermere displayed the Copyrighted Work No. 18 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(5).

955. Plaintiff has sustained actual damages as a result of Windermere's acts as alleged herein, and Windermere is liable to Plaintiff for such damages pursuant to 17 U.S.C. § 504(a)(1).

956. Windermere has profited as a result of Windermere's acts as alleged herein, and Windermere is liable to Plaintiff for such profits pursuant to 17 U.S.C. § 504(a)(1).

957. Plaintiff is entitled to a permanent injunction enjoining further infringement by Windermere pursuant to 17 U.S.C. § 502(a).

958. Plaintiff has incurred costs of suit in connection with bringing this action, and Windermere is liable to Plaintiff for those costs of suit pursuant to 17 U.S.C. § 505.

**NINETY-SIXTH CAUSE OF ACTION**

**DIRECT COPYRIGHT INFRINGEMENT UNDER 17 U.S.C. § 501**

(against Windermere)

959. Plaintiff incorporates, repeats, and realleges every allegation set forth above.

960. Windermere reproduced the Copyrighted Work No. 19 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(1).

961. Windermere distributed the Copyrighted Work No. 19 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(3).

962. Windermere displayed the Copyrighted Work No. 19 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(5).

963. Plaintiff has sustained actual damages as a result of Windermere's acts as alleged herein, and Windermere is liable to Plaintiff for such damages pursuant to 17 U.S.C. § 504(a)(1).

964. Windermere has profited as a result of Windermere's acts as alleged herein, and Windermere is liable to Plaintiff for such profits pursuant to 17 U.S.C. § 504(a)(1).

965. Plaintiff is entitled to a permanent injunction enjoining further infringement by Windermere pursuant to 17 U.S.C. § 502(a).

966. Plaintiff has incurred costs of suit in connection with bringing this action, and Windermere is liable to Plaintiff for those costs of suit pursuant to 17 U.S.C. § 505.

## NINETY-SEVENTH CAUSE OF ACTION

## DIRECT COPYRIGHT INFRINGEMENT UNDER 17 U.S.C. § 501

(against Windermere)

967. Plaintiff incorporates, repeats, and realleges every allegation set forth above.

968. Windermere reproduced the Copyrighted Work No. 20 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(1).

969. Windermere distributed the Copyrighted Work No. 20 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(3).

970. Windermere displayed the Copyrighted Work No. 20 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(5).

971. Plaintiff has sustained actual damages as a result of Windermere's acts as alleged herein, and Windermere is liable to Plaintiff for such damages pursuant to 17 U.S.C. § 504(a)(1).

972. Windermere has profited as a result of Windermere's acts as alleged herein, and Windermere is liable to Plaintiff for such profits pursuant to 17 U.S.C. § 504(a)(1).

973. Plaintiff is entitled to a permanent injunction enjoining further infringement by Windermere pursuant to 17 U.S.C. § 502(a).

974. Plaintiff has incurred costs of suit in connection with bringing this action, and Windermere is liable to Plaintiff for those costs of suit pursuant to 17 U.S.C. § 505.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**NINETY-EIGHTH CAUSE OF ACTION**

**DIRECT COPYRIGHT INFRINGEMENT UNDER 17 U.S.C. § 501**

(against Windermere)

975. Plaintiff incorporates, repeats, and realleges every allegation set forth above.

976. Windermere reproduced the Copyrighted Work No. 21 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(1).

977. Windermere distributed the Copyrighted Work No. 21 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(3).

978. Windermere displayed the Copyrighted Work No. 21 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(5).

979. Plaintiff has sustained actual damages as a result of Windermere's acts as alleged herein, and Windermere is liable to Plaintiff for such damages pursuant to 17 U.S.C. § 504(a)(1).

980. Windermere has profited as a result of Windermere's acts as alleged herein, and Windermere is liable to Plaintiff for such profits pursuant to 17 U.S.C. § 504(a)(1).

981. Plaintiff is entitled to a permanent injunction enjoining further infringement by Windermere pursuant to 17 U.S.C. § 502(a).

982. Plaintiff has incurred costs of suit in connection with bringing this action, and Windermere is liable to Plaintiff for those costs of suit pursuant to 17 U.S.C. § 505.

**NINETY-NINTH CAUSE OF ACTION**

**DIRECT COPYRIGHT INFRINGEMENT UNDER 17 U.S.C. § 501**

(against Windermere)

983. Plaintiff incorporates, repeats, and realleges every allegation set forth above.

984. Windermere reproduced the Copyrighted Work No. 22 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(1).

985. Windermere distributed the Copyrighted Work No. 22 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(3).

986. Windermere displayed the Copyrighted Work No. 22 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(5).

987. Plaintiff has sustained actual damages as a result of Windermere's acts as alleged herein, and Windermere is liable to Plaintiff for such damages pursuant to 17 U.S.C. § 504(a)(1).

988. Windermere has profited as a result of Windermere's acts as alleged herein, and Windermere is liable to Plaintiff for such profits pursuant to 17 U.S.C. § 504(a)(1).

989. Plaintiff is entitled to a permanent injunction enjoining further infringement by Windermere pursuant to 17 U.S.C. § 502(a).

990. Plaintiff has incurred costs of suit in connection with bringing this action, and Windermere is liable to Plaintiff for those costs of suit pursuant to 17 U.S.C. § 505.

## ONE HUNDREDTH CAUSE OF ACTION

## DIRECT COPYRIGHT INFRINGEMENT UNDER 17 U.S.C. § 501

### (against Windermere)

991. Plaintiff incorporates, repeats, and realleges every allegation set forth above.

992. Windermere reproduced the Copyrighted Work No. 23 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(1).

993. Windermere distributed the Copyrighted Work No. 23 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(3).

994. Windermere displayed the Copyrighted Work No. 23 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(5).

995. Plaintiff has sustained actual damages as a result of Windermere's acts as alleged herein, and Windermere is liable to Plaintiff for such damages pursuant to 17 U.S.C. § 504(a)(1).

996. Windermere has profited as a result of Windermere's acts as alleged herein, and Windermere is liable to Plaintiff for such profits pursuant to 17 U.S.C. § 504(a)(1).

997. Plaintiff is entitled to a permanent injunction enjoining further infringement by Windermere pursuant to 17 U.S.C. § 502(a).

998. Plaintiff has incurred costs of suit in connection with bringing this action, and Windermere is liable to Plaintiff for those costs of suit pursuant to 17 U.S.C. § 505.

**ONE HUNDRED FIRST CAUSE OF ACTION**

**DIRECT COPYRIGHT INFRINGEMENT UNDER 17 U.S.C. § 501**

(against Windermere)

999. Plaintiff incorporates, repeats, and realleges every allegation set forth above.

1000.   Windermere reproduced the Copyrighted Work No. 24 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(1).

1001.   Windermere distributed the Copyrighted Work No. 24 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(3).

1002.   Windermere displayed the Copyrighted Work No. 24 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(5).

1003.   Plaintiff has sustained actual damages as a result of Windermere's acts as alleged herein, and Windermere is liable to Plaintiff for such damages pursuant to 17 U.S.C. § 504(a)(1).

1004.   Windermere has profited as a result of Windermere's acts as alleged herein, and Windermere is liable to Plaintiff for such profits pursuant to 17 U.S.C. § 504(a)(1).

1005.   Plaintiff is entitled to a permanent injunction enjoining further infringement by Windermere pursuant to 17 U.S.C. § 502(a).

1006.   Plaintiff has incurred costs of suit in connection with bringing this action, and Windermere is liable to Plaintiff for those costs of suit pursuant to 17 U.S.C. § 505.

**ONE HUNDRED SECOND CAUSE OF ACTION**

**DIRECT COPYRIGHT INFRINGEMENT UNDER 17 U.S.C. § 501**

(against Windermere)

1007.   Plaintiff incorporates, repeats, and realleges every allegation set forth above.

1008.   Windermere reproduced the Copyrighted Work No. 25 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(1).

1009.   Windermere distributed the Copyrighted Work No. 25 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(3).

1010.   Windermere displayed the Copyrighted Work No. 25 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(5).

1011.   Plaintiff has sustained actual damages as a result of Windermere's acts as alleged herein, and Windermere is liable to Plaintiff for such damages pursuant to 17 U.S.C. § 504(a)(1).

1012.   Windermere has profited as a result of Windermere's acts as alleged herein, and Windermere is liable to Plaintiff for such profits pursuant to 17 U.S.C. § 504(a)(1).

1013.   Plaintiff is entitled to a permanent injunction enjoining further infringement by Windermere pursuant to 17 U.S.C. § 502(a).

1014.   Plaintiff has incurred costs of suit in connection with bringing this action, and Windermere is liable to Plaintiff for those costs of suit pursuant to 17 U.S.C. § 505.

## ONE HUNDRED THIRD CAUSE OF ACTION

## DIRECT COPYRIGHT INFRINGEMENT UNDER 17 U.S.C. § 501

(against Windermere)

1015.   Plaintiff incorporates, repeats, and realleges every allegation set forth above.

1016.   Windermere reproduced the Copyrighted Work No. 26 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(1).

1017.   Windermere distributed the Copyrighted Work No. 26 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(3).

1018.   Windermere displayed the Copyrighted Work No. 26 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(5).

1019.   Plaintiff has sustained actual damages as a result of Windermere's acts as alleged herein, and Windermere is liable to Plaintiff for such damages pursuant to 17 U.S.C. § 504(a)(1).

1020.   Windermere has profited as a result of Windermere's acts as alleged herein, and Windermere is liable to Plaintiff for such profits pursuant to 17 U.S.C. § 504(a)(1).

1021.   Plaintiff is entitled to a permanent injunction enjoining further infringement by Windermere pursuant to 17 U.S.C. § 502(a).

1022.   Plaintiff has incurred costs of suit in connection with bringing this action, and Windermere is liable to Plaintiff for those costs of suit pursuant to 17 U.S.C. § 505.

**ONE HUNDRED FOURTH CAUSE OF ACTION**

**DIRECT COPYRIGHT INFRINGEMENT UNDER 17 U.S.C. § 501**

(against Windermere)

1023.   Plaintiff incorporates, repeats, and realleges every allegation set forth above.

1024.   Windermere reproduced the Copyrighted Work No. 27 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(1).

1025.   Windermere distributed the Copyrighted Work No. 27 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(3).

1026.   Windermere displayed the Copyrighted Work No. 27 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(5).

1027.   Plaintiff has sustained actual damages as a result of Windermere's acts as alleged herein, and Windermere is liable to Plaintiff for such damages pursuant to 17 U.S.C. § 504(a)(1).

1028.   Windermere has profited as a result of Windermere's acts as alleged herein, and Windermere is liable to Plaintiff for such profits pursuant to 17 U.S.C. § 504(a)(1).

1029.   Plaintiff is entitled to a permanent injunction enjoining further infringement by Windermere pursuant to 17 U.S.C. § 502(a).

1030.   Plaintiff has incurred costs of suit in connection with bringing this action, and Windermere is liable to Plaintiff for those costs of suit pursuant to 17 U.S.C. § 505.

**ONE HUNDRED FIFTH CAUSE OF ACTION**

**DIRECT COPYRIGHT INFRINGEMENT UNDER 17 U.S.C. § 501**

(against Windermere)

1031.   Plaintiff incorporates, repeats, and realleges every allegation set forth above.

1032.   Windermere reproduced the Copyrighted Work No. 28 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(1).

1033.   Windermere distributed the Copyrighted Work No. 28 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(3).

1034.   Windermere displayed the Copyrighted Work No. 28 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(5).

1035.   Plaintiff has sustained actual damages as a result of Windermere's acts as alleged herein, and Windermere is liable to Plaintiff for such damages pursuant to 17 U.S.C. § 504(a)(1).

1036.   Windermere has profited as a result of Windermere's acts as alleged herein, and Windermere is liable to Plaintiff for such profits pursuant to 17 U.S.C. § 504(a)(1).

1037.   Plaintiff is entitled to a permanent injunction enjoining further infringement by Windermere pursuant to 17 U.S.C. § 502(a).

1038.   Plaintiff has incurred costs of suit in connection with bringing this action, and Windermere is liable to Plaintiff for those costs of suit pursuant to 17 U.S.C. § 505.

## ONE HUNDRED SIXTH CAUSE OF ACTION

## DIRECT COPYRIGHT INFRINGEMENT UNDER 17 U.S.C. § 501

(against Windermere)

1039.   Plaintiff incorporates, repeats, and realleges every allegation set forth above.

1040.   Windermere reproduced the Copyrighted Work No. 29 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(1).

1041.   Windermere distributed the Copyrighted Work No. 29 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(3).

1042.   Windermere displayed the Copyrighted Work No. 29 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(5).

1043.   Plaintiff has sustained actual damages as a result of Windermere's acts as alleged herein, and Windermere is liable to Plaintiff for such damages pursuant to 17 U.S.C. § 504(a)(1).

1044.   Windermere has profited as a result of Windermere's acts as alleged herein, and Windermere is liable to Plaintiff for such profits pursuant to 17 U.S.C. § 504(a)(1).

1045.   Plaintiff is entitled to a permanent injunction enjoining further infringement by Windermere pursuant to 17 U.S.C. § 502(a).

1046.   Plaintiff has incurred costs of suit in connection with bringing this action, and Windermere is liable to Plaintiff for those costs of suit pursuant to 17 U.S.C. § 505.

<u>**ONE HUNDRED SEVENTH CAUSE OF ACTION**</u>

<u>**DIRECT COPYRIGHT INFRINGEMENT UNDER 17 U.S.C. § 501**</u>

(against Windermere)

1047.   Plaintiff incorporates, repeats, and realleges every allegation set forth above.

1048.   Windermere reproduced the Copyrighted Work No. 30 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(1).

1049.   Windermere distributed the Copyrighted Work No. 30 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(3).

1050.   Windermere displayed the Copyrighted Work No. 30 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(5).

1051.   Plaintiff has sustained actual damages as a result of Windermere's acts as alleged herein, and Windermere is liable to Plaintiff for such damages pursuant to 17 U.S.C. § 504(a)(1).

1052.   Windermere has profited as a result of Windermere's acts as alleged herein, and Windermere is liable to Plaintiff for such profits pursuant to 17 U.S.C. § 504(a)(1).

1053.   Plaintiff is entitled to a permanent injunction enjoining further infringement by Windermere pursuant to 17 U.S.C. § 502(a).

1054.   Plaintiff has incurred costs of suit in connection with bringing this action, and Windermere is liable to Plaintiff for those costs of suit pursuant to 17 U.S.C. § 505.

<u>**ONE HUNDRED EIGHTH CAUSE OF ACTION**</u>

<u>**DIRECT COPYRIGHT INFRINGEMENT UNDER 17 U.S.C. § 501**</u>

(against Windermere)

1055.   Plaintiff incorporates, repeats, and realleges every allegation set forth above.

1056.   Windermere reproduced the Copyrighted Work No. 31 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(1).

1057.   Windermere distributed the Copyrighted Work No. 31 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(3).

1058.   Windermere displayed the Copyrighted Work No. 31 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(5).

1059.   Plaintiff has sustained actual damages as a result of Windermere's acts as alleged herein, and Windermere is liable to Plaintiff for such damages pursuant to 17 U.S.C. § 504(a)(1).

1060.   Windermere has profited as a result of Windermere's acts as alleged herein, and Windermere is liable to Plaintiff for such profits pursuant to 17 U.S.C. § 504(a)(1).

1061.   Plaintiff is entitled to a permanent injunction enjoining further infringement by Windermere pursuant to 17 U.S.C. § 502(a).

1062.   Plaintiff has incurred costs of suit in connection with bringing this action, and Windermere is liable to Plaintiff for those costs of suit pursuant to 17 U.S.C. § 505.

<u>**ONE HUNDRED NINTH CAUSE OF ACTION**</u>

<u>**DIRECT COPYRIGHT INFRINGEMENT UNDER 17 U.S.C. § 501**</u>

(against Windermere)

1063.   Plaintiff incorporates, repeats, and realleges every allegation set forth above.

1064.   Windermere reproduced the Copyrighted Work No. 32 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(1).

1065.   Windermere distributed the Copyrighted Work No. 32 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(3).

1066.   Windermere displayed the Copyrighted Work No. 32 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(5).

1067.   Plaintiff has sustained actual damages as a result of Windermere's acts as alleged herein, and Windermere is liable to Plaintiff for such damages pursuant to 17 U.S.C. § 504(a)(1).

1068.   Windermere has profited as a result of Windermere's acts as alleged herein, and Windermere is liable to Plaintiff for such profits pursuant to 17 U.S.C. § 504(a)(1).

1069.   Plaintiff is entitled to a permanent injunction enjoining further infringement by Windermere pursuant to 17 U.S.C. § 502(a).

1070.   Plaintiff has incurred costs of suit in connection with bringing this action, and Windermere is liable to Plaintiff for those costs of suit pursuant to 17 U.S.C. § 505.

**ONE HUNDRED TENTH CAUSE OF ACTION**

**DIRECT COPYRIGHT INFRINGEMENT UNDER 17 U.S.C. § 501**

(against Windermere)

1071.   Plaintiff incorporates, repeats, and realleges every allegation set forth above.

1072.   Windermere reproduced the Copyrighted Work No. 33 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(1).

1073.   Windermere distributed the Copyrighted Work No. 33 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(3).

1074.   Windermere displayed the Copyrighted Work No. 33 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(5).

1075.   Plaintiff has sustained actual damages as a result of Windermere's acts as alleged herein, and Windermere is liable to Plaintiff for such damages pursuant to 17 U.S.C. § 504(a)(1).

1076.   Windermere has profited as a result of Windermere's acts as alleged herein, and Windermere is liable to Plaintiff for such profits pursuant to 17 U.S.C. § 504(a)(1).

1077.   Plaintiff is entitled to a permanent injunction enjoining further infringement by Windermere pursuant to 17 U.S.C. § 502(a).

1078.   Plaintiff has incurred costs of suit in connection with bringing this action, and Windermere is liable to Plaintiff for those costs of suit pursuant to 17 U.S.C. § 505.

**ONE HUNDRED ELEVENTH CAUSE OF ACTION**

**DIRECT COPYRIGHT INFRINGEMENT UNDER 17 U.S.C. § 501**

(against Windermere)

1079.   Plaintiff incorporates, repeats, and realleges every allegation set forth above.

1080.   Windermere reproduced the Copyrighted Work No. 34 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(1).

1081.   Windermere distributed the Copyrighted Work No. 34 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(3).

1082.   Windermere displayed the Copyrighted Work No. 34 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(5).

1083.   Plaintiff has sustained actual damages as a result of Windermere's acts as alleged herein, and Windermere is liable to Plaintiff for such damages pursuant to 17 U.S.C. § 504(a)(1).

1084.   Windermere has profited as a result of Windermere's acts as alleged herein, and Windermere is liable to Plaintiff for such profits pursuant to 17 U.S.C. § 504(a)(1).

1085.   Plaintiff is entitled to a permanent injunction enjoining further infringement by Windermere pursuant to 17 U.S.C. § 502(a).

1086.   Plaintiff has incurred costs of suit in connection with bringing this action, and Windermere is liable to Plaintiff for those costs of suit pursuant to 17 U.S.C. § 505.

## ONE HUNDRED TWELFTH CAUSE OF ACTION

## DIRECT COPYRIGHT INFRINGEMENT UNDER 17 U.S.C. § 501

(against Windermere)

1087.   Plaintiff incorporates, repeats, and realleges every allegation set forth above.

1088.   Windermere reproduced the Copyrighted Work No. 35 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(1).

1089.   Windermere distributed the Copyrighted Work No. 35 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(3).

1090.   Windermere displayed the Copyrighted Work No. 35 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(5).

1091.   Plaintiff has sustained actual damages as a result of Windermere's acts as alleged herein, and Windermere is liable to Plaintiff for such damages pursuant to 17 U.S.C. § 504(a)(1).

1092.   Windermere has profited as a result of Windermere's acts as alleged herein, and Windermere is liable to Plaintiff for such profits pursuant to 17 U.S.C. § 504(a)(1).

1093.   Plaintiff is entitled to a permanent injunction enjoining further infringement by Windermere pursuant to 17 U.S.C. § 502(a).

1094.   Plaintiff has incurred costs of suit in connection with bringing this action, and Windermere is liable to Plaintiff for those costs of suit pursuant to 17 U.S.C. § 505.

## ONE HUNDRED THIRTEENTH CAUSE OF ACTION

## DIRECT COPYRIGHT INFRINGEMENT UNDER 17 U.S.C. § 501

(against Windermere)

1095.   Plaintiff incorporates, repeats, and realleges every allegation set forth above.

1096.   Windermere reproduced the Copyrighted Work No. 36 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(1).

1097.   Windermere distributed the Copyrighted Work No. 36 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(3).

1098.   Windermere displayed the Copyrighted Work No. 36 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(5).

1099.   Plaintiff has sustained actual damages as a result of Windermere's acts as alleged herein, and Windermere is liable to Plaintiff for such damages pursuant to 17 U.S.C. § 504(a)(1).

1100.   Windermere has profited as a result of Windermere's acts as alleged herein, and Windermere is liable to Plaintiff for such profits pursuant to 17 U.S.C. § 504(a)(1).

1101.   Plaintiff is entitled to a permanent injunction enjoining further infringement by Windermere pursuant to 17 U.S.C. § 502(a).

1102.   Plaintiff has incurred costs of suit in connection with bringing this action, and Windermere is liable to Plaintiff for those costs of suit pursuant to 17 U.S.C. § 505.

## ONE HUNDRED FOURTEENTH CAUSE OF ACTION

## DIRECT COPYRIGHT INFRINGEMENT UNDER 17 U.S.C. § 501

(against Windermere)

1103.   Plaintiff incorporates, repeats, and realleges every allegation set forth above.

1104.   Windermere reproduced the Copyrighted Work No. 37 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(1).

1105.   Windermere distributed the Copyrighted Work No. 37 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(3).

1106.   Windermere displayed the Copyrighted Work No. 37 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(5).

1107.   Plaintiff has sustained actual damages as a result of Windermere's acts as alleged herein, and Windermere is liable to Plaintiff for such damages pursuant to 17 U.S.C. § 504(a)(1).

1108.   Windermere has profited as a result of Windermere's acts as alleged herein, and Windermere is liable to Plaintiff for such profits pursuant to 17 U.S.C. § 504(a)(1).

1109.   Plaintiff is entitled to a permanent injunction enjoining further infringement by Windermere pursuant to 17 U.S.C. § 502(a).

1110.   Plaintiff has incurred costs of suit in connection with bringing this action, and Windermere is liable to Plaintiff for those costs of suit pursuant to 17 U.S.C. § 505.

## ONE HUNDRED FIFTEENTH CAUSE OF ACTION

## DIRECT COPYRIGHT INFRINGEMENT UNDER 17 U.S.C. § 501

(against Windermere)

1111.   Plaintiff incorporates, repeats, and realleges every allegation set forth above.

1112.   Windermere reproduced the Copyrighted Work No. 38 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(1).

1113.   Windermere distributed the Copyrighted Work No. 38 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(3).

1114.   Windermere displayed the Copyrighted Work No. 38 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(5).

1115.   Plaintiff has sustained actual damages as a result of Windermere's acts as alleged herein, and Windermere is liable to Plaintiff for such damages pursuant to 17 U.S.C. § 504(a)(1).

1116.   Windermere has profited as a result of Windermere's acts as alleged herein, and Windermere is liable to Plaintiff for such profits pursuant to 17 U.S.C. § 504(a)(1).

1117.   Plaintiff is entitled to a permanent injunction enjoining further infringement by Windermere pursuant to 17 U.S.C. § 502(a).

1118.   Plaintiff has incurred costs of suit in connection with bringing this action, and Windermere is liable to Plaintiff for those costs of suit pursuant to 17 U.S.C. § 505.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**ONE HUNDRED SIXTEENTH CAUSE OF ACTION**

**DIRECT COPYRIGHT INFRINGEMENT UNDER 17 U.S.C. § 501**

(against Windermere)

1119.   Plaintiff incorporates, repeats, and realleges every allegation set forth above.

1120.   Windermere reproduced the Copyrighted Work No. 39 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(1).

1121.   Windermere distributed the Copyrighted Work No. 39 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(3).

1122.   Windermere displayed the Copyrighted Work No. 39 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(5).

1123.   Plaintiff has sustained actual damages as a result of Windermere's acts as alleged herein, and Windermere is liable to Plaintiff for such damages pursuant to 17 U.S.C. § 504(a)(1).

1124.   Windermere has profited as a result of Windermere's acts as alleged herein, and Windermere is liable to Plaintiff for such profits pursuant to 17 U.S.C. § 504(a)(1).

1125.   Plaintiff is entitled to a permanent injunction enjoining further infringement by Windermere pursuant to 17 U.S.C. § 502(a).

1126.   Plaintiff has incurred costs of suit in connection with bringing this action, and Windermere is liable to Plaintiff for those costs of suit pursuant to 17 U.S.C. § 505.

**ONE HUNDRED SEVENTEENTH CAUSE OF ACTION**

**DIRECT COPYRIGHT INFRINGEMENT UNDER 17 U.S.C. § 501**

(against Windermere)

1127.   Plaintiff incorporates, repeats, and realleges every allegation set forth above.

1128.   Windermere reproduced the Copyrighted Work No. 40 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(1).

1129.   Windermere distributed the Copyrighted Work No. 40 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(3).

1130.   Windermere displayed the Copyrighted Work No. 40 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(5).

1131.   Plaintiff has sustained actual damages as a result of Windermere's acts as alleged herein, and Windermere is liable to Plaintiff for such damages pursuant to 17 U.S.C. § 504(a)(1).

1132.   Windermere has profited as a result of Windermere's acts as alleged herein, and Windermere is liable to Plaintiff for such profits pursuant to 17 U.S.C. § 504(a)(1).

1133.   Plaintiff is entitled to a permanent injunction enjoining further infringement by Windermere pursuant to 17 U.S.C. § 502(a).

1134.   Plaintiff has incurred costs of suit in connection with bringing this action, and Windermere is liable to Plaintiff for those costs of suit pursuant to 17 U.S.C. § 505.

## ONE HUNDRED EIGHTEENTH CAUSE OF ACTION

## DIRECT COPYRIGHT INFRINGEMENT UNDER 17 U.S.C. § 501

(against Windermere)

1135.   Plaintiff incorporates, repeats, and realleges every allegation set forth above.

1136.   Windermere reproduced the Copyrighted Work No. 41 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(1).

1137.   Windermere distributed the Copyrighted Work No. 41 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(3).

1138.   Windermere displayed the Copyrighted Work No. 41 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(5).

1139.   Plaintiff has sustained actual damages as a result of Windermere's acts as alleged herein, and Windermere is liable to Plaintiff for such damages pursuant to 17 U.S.C. § 504(a)(1).

1140.   Windermere has profited as a result of Windermere's acts as alleged herein, and Windermere is liable to Plaintiff for such profits pursuant to 17 U.S.C. § 504(a)(1).

1141.   Plaintiff is entitled to a permanent injunction enjoining further infringement by Windermere pursuant to 17 U.S.C. § 502(a).

1142.   Plaintiff has incurred costs of suit in connection with bringing this action, and Windermere is liable to Plaintiff for those costs of suit pursuant to 17 U.S.C. § 505.

**ONE HUNDRED NINETEENTH CAUSE OF ACTION**

**DIRECT COPYRIGHT INFRINGEMENT UNDER 17 U.S.C. § 501**

(against Windermere)

1143.   Plaintiff incorporates, repeats, and realleges every allegation set forth above.

1144.   Windermere reproduced the Copyrighted Work No. 42 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(1).

1145.   Windermere distributed the Copyrighted Work No. 42 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(3).

1146.   Windermere displayed the Copyrighted Work No. 42 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(5).

1147.   Plaintiff has sustained actual damages as a result of Windermere's acts as alleged herein, and Windermere is liable to Plaintiff for such damages pursuant to 17 U.S.C. § 504(a)(1).

1148.   Windermere has profited as a result of Windermere's acts as alleged herein, and Windermere is liable to Plaintiff for such profits pursuant to 17 U.S.C. § 504(a)(1).

1149.   Plaintiff is entitled to a permanent injunction enjoining further infringement by Windermere pursuant to 17 U.S.C. § 502(a).

1150.   Plaintiff has incurred costs of suit in connection with bringing this action, and Windermere is liable to Plaintiff for those costs of suit pursuant to 17 U.S.C. § 505.

**ONE HUNDRED TWENTIETH CAUSE OF ACTION**

**DIRECT COPYRIGHT INFRINGEMENT UNDER 17 U.S.C. § 501**

(against Windermere)

1151.   Plaintiff incorporates, repeats, and realleges every allegation set forth above.

1152.   Windermere reproduced the Copyrighted Work No. 43 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(1).

1153.   Windermere distributed the Copyrighted Work No. 43 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(3).

1154.   Windermere displayed the Copyrighted Work No. 43 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(5).

1155.   Plaintiff has sustained actual damages as a result of Windermere's acts as alleged herein, and Windermere is liable to Plaintiff for such damages pursuant to 17 U.S.C. § 504(a)(1).

1156.   Windermere has profited as a result of Windermere's acts as alleged herein, and Windermere is liable to Plaintiff for such profits pursuant to 17 U.S.C. § 504(a)(1).

1157.   Plaintiff is entitled to a permanent injunction enjoining further infringement by Windermere pursuant to 17 U.S.C. § 502(a).

1158.   Plaintiff has incurred costs of suit in connection with bringing this action, and Windermere is liable to Plaintiff for those costs of suit pursuant to 17 U.S.C. § 505.

## ONE HUNDRED TWENTY-FIRST CAUSE OF ACTION

## DIRECT COPYRIGHT INFRINGEMENT UNDER 17 U.S.C. § 501

(against Windermere)

1159.   Plaintiff incorporates, repeats, and realleges every allegation set forth above.

1160.   Windermere reproduced the Copyrighted Work No. 44 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(1).

1161.   Windermere distributed the Copyrighted Work No. 44 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(3).

1162.   Windermere displayed the Copyrighted Work No. 44 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(5).

1163.   Plaintiff has sustained actual damages as a result of Windermere's acts as alleged herein, and Windermere is liable to Plaintiff for such damages pursuant to 17 U.S.C. § 504(a)(1).

1164.   Windermere has profited as a result of Windermere's acts as alleged herein, and Windermere is liable to Plaintiff for such profits pursuant to 17 U.S.C. § 504(a)(1).

1165.   Plaintiff is entitled to a permanent injunction enjoining further infringement by Windermere pursuant to 17 U.S.C. § 502(a).

1166.   Plaintiff has incurred costs of suit in connection with bringing this action, and Windermere is liable to Plaintiff for those costs of suit pursuant to 17 U.S.C. § 505.

**<u>ONE HUNDRED TWENTY-SECOND CAUSE OF ACTION</u>**

**<u>DIRECT COPYRIGHT INFRINGEMENT UNDER 17 U.S.C. § 501</u>**

(against Windermere)

1167.   Plaintiff incorporates, repeats, and realleges every allegation set forth above.

1168.   Windermere reproduced the Copyrighted Work No. 45 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(1).

1169.   Windermere distributed the Copyrighted Work No. 45 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(3).

1170.   Windermere displayed the Copyrighted Work No. 45 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(5).

1171.   Plaintiff has sustained actual damages as a result of Windermere's acts as alleged herein, and Windermere is liable to Plaintiff for such damages pursuant to 17 U.S.C. § 504(a)(1).

1172.   Windermere has profited as a result of Windermere's acts as alleged herein, and Windermere is liable to Plaintiff for such profits pursuant to 17 U.S.C. § 504(a)(1).

1173.   Plaintiff is entitled to a permanent injunction enjoining further infringement by Windermere pursuant to 17 U.S.C. § 502(a).

1174.   Plaintiff has incurred costs of suit in connection with bringing this action, and Windermere is liable to Plaintiff for those costs of suit pursuant to 17 U.S.C. § 505.

**<u>ONE HUNDRED TWENTY-THIRD CAUSE OF ACTION</u>**

**<u>DIRECT COPYRIGHT INFRINGEMENT UNDER 17 U.S.C. § 501</u>**

(against Windermere)

1175.   Plaintiff incorporates, repeats, and realleges every allegation set forth above.

1176.   Windermere reproduced the Copyrighted Work No. 46 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(1).

1177.   Windermere distributed the Copyrighted Work No. 46 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(3).

1178.   Windermere displayed the Copyrighted Work No. 46 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(5).

1179.   Plaintiff has sustained actual damages as a result of Windermere's acts as alleged herein, and Windermere is liable to Plaintiff for such damages pursuant to 17 U.S.C. § 504(a)(1).

1180.   Windermere has profited as a result of Windermere's acts as alleged herein, and Windermere is liable to Plaintiff for such profits pursuant to 17 U.S.C. § 504(a)(1).

1181.   Plaintiff is entitled to a permanent injunction enjoining further infringement by Windermere pursuant to 17 U.S.C. § 502(a).

1182.   Plaintiff has incurred costs of suit in connection with bringing this action, and Windermere is liable to Plaintiff for those costs of suit pursuant to 17 U.S.C. § 505.

<u>**ONE HUNDRED TWENTY-FOURTH CAUSE OF ACTION**</u>

<u>**DIRECT COPYRIGHT INFRINGEMENT UNDER 17 U.S.C. § 501**</u>

(against Windermere)

1183.   Plaintiff incorporates, repeats, and realleges every allegation set forth above.

1184.   Windermere reproduced the Copyrighted Work No. 47 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(1).

1185.   Windermere distributed the Copyrighted Work No. 47 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(3).

1186.   Windermere displayed the Copyrighted Work No. 47 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(5).

1187.   Plaintiff has sustained actual damages as a result of Windermere's acts as alleged herein, and Windermere is liable to Plaintiff for such damages pursuant to 17 U.S.C. § 504(a)(1).

1188.   Windermere has profited as a result of Windermere's acts as alleged herein, and Windermere is liable to Plaintiff for such profits pursuant to 17 U.S.C. § 504(a)(1).

1189.   Plaintiff is entitled to a permanent injunction enjoining further infringement by Windermere pursuant to 17 U.S.C. § 502(a).

1190.   Plaintiff has incurred costs of suit in connection with bringing this action, and Windermere is liable to Plaintiff for those costs of suit pursuant to 17 U.S.C. § 505.

## ONE HUNDRED TWENTY-FIFTH CAUSE OF ACTION
## DIRECT COPYRIGHT INFRINGEMENT UNDER 17 U.S.C. § 501

(against Windermere)

1191.   Plaintiff incorporates, repeats, and realleges every allegation set forth above.

1192.   Windermere reproduced the Copyrighted Work No. 48 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(1).

1193.   Windermere distributed the Copyrighted Work No. 48 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(3).

1194.   Windermere displayed the Copyrighted Work No. 48 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(5).

1195.   Plaintiff has sustained actual damages as a result of Windermere's acts as alleged herein, and Windermere is liable to Plaintiff for such damages pursuant to 17 U.S.C. § 504(a)(1).

1196.   Windermere has profited as a result of Windermere's acts as alleged herein, and Windermere is liable to Plaintiff for such profits pursuant to 17 U.S.C. § 504(a)(1).

1197.   Plaintiff is entitled to a permanent injunction enjoining further infringement by Windermere pursuant to 17 U.S.C. § 502(a).

1198.   Plaintiff has incurred costs of suit in connection with bringing this action, and Windermere is liable to Plaintiff for those costs of suit pursuant to 17 U.S.C. § 505.

## ONE HUNDRED TWENTY-SIXTH CAUSE OF ACTION
## DIRECT COPYRIGHT INFRINGEMENT UNDER 17 U.S.C. § 501

(against Windermere)

1199.   Plaintiff incorporates, repeats, and realleges every allegation set forth above.

1200.   Windermere reproduced the Copyrighted Work No. 49 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(1).

1201.   Windermere distributed the Copyrighted Work No. 49 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(3).

1202.   Windermere displayed the Copyrighted Work No. 49 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(5).

1203.   Plaintiff has sustained actual damages as a result of Windermere's acts as alleged herein, and Windermere is liable to Plaintiff for such damages pursuant to 17 U.S.C. § 504(a)(1).

1204.   Windermere has profited as a result of Windermere's acts as alleged herein, and Windermere is liable to Plaintiff for such profits pursuant to 17 U.S.C. § 504(a)(1).

1205.   Plaintiff is entitled to a permanent injunction enjoining further infringement by Windermere pursuant to 17 U.S.C. § 502(a).

1206.   Plaintiff has incurred costs of suit in connection with bringing this action, and Windermere is liable to Plaintiff for those costs of suit pursuant to 17 U.S.C. § 505.

## ONE HUNDRED TWENTY-SEVENTH CAUSE OF ACTION

## DIRECT COPYRIGHT INFRINGEMENT UNDER 17 U.S.C. § 501

(against Windermere)

1207.   Plaintiff incorporates, repeats, and realleges every allegation set forth above.

1208.   Windermere reproduced the Copyrighted Work No. 50 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(1).

1209.   Windermere distributed the Copyrighted Work No. 50 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(3).

1210.   Windermere displayed the Copyrighted Work No. 50 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(5).

1211.   Plaintiff has sustained actual damages as a result of Windermere's acts as alleged herein, and Windermere is liable to Plaintiff for such damages pursuant to 17 U.S.C. § 504(a)(1).

1212.   Windermere has profited as a result of Windermere's acts as alleged herein, and Windermere is liable to Plaintiff for such profits pursuant to 17 U.S.C. § 504(a)(1).

1213.   Plaintiff is entitled to a permanent injunction enjoining further infringement by Windermere pursuant to 17 U.S.C. § 502(a).

1214.   Plaintiff has incurred costs of suit in connection with bringing this action, and Windermere is liable to Plaintiff for those costs of suit pursuant to 17 U.S.C. § 505.

## ONE HUNDRED TWENTY-EIGHTH CAUSE OF ACTION
## DIRECT COPYRIGHT INFRINGEMENT UNDER 17 U.S.C. § 501

(against Windermere)

1215.   Plaintiff incorporates, repeats, and realleges every allegation set forth above.

1216.   Windermere reproduced the Copyrighted Work No. 51 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(1).

1217.   Windermere distributed the Copyrighted Work No. 51 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(3).

1218.   Windermere displayed the Copyrighted Work No. 51 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(5).

1219.   Plaintiff has sustained actual damages as a result of Windermere's acts as alleged herein, and Windermere is liable to Plaintiff for such damages pursuant to 17 U.S.C. § 504(a)(1).

1220.   Windermere has profited as a result of Windermere's acts as alleged herein, and Windermere is liable to Plaintiff for such profits pursuant to 17 U.S.C. § 504(a)(1).

1221.   Plaintiff is entitled to a permanent injunction enjoining further infringement by Windermere pursuant to 17 U.S.C. § 502(a).

1222.   Plaintiff has incurred costs of suit in connection with bringing this action, and Windermere is liable to Plaintiff for those costs of suit pursuant to 17 U.S.C. § 505.

## ONE HUNDRED TWENTY-NINTH CAUSE OF ACTION
## DIRECT COPYRIGHT INFRINGEMENT UNDER 17 U.S.C. § 501

(against Windermere)

1223.   Plaintiff incorporates, repeats, and realleges every allegation set forth above.

1224.   Windermere reproduced the Copyrighted Work No. 52 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(1).

1225.   Windermere distributed the Copyrighted Work No. 52 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(3).

1226.   Windermere displayed the Copyrighted Work No. 52 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(5).

1227.   Plaintiff has sustained actual damages as a result of Windermere's acts as alleged herein, and Windermere is liable to Plaintiff for such damages pursuant to 17 U.S.C. § 504(a)(1).

1228.   Windermere has profited as a result of Windermere's acts as alleged herein, and Windermere is liable to Plaintiff for such profits pursuant to 17 U.S.C. § 504(a)(1).

1229.   Plaintiff is entitled to a permanent injunction enjoining further infringement by Windermere pursuant to 17 U.S.C. § 502(a).

1230.   Plaintiff has incurred costs of suit in connection with bringing this action, and Windermere is liable to Plaintiff for those costs of suit pursuant to 17 U.S.C. § 505.

<div align="center">

**ONE HUNDRED THIRTIETH CAUSE OF ACTION**

**DIRECT COPYRIGHT INFRINGEMENT UNDER 17 U.S.C. § 501**

(against Windermere)

</div>

1231.   Plaintiff incorporates, repeats, and realleges every allegation set forth above.

1232.   Windermere reproduced the Copyrighted Work No. 53 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(1).

1233.   Windermere distributed the Copyrighted Work No. 53 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(3).

1234.   Windermere displayed the Copyrighted Work No. 53 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(5).

1235.   Plaintiff has sustained actual damages as a result of Windermere's acts as alleged herein, and Windermere is liable to Plaintiff for such damages pursuant to 17 U.S.C. § 504(a)(1).

1236.   Windermere has profited as a result of Windermere's acts as alleged herein, and Windermere is liable to Plaintiff for such profits pursuant to 17 U.S.C. § 504(a)(1).

1237.   Plaintiff is entitled to a permanent injunction enjoining further infringement by Windermere pursuant to 17 U.S.C. § 502(a).

1238.   Plaintiff has incurred costs of suit in connection with bringing this action, and Windermere is liable to Plaintiff for those costs of suit pursuant to 17 U.S.C. § 505.

## ONE HUNDRED THIRTY-FIRST CAUSE OF ACTION
## DIRECT COPYRIGHT INFRINGEMENT UNDER 17 U.S.C. § 501

(against Windermere)

1239.   Plaintiff incorporates, repeats, and realleges every allegation set forth above.

1240.   Windermere reproduced the Copyrighted Work No. 54 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(1).

1241.   Windermere distributed the Copyrighted Work No. 54 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(3).

1242.   Windermere displayed the Copyrighted Work No. 54 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(5).

1243.   Plaintiff has sustained actual damages as a result of Windermere's acts as alleged herein, and Windermere is liable to Plaintiff for such damages pursuant to 17 U.S.C. § 504(a)(1).

1244.   Windermere has profited as a result of Windermere's acts as alleged herein, and Windermere is liable to Plaintiff for such profits pursuant to 17 U.S.C. § 504(a)(1).

1245.   Plaintiff is entitled to a permanent injunction enjoining further infringement by Windermere pursuant to 17 U.S.C. § 502(a).

1246.   Plaintiff has incurred costs of suit in connection with bringing this action, and Windermere is liable to Plaintiff for those costs of suit pursuant to 17 U.S.C. § 505.

## ONE HUNDRED THIRTY-SECOND CAUSE OF ACTION
## DIRECT COPYRIGHT INFRINGEMENT UNDER 17 U.S.C. § 501

(against Windermere)

1247.   Plaintiff incorporates, repeats, and realleges every allegation set forth above.

1248.   Windermere reproduced the Copyrighted Work No. 55 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(1).

1249.   Windermere distributed the Copyrighted Work No. 55 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(3).

1250.   Windermere displayed the Copyrighted Work No. 55 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(5).

1251.   Plaintiff has sustained actual damages as a result of Windermere's acts as alleged herein, and Windermere is liable to Plaintiff for such damages pursuant to 17 U.S.C. § 504(a)(1).

1252.   Windermere has profited as a result of Windermere's acts as alleged herein, and Windermere is liable to Plaintiff for such profits pursuant to 17 U.S.C. § 504(a)(1).

1253.   Plaintiff is entitled to a permanent injunction enjoining further infringement by Windermere pursuant to 17 U.S.C. § 502(a).

1254.   Plaintiff has incurred costs of suit in connection with bringing this action, and Windermere is liable to Plaintiff for those costs of suit pursuant to 17 U.S.C. § 505.

## ONE HUNDRED THIRTY-THIRD CAUSE OF ACTION

## DIRECT COPYRIGHT INFRINGEMENT UNDER 17 U.S.C. § 501

(against Windermere)

1255.   Plaintiff incorporates, repeats, and realleges every allegation set forth above.

1256.   Windermere reproduced the Copyrighted Work No. 56 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(1).

1257.   Windermere distributed the Copyrighted Work No. 56 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(3).

1258.   Windermere displayed the Copyrighted Work No. 56 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(5).

1259.   Plaintiff has sustained actual damages as a result of Windermere's acts as alleged herein, and Windermere is liable to Plaintiff for such damages pursuant to 17 U.S.C. § 504(a)(1).

1260.   Windermere has profited as a result of Windermere's acts as alleged herein, and Windermere is liable to Plaintiff for such profits pursuant to 17 U.S.C. § 504(a)(1).

1261.   Plaintiff is entitled to a permanent injunction enjoining further infringement by Windermere pursuant to 17 U.S.C. § 502(a).

1262.   Plaintiff has incurred costs of suit in connection with bringing this action, and Windermere is liable to Plaintiff for those costs of suit pursuant to 17 U.S.C. § 505.

## ONE HUNDRED THIRTY-FOURTH CAUSE OF ACTION
## DIRECT COPYRIGHT INFRINGEMENT UNDER 17 U.S.C. § 501

(against Windermere)

1263.   Plaintiff incorporates, repeats, and realleges every allegation set forth above.

1264.   Windermere reproduced the Copyrighted Work No. 57 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(1).

1265.   Windermere distributed the Copyrighted Work No. 57 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(3).

1266.   Windermere displayed the Copyrighted Work No. 57 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(5).

1267.   Plaintiff has sustained actual damages as a result of Windermere's acts as alleged herein, and Windermere is liable to Plaintiff for such damages pursuant to 17 U.S.C. § 504(a)(1).

1268.   Windermere has profited as a result of Windermere's acts as alleged herein, and Windermere is liable to Plaintiff for such profits pursuant to 17 U.S.C. § 504(a)(1).

1269.   Plaintiff is entitled to a permanent injunction enjoining further infringement by Windermere pursuant to 17 U.S.C. § 502(a).

1270.   Plaintiff has incurred costs of suit in connection with bringing this action, and Windermere is liable to Plaintiff for those costs of suit pursuant to 17 U.S.C. § 505.

## ONE HUNDRED THIRTY-FIFTH CAUSE OF ACTION
## DIRECT COPYRIGHT INFRINGEMENT UNDER 17 U.S.C. § 501

(against Windermere)

1271.   Plaintiff incorporates, repeats, and realleges every allegation set forth above.

1272.   Windermere reproduced the Copyrighted Work No. 58 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(1).

1273.   Windermere distributed the Copyrighted Work No. 58 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(3).

1274.   Windermere displayed the Copyrighted Work No. 58 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(5).

1275.   Plaintiff has sustained actual damages as a result of Windermere's acts as alleged herein, and Windermere is liable to Plaintiff for such damages pursuant to 17 U.S.C. § 504(a)(1).

1276.   Windermere has profited as a result of Windermere's acts as alleged herein, and Windermere is liable to Plaintiff for such profits pursuant to 17 U.S.C. § 504(a)(1).

1277.   Plaintiff is entitled to a permanent injunction enjoining further infringement by Windermere pursuant to 17 U.S.C. § 502(a).

1278.   Plaintiff has incurred costs of suit in connection with bringing this action, and Windermere is liable to Plaintiff for those costs of suit pursuant to 17 U.S.C. § 505.

## ONE HUNDRED THIRTY-SIXTH CAUSE OF ACTION

## DIRECT COPYRIGHT INFRINGEMENT UNDER 17 U.S.C. § 501

(against Windermere)

1279.   Plaintiff incorporates, repeats, and realleges every allegation set forth above.

1280.   Windermere reproduced the Copyrighted Work No. 59 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(1).

1281.   Windermere distributed the Copyrighted Work No. 59 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(3).

1282.   Windermere displayed the Copyrighted Work No. 59 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(5).

1283.   Plaintiff has sustained actual damages as a result of Windermere's acts as alleged herein, and Windermere is liable to Plaintiff for such damages pursuant to 17 U.S.C. § 504(a)(1).

1284.   Windermere has profited as a result of Windermere's acts as alleged herein, and Windermere is liable to Plaintiff for such profits pursuant to 17 U.S.C. § 504(a)(1).

1285.   Plaintiff is entitled to a permanent injunction enjoining further infringement by Windermere pursuant to 17 U.S.C. § 502(a).

1286.   Plaintiff has incurred costs of suit in connection with bringing this action, and Windermere is liable to Plaintiff for those costs of suit pursuant to 17 U.S.C. § 505.

**ONE HUNDRED THIRTY-SEVENTH CAUSE OF ACTION**

**DIRECT COPYRIGHT INFRINGEMENT UNDER 17 U.S.C. § 501**

(against Windermere)

1287.   Plaintiff incorporates, repeats, and realleges every allegation set forth above.

1288.   Windermere reproduced the Copyrighted Work No. 60 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(1).

1289.   Windermere distributed the Copyrighted Work No. 60 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(3).

1290.   Windermere displayed the Copyrighted Work No. 60 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(5).

1291.   Plaintiff has sustained actual damages as a result of Windermere's acts as alleged herein, and Windermere is liable to Plaintiff for such damages pursuant to 17 U.S.C. § 504(a)(1).

1292.   Windermere has profited as a result of Windermere's acts as alleged herein, and Windermere is liable to Plaintiff for such profits pursuant to 17 U.S.C. § 504(a)(1).

1293.   Plaintiff is entitled to a permanent injunction enjoining further infringement by Windermere pursuant to 17 U.S.C. § 502(a).

1294.   Plaintiff has incurred costs of suit in connection with bringing this action, and Windermere is liable to Plaintiff for those costs of suit pursuant to 17 U.S.C. § 505.

**ONE HUNDRED THIRTY-EIGHTH CAUSE OF ACTION**

**DIRECT COPYRIGHT INFRINGEMENT UNDER 17 U.S.C. § 501**

(against Windermere)

1295.   Plaintiff incorporates, repeats, and realleges every allegation set forth above.

1296.   Windermere reproduced the Copyrighted Work No. 61 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(1).

1297.   Windermere distributed the Copyrighted Work No. 61 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(3).

1298.   Windermere displayed the Copyrighted Work No. 61 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(5).

1299.   Plaintiff has sustained actual damages as a result of Windermere's acts as alleged herein, and Windermere is liable to Plaintiff for such damages pursuant to 17 U.S.C. § 504(a)(1).

1300.   Windermere has profited as a result of Windermere's acts as alleged herein, and Windermere is liable to Plaintiff for such profits pursuant to 17 U.S.C. § 504(a)(1).

1301.   Plaintiff is entitled to a permanent injunction enjoining further infringement by Windermere pursuant to 17 U.S.C. § 502(a).

1302.   Plaintiff has incurred costs of suit in connection with bringing this action, and Windermere is liable to Plaintiff for those costs of suit pursuant to 17 U.S.C. § 505.

## ONE HUNDRED THIRTY-NINTH CAUSE OF ACTION

## DIRECT COPYRIGHT INFRINGEMENT UNDER 17 U.S.C. § 501

(against Windermere)

1303.   Plaintiff incorporates, repeats, and realleges every allegation set forth above.

1304.   Windermere reproduced the Copyrighted Work No. 62 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(1).

1305.   Windermere distributed the Copyrighted Work No. 62 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(3).

1306.   Windermere displayed the Copyrighted Work No. 62 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(5).

1307.   Plaintiff has sustained actual damages as a result of Windermere's acts as alleged herein, and Windermere is liable to Plaintiff for such damages pursuant to 17 U.S.C. § 504(a)(1).

1308.   Windermere has profited as a result of Windermere's acts as alleged herein, and Windermere is liable to Plaintiff for such profits pursuant to 17 U.S.C. § 504(a)(1).

1309.   Plaintiff is entitled to a permanent injunction enjoining further infringement by Windermere pursuant to 17 U.S.C. § 502(a).

1310.   Plaintiff has incurred costs of suit in connection with bringing this action, and Windermere is liable to Plaintiff for those costs of suit pursuant to 17 U.S.C. § 505.

## ONE HUNDRED FORTIETH CAUSE OF ACTION

## DIRECT COPYRIGHT INFRINGEMENT UNDER 17 U.S.C. § 501

(against Windermere)

1311.   Plaintiff incorporates, repeats, and realleges every allegation set forth above.

1312.   Windermere reproduced the Copyrighted Work No. 63 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(1).

1313.   Windermere distributed the Copyrighted Work No. 63 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(3).

1314.   Windermere displayed the Copyrighted Work No. 63 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(5).

1315.   Plaintiff has sustained actual damages as a result of Windermere's acts as alleged herein, and Windermere is liable to Plaintiff for such damages pursuant to 17 U.S.C. § 504(a)(1).

1316.   Windermere has profited as a result of Windermere's acts as alleged herein, and Windermere is liable to Plaintiff for such profits pursuant to 17 U.S.C. § 504(a)(1).

1317.   Plaintiff is entitled to a permanent injunction enjoining further infringement by Windermere pursuant to 17 U.S.C. § 502(a).

1318.   Plaintiff has incurred costs of suit in connection with bringing this action, and Windermere is liable to Plaintiff for those costs of suit pursuant to 17 U.S.C. § 505.

## ONE HUNDRED FORTY-FIRST CAUSE OF ACTION

## DIRECT COPYRIGHT INFRINGEMENT UNDER 17 U.S.C. § 501

(against Windermere)

1319.   Plaintiff incorporates, repeats, and realleges every allegation set forth above.

1320.   Windermere reproduced the Copyrighted Work No. 64 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(1).

1321.   Windermere distributed the Copyrighted Work No. 64 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(3).

1322.   Windermere displayed the Copyrighted Work No. 64 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(5).

1323.   Plaintiff has sustained actual damages as a result of Windermere's acts as alleged herein, and Windermere is liable to Plaintiff for such damages pursuant to 17 U.S.C. § 504(a)(1).

1324.   Windermere has profited as a result of Windermere's acts as alleged herein, and Windermere is liable to Plaintiff for such profits pursuant to 17 U.S.C. § 504(a)(1).

1325.   Plaintiff is entitled to a permanent injunction enjoining further infringement by Windermere pursuant to 17 U.S.C. § 502(a).

1326.   Plaintiff has incurred costs of suit in connection with bringing this action, and Windermere is liable to Plaintiff for those costs of suit pursuant to 17 U.S.C. § 505.

## ONE HUNDRED FORTY-SECOND CAUSE OF ACTION

## DIRECT COPYRIGHT INFRINGEMENT UNDER 17 U.S.C. § 501

(against Windermere)

1327.   Plaintiff incorporates, repeats, and realleges every allegation set forth above.

1328.   Windermere reproduced the Copyrighted Work No. 65 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(1).

1329.   Windermere distributed the Copyrighted Work No. 65 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(3).

1330.   Windermere displayed the Copyrighted Work No. 65 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(5).

1331.   Plaintiff has sustained actual damages as a result of Windermere's acts as alleged herein, and Windermere is liable to Plaintiff for such damages pursuant to 17 U.S.C. § 504(a)(1).

1332.   Windermere has profited as a result of Windermere's acts as alleged herein, and Windermere is liable to Plaintiff for such profits pursuant to 17 U.S.C. § 504(a)(1).

1333.   Plaintiff is entitled to a permanent injunction enjoining further infringement by Windermere pursuant to 17 U.S.C. § 502(a).

1334.   Plaintiff has incurred costs of suit in connection with bringing this action, and Windermere is liable to Plaintiff for those costs of suit pursuant to 17 U.S.C. § 505.

## ONE HUNDRED FORTY-THIRD CAUSE OF ACTION

## DIRECT COPYRIGHT INFRINGEMENT UNDER 17 U.S.C. § 501

(against Windermere)

1335.   Plaintiff incorporates, repeats, and realleges every allegation set forth above.

1336.   Windermere reproduced the Copyrighted Work No. 66 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(1).

1337.   Windermere distributed the Copyrighted Work No. 66 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(3).

1338.   Windermere displayed the Copyrighted Work No. 66 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(5).

1339.   Plaintiff has sustained actual damages as a result of Windermere's acts as alleged herein, and Windermere is liable to Plaintiff for such damages pursuant to 17 U.S.C. § 504(a)(1).

1340.   Windermere has profited as a result of Windermere's acts as alleged herein, and Windermere is liable to Plaintiff for such profits pursuant to 17 U.S.C. § 504(a)(1).

1341.   Plaintiff is entitled to a permanent injunction enjoining further infringement by Windermere pursuant to 17 U.S.C. § 502(a).

1342.   Plaintiff has incurred costs of suit in connection with bringing this action, and Windermere is liable to Plaintiff for those costs of suit pursuant to 17 U.S.C. § 505.

## ONE HUNDRED FORTY-FOURTH CAUSE OF ACTION

## DIRECT COPYRIGHT INFRINGEMENT UNDER 17 U.S.C. § 501

(against Windermere)

1343.   Plaintiff incorporates, repeats, and realleges every allegation set forth above.

1344.   Windermere reproduced the Copyrighted Work No. 67 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(1).

1345.   Windermere distributed the Copyrighted Work No. 67 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(3).

1346.   Windermere displayed the Copyrighted Work No. 67 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(5).

1347.   Plaintiff has sustained actual damages as a result of Windermere's acts as alleged herein, and Windermere is liable to Plaintiff for such damages pursuant to 17 U.S.C. § 504(a)(1).

1348.   Windermere has profited as a result of Windermere's acts as alleged herein, and Windermere is liable to Plaintiff for such profits pursuant to 17 U.S.C. § 504(a)(1).

1349.   Plaintiff is entitled to a permanent injunction enjoining further infringement by Windermere pursuant to 17 U.S.C. § 502(a).

1350.   Plaintiff has incurred costs of suit in connection with bringing this action, and Windermere is liable to Plaintiff for those costs of suit pursuant to 17 U.S.C. § 505.

## ONE HUNDRED FORTY-FIFTH CAUSE OF ACTION

## DIRECT COPYRIGHT INFRINGEMENT UNDER 17 U.S.C. § 501

(against Windermere)

1351.   Plaintiff incorporates, repeats, and realleges every allegation set forth above.

1352.   Windermere reproduced the Copyrighted Work No. 68 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(1).

1353.   Windermere distributed the Copyrighted Work No. 68 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(3).

1354.   Windermere displayed the Copyrighted Work No. 68 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(5).

1355.   Plaintiff has sustained actual damages as a result of Windermere's acts as alleged herein, and Windermere is liable to Plaintiff for such damages pursuant to 17 U.S.C. § 504(a)(1).

1356.   Windermere has profited as a result of Windermere's acts as alleged herein, and Windermere is liable to Plaintiff for such profits pursuant to 17 U.S.C. § 504(a)(1).

1357.   Plaintiff is entitled to a permanent injunction enjoining further infringement by Windermere pursuant to 17 U.S.C. § 502(a).

1358.   Plaintiff has incurred costs of suit in connection with bringing this action, and Windermere is liable to Plaintiff for those costs of suit pursuant to 17 U.S.C. § 505.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## ONE HUNDRED FORTY-SIXTH CAUSE OF ACTION
## DIRECT COPYRIGHT INFRINGEMENT UNDER 17 U.S.C. § 501

(against Windermere)

1359.   Plaintiff incorporates, repeats, and realleges every allegation set forth above.

1360.   Windermere reproduced the Copyrighted Work No. 69 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(1).

1361.   Windermere distributed the Copyrighted Work No. 69 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(3).

1362.   Windermere displayed the Copyrighted Work No. 69 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(5).

1363.   Plaintiff has sustained actual damages as a result of Windermere's acts as alleged herein, and Windermere is liable to Plaintiff for such damages pursuant to 17 U.S.C. § 504(a)(1).

1364.   Windermere has profited as a result of Windermere's acts as alleged herein, and Windermere is liable to Plaintiff for such profits pursuant to 17 U.S.C. § 504(a)(1).

1365.   Plaintiff is entitled to a permanent injunction enjoining further infringement by Windermere pursuant to 17 U.S.C. § 502(a).

1366.   Plaintiff has incurred costs of suit in connection with bringing this action, and Windermere is liable to Plaintiff for those costs of suit pursuant to 17 U.S.C. § 505.

## ONE HUNDRED FORTY-SEVENTH CAUSE OF ACTION
## DIRECT COPYRIGHT INFRINGEMENT UNDER 17 U.S.C. § 501

(against Windermere)

1367.   Plaintiff incorporates, repeats, and realleges every allegation set forth above.

1368.   Windermere reproduced the Copyrighted Work No. 70 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(1).

1369.   Windermere distributed the Copyrighted Work No. 70 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(3).

1370.   Windermere displayed the Copyrighted Work No. 70 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(5).

1371.   Plaintiff has sustained actual damages as a result of Windermere's acts as alleged herein, and Windermere is liable to Plaintiff for such damages pursuant to 17 U.S.C. § 504(a)(1).

1372.   Windermere has profited as a result of Windermere's acts as alleged herein, and Windermere is liable to Plaintiff for such profits pursuant to 17 U.S.C. § 504(a)(1).

1373.   Plaintiff is entitled to a permanent injunction enjoining further infringement by Windermere pursuant to 17 U.S.C. § 502(a).

1374.   Plaintiff has incurred costs of suit in connection with bringing this action, and Windermere is liable to Plaintiff for those costs of suit pursuant to 17 U.S.C. § 505.

## ONE HUNDRED FORTY-EIGHTH CAUSE OF ACTION

## DIRECT COPYRIGHT INFRINGEMENT UNDER 17 U.S.C. § 501

(against Windermere)

1375.   Plaintiff incorporates, repeats, and realleges every allegation set forth above.

1376.   Windermere reproduced the Copyrighted Work No. 71 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(1).

1377.   Windermere distributed the Copyrighted Work No. 71 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(3).

1378.   Windermere displayed the Copyrighted Work No. 71 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(5).

1379.   Plaintiff has sustained actual damages as a result of Windermere's acts as alleged herein, and Windermere is liable to Plaintiff for such damages pursuant to 17 U.S.C. § 504(a)(1).

1380.   Windermere has profited as a result of Windermere's acts as alleged herein, and Windermere is liable to Plaintiff for such profits pursuant to 17 U.S.C. § 504(a)(1).

1381.   Plaintiff is entitled to a permanent injunction enjoining further infringement by Windermere pursuant to 17 U.S.C. § 502(a).

1382.   Plaintiff has incurred costs of suit in connection with bringing this action, and Windermere is liable to Plaintiff for those costs of suit pursuant to 17 U.S.C. § 505.

## ONE HUNDRED FORTY-NINTH CAUSE OF ACTION

## DIRECT COPYRIGHT INFRINGEMENT UNDER 17 U.S.C. § 501

(against Windermere)

1383.   Plaintiff incorporates, repeats, and realleges every allegation set forth above.

1384.   Windermere reproduced the Copyrighted Work No. 72 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(1).

1385.   Windermere distributed the Copyrighted Work No. 72 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(3).

1386.   Windermere displayed the Copyrighted Work No. 72 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(5).

1387.   Plaintiff has sustained actual damages as a result of Windermere's acts as alleged herein, and Windermere is liable to Plaintiff for such damages pursuant to 17 U.S.C. § 504(a)(1).

1388.   Windermere has profited as a result of Windermere's acts as alleged herein, and Windermere is liable to Plaintiff for such profits pursuant to 17 U.S.C. § 504(a)(1).

1389.   Plaintiff is entitled to a permanent injunction enjoining further infringement by Windermere pursuant to 17 U.S.C. § 502(a).

1390.   Plaintiff has incurred costs of suit in connection with bringing this action, and Windermere is liable to Plaintiff for those costs of suit pursuant to 17 U.S.C. § 505.

## ONE HUNDRED FIFTIETH CAUSE OF ACTION

## DIRECT COPYRIGHT INFRINGEMENT UNDER 17 U.S.C. § 501

(against Windermere)

1391.   Plaintiff incorporates, repeats, and realleges every allegation set forth above.

1392.   Windermere reproduced the Copyrighted Work No. 73 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(1).

1393.   Windermere distributed the Copyrighted Work No. 73 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(3).

1394.   Windermere displayed the Copyrighted Work No. 73 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(5).

1395.   Plaintiff has sustained actual damages as a result of Windermere's acts as alleged herein, and Windermere is liable to Plaintiff for such damages pursuant to 17 U.S.C. § 504(a)(1).

1396.   Windermere has profited as a result of Windermere's acts as alleged herein, and Windermere is liable to Plaintiff for such profits pursuant to 17 U.S.C. § 504(a)(1).

1397.   Plaintiff is entitled to a permanent injunction enjoining further infringement by Windermere pursuant to 17 U.S.C. § 502(a).

1398.   Plaintiff has incurred costs of suit in connection with bringing this action, and Windermere is liable to Plaintiff for those costs of suit pursuant to 17 U.S.C. § 505.

## ONE HUNDRED FIFTY-FIRST CAUSE OF ACTION

## DIRECT COPYRIGHT INFRINGEMENT UNDER 17 U.S.C. § 501

(against Windermere)

1399.   Plaintiff incorporates, repeats, and realleges every allegation set forth above.

1400.   Windermere reproduced the Copyrighted Work No. 74 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(1).

1401.   Windermere distributed the Copyrighted Work No. 74 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(3).

1402.   Windermere displayed the Copyrighted Work No. 74 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(5).

1403.   Plaintiff has sustained actual damages as a result of Windermere's acts as alleged herein, and Windermere is liable to Plaintiff for such damages pursuant to 17 U.S.C. § 504(a)(1).

1404.   Windermere has profited as a result of Windermere's acts as alleged herein, and Windermere is liable to Plaintiff for such profits pursuant to 17 U.S.C. § 504(a)(1).

1405.   Plaintiff is entitled to a permanent injunction enjoining further infringement by Windermere pursuant to 17 U.S.C. § 502(a).

1406.   Plaintiff has incurred costs of suit in connection with bringing this action, and Windermere is liable to Plaintiff for those costs of suit pursuant to 17 U.S.C. § 505.

**ONE HUNDRED FIFTY-SECOND CAUSE OF ACTION**

**DIRECT COPYRIGHT INFRINGEMENT UNDER 17 U.S.C. § 501**

(against Windermere)

1407.   Plaintiff incorporates, repeats, and realleges every allegation set forth above.

1408.   Windermere reproduced the Copyrighted Work No. 75 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(1).

1409.   Windermere distributed the Copyrighted Work No. 75 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(3).

1410.   Windermere displayed the Copyrighted Work No. 75 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(5).

1411.   Plaintiff has sustained actual damages as a result of Windermere's acts as alleged herein, and Windermere is liable to Plaintiff for such damages pursuant to 17 U.S.C. § 504(a)(1).

1412.   Windermere has profited as a result of Windermere's acts as alleged herein, and Windermere is liable to Plaintiff for such profits pursuant to 17 U.S.C. § 504(a)(1).

1413.   Plaintiff is entitled to a permanent injunction enjoining further infringement by Windermere pursuant to 17 U.S.C. § 502(a).

1414.   Plaintiff has incurred costs of suit in connection with bringing this action, and Windermere is liable to Plaintiff for those costs of suit pursuant to 17 U.S.C. § 505.

**ONE HUNDRED FIFTY-THIRD CAUSE OF ACTION**

**DIRECT COPYRIGHT INFRINGEMENT UNDER 17 U.S.C. § 501**

(against Windermere)

1415.   Plaintiff incorporates, repeats, and realleges every allegation set forth above.

1416.   Windermere reproduced the Copyrighted Work No. 76 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(1).

1417.   Windermere distributed the Copyrighted Work No. 76 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(3).

1418.   Windermere displayed the Copyrighted Work No. 76 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(5).

1419.   Plaintiff has sustained actual damages as a result of Windermere's acts as alleged herein, and Windermere is liable to Plaintiff for such damages pursuant to 17 U.S.C. § 504(a)(1).

1420.   Windermere has profited as a result of Windermere's acts as alleged herein, and Windermere is liable to Plaintiff for such profits pursuant to 17 U.S.C. § 504(a)(1).

1421.   Plaintiff is entitled to a permanent injunction enjoining further infringement by Windermere pursuant to 17 U.S.C. § 502(a).

1422.   Plaintiff has incurred costs of suit in connection with bringing this action, and Windermere is liable to Plaintiff for those costs of suit pursuant to 17 U.S.C. § 505.

## ONE HUNDRED FIFTY-FOURTH CAUSE OF ACTION

## DIRECT COPYRIGHT INFRINGEMENT UNDER 17 U.S.C. § 501

(against Windermere)

1423.   Plaintiff incorporates, repeats, and realleges every allegation set forth above.

1424.   Windermere reproduced the Copyrighted Work No. 77 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(1).

1425.   Windermere distributed the Copyrighted Work No. 77 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(3).

1426.   Windermere displayed the Copyrighted Work No. 77 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(5).

1427.   Plaintiff has sustained actual damages as a result of Windermere's acts as alleged herein, and Windermere is liable to Plaintiff for such damages pursuant to 17 U.S.C. § 504(a)(1).

1428.   Windermere has profited as a result of Windermere's acts as alleged herein, and Windermere is liable to Plaintiff for such profits pursuant to 17 U.S.C. § 504(a)(1).

1429.   Plaintiff is entitled to a permanent injunction enjoining further infringement by Windermere pursuant to 17 U.S.C. § 502(a).

1430.   Plaintiff has incurred costs of suit in connection with bringing this action, and KS is liable to Plaintiff for those costs of suit pursuant to 17 U.S.C. § 505.

**ONE HUNDRED FIFTY-FIFTH CAUSE OF ACTION**

**DIRECT COPYRIGHT INFRINGEMENT UNDER 17 U.S.C. § 501**

(against KS)

1431.   Plaintiff incorporates, repeats, and realleges every allegation set forth above.

1432.   KS reproduced the Copyrighted Work No. 28 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(1).

1433.   KS distributed the Copyrighted Work No. 28 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(3).

1434.   Plaintiff has sustained actual damages as a result of KS's acts as alleged herein, and KS is liable to Plaintiff for such damages pursuant to 17 U.S.C. § 504(a)(1).

1435.   KS has profited as a result of KS's acts as alleged herein, and KS is liable to Plaintiff for such profits pursuant to 17 U.S.C. § 504(a)(1).

1436.   Plaintiff is entitled to a permanent injunction enjoining further infringement by KS pursuant to 17 U.S.C. § 502(a).

1437.   Plaintiff has incurred costs of suit in connection with bringing this action, and KS is liable to Plaintiff for those costs of suit pursuant to 17 U.S.C. § 505.

**ONE HUNDRED FIFTY-SIXTH CAUSE OF ACTION**

**DIRECT COPYRIGHT INFRINGEMENT UNDER 17 U.S.C. § 501**

(against KS)

1438.   Plaintiff incorporates, repeats, and realleges every allegation set forth above.

1439.   KS reproduced the Copyrighted Work No. 29 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(1).

1440.   KS distributed the Copyrighted Work No. 29 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(3).

1441.   Plaintiff has sustained actual damages as a result of KS's acts as alleged herein, and KS is liable to Plaintiff for such damages pursuant to 17 U.S.C. § 504(a)(1).

1442.   KS has profited as a result of KS's acts as alleged herein, and KS is liable to Plaintiff for such profits pursuant to 17 U.S.C. § 504(a)(1).

1443.   Plaintiff is entitled to a permanent injunction enjoining further infringement by KS pursuant to 17 U.S.C. § 502(a).

1444.   Plaintiff has incurred costs of suit in connection with bringing this action, and KS is liable to Plaintiff for those costs of suit pursuant to 17 U.S.C. § 505.

## ONE HUNDRED FIFTY-SEVENTH CAUSE OF ACTION
## DIRECT COPYRIGHT INFRINGEMENT UNDER 17 U.S.C. § 501

(against KS)

1445.   Plaintiff incorporates, repeats, and realleges every allegation set forth above.

1446.   KS reproduced the Copyrighted Work No. 30 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(1).

1447.   KS distributed the Copyrighted Work No. 30 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(3).

1448.   Plaintiff has sustained actual damages as a result of KS's acts as alleged herein, and KS is liable to Plaintiff for such damages pursuant to 17 U.S.C. § 504(a)(1).

1449.   KS has profited as a result of KS's acts as alleged herein, and KS is liable to Plaintiff for such profits pursuant to 17 U.S.C. § 504(a)(1).

1450.   Plaintiff is entitled to a permanent injunction enjoining further infringement by KS pursuant to 17 U.S.C. § 502(a).

1451.   Plaintiff has incurred costs of suit in connection with bringing this action, and KS is liable to Plaintiff for those costs of suit pursuant to 17 U.S.C. § 505.

## ONE HUNDRED FIFTY-EIGHTH CAUSE OF ACTION
## DIRECT COPYRIGHT INFRINGEMENT UNDER 17 U.S.C. § 501

(against KS)

1452.   Plaintiff incorporates, repeats, and realleges every allegation set forth above.

1453.   KS reproduced the Copyrighted Work No. 32 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(1).

1454.   KS distributed the Copyrighted Work No. 32 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(3).

1455.   Plaintiff has sustained actual damages as a result of KS's acts as alleged herein, and KS is liable to Plaintiff for such damages pursuant to 17 U.S.C. § 504(a)(1).

1456.   KS has profited as a result of KS's acts as alleged herein, and KS is liable to Plaintiff for such profits pursuant to 17 U.S.C. § 504(a)(1).

1457.   Plaintiff is entitled to a permanent injunction enjoining further infringement by KS pursuant to 17 U.S.C. § 502(a).

1458.   Plaintiff has incurred costs of suit in connection with bringing this action, and KS is liable to Plaintiff for those costs of suit pursuant to 17 U.S.C. § 505.

## ONE HUNDRED FIFTY-NINTH CAUSE OF ACTION
## DIRECT COPYRIGHT INFRINGEMENT UNDER 17 U.S.C. § 501

(against KS)

1459.   Plaintiff incorporates, repeats, and realleges every allegation set forth above.

1460.   KS reproduced the Copyrighted Work No. 57 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(1).

1461.   KS distributed the Copyrighted Work No. 57 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(3).

1462.   Plaintiff has sustained actual damages as a result of KS's acts as alleged herein, and KS is liable to Plaintiff for such damages pursuant to 17 U.S.C. § 504(a)(1).

1463.   KS has profited as a result of KS's acts as alleged herein, and KS is liable to Plaintiff for such profits pursuant to 17 U.S.C. § 504(a)(1).

1464.   Plaintiff is entitled to a permanent injunction enjoining further infringement by KS pursuant to 17 U.S.C. § 502(a).

1465.   Plaintiff has incurred costs of suit in connection with bringing this action, and KS is liable to Plaintiff for those costs of suit pursuant to 17 U.S.C. § 505.

## ONE HUNDRED SIXTIETH CAUSE OF ACTION
## DIRECT COPYRIGHT INFRINGEMENT UNDER 17 U.S.C. § 501

(against KS)

1466.   Plaintiff incorporates, repeats, and realleges every allegation set forth above.

1467.   KS reproduced the Copyrighted Work No. 58 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(1).

1468.   KS distributed the Copyrighted Work No. 58 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(3).

1469.   Plaintiff has sustained actual damages as a result of KS's acts as alleged herein, and KS is liable to Plaintiff for such damages pursuant to 17 U.S.C. § 504(a)(1).

1470.   KS has profited as a result of KS's acts as alleged herein, and KS is liable to Plaintiff for such profits pursuant to 17 U.S.C. § 504(a)(1).

1471.   Plaintiff is entitled to a permanent injunction enjoining further infringement by KS pursuant to 17 U.S.C. § 502(a).

1472.   Plaintiff has incurred costs of suit in connection with bringing this action, and KS is liable to Plaintiff for those costs of suit pursuant to 17 U.S.C. § 505.

## ONE HUNDRED SIXTY-FIRST CAUSE OF ACTION

## DIRECT COPYRIGHT INFRINGEMENT UNDER 17 U.S.C. § 501

(against KS)

1473.   Plaintiff incorporates, repeats, and realleges every allegation set forth above.

1474.   KS reproduced the Copyrighted Work No. 60 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(1).

1475.   KS distributed the Copyrighted Work No. 60 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(3).

1476.   Plaintiff has sustained actual damages as a result of KS's acts as alleged herein, and KS is liable to Plaintiff for such damages pursuant to 17 U.S.C. § 504(a)(1).

1477.   KS has profited as a result of KS's acts as alleged herein, and KS is liable to Plaintiff for such profits pursuant to 17 U.S.C. § 504(a)(1).

1478.   Plaintiff is entitled to a permanent injunction enjoining further infringement by KS pursuant to 17 U.S.C. § 502(a).

1479.   Plaintiff has incurred costs of suit in connection with bringing this action, and KS is liable to Plaintiff for those costs of suit pursuant to 17 U.S.C. § 505.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## ONE HUNDRED SIXTY-SECOND CAUSE OF ACTION
## DIRECT COPYRIGHT INFRINGEMENT UNDER 17 U.S.C. § 501

(against KS)

1480.   Plaintiff incorporates, repeats, and realleges every allegation set forth above.

1481.   KS reproduced the Copyrighted Work No. 61 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(1).

1482.   KS distributed the Copyrighted Work No. 61 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(3).

1483.   Plaintiff has sustained actual damages as a result of KS's acts as alleged herein, and KS is liable to Plaintiff for such damages pursuant to 17 U.S.C. § 504(a)(1).

1484.   KS has profited as a result of KS's acts as alleged herein, and KS is liable to Plaintiff for such profits pursuant to 17 U.S.C. § 504(a)(1).

1485.   Plaintiff is entitled to a permanent injunction enjoining further infringement by KS pursuant to 17 U.S.C. § 502(a).

1486.   Plaintiff has incurred costs of suit in connection with bringing this action, and KS is liable to Plaintiff for those costs of suit pursuant to 17 U.S.C. § 505.

## ONE HUNDRED SIXTY-THIRD CAUSE OF ACTION
## DIRECT COPYRIGHT INFRINGEMENT UNDER 17 U.S.C. § 501

(against KS)

1487.   Plaintiff incorporates, repeats, and realleges every allegation set forth above.

1488.   KS reproduced the Copyrighted Work No. 62 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(1).

1489.   KS distributed the Copyrighted Work No. 62 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(3).

1490.   Plaintiff has sustained actual damages as a result of KS's acts as alleged herein, and KS is liable to Plaintiff for such damages pursuant to 17 U.S.C. § 504(a)(1).

1491.   KS has profited as a result of KS's acts as alleged herein, and KS is liable to Plaintiff for such profits pursuant to 17 U.S.C. § 504(a)(1).

1492.   Plaintiff is entitled to a permanent injunction enjoining further infringement by KS pursuant to 17 U.S.C. § 502(a).

1493.   Plaintiff has incurred costs of suit in connection with bringing this action, and KS is liable to Plaintiff for those costs of suit pursuant to 17 U.S.C. § 505.

## ONE HUNDRED SIXTY-FOURTH CAUSE OF ACTION
## DIRECT COPYRIGHT INFRINGEMENT UNDER 17 U.S.C. § 501

(against KS)

1494.   Plaintiff incorporates, repeats, and realleges every allegation set forth above.

1495.   KS reproduced the Copyrighted Work No. 63 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(1).

1496.   KS distributed the Copyrighted Work No. 63 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(3).

1497.   Plaintiff has sustained actual damages as a result of KS's acts as alleged herein, and KS is liable to Plaintiff for such damages pursuant to 17 U.S.C. § 504(a)(1).

1498.   KS has profited as a result of KS's acts as alleged herein, and KS is liable to Plaintiff for such profits pursuant to 17 U.S.C. § 504(a)(1).

1499.   Plaintiff is entitled to a permanent injunction enjoining further infringement by KS pursuant to 17 U.S.C. § 502(a).

1500.   Plaintiff has incurred costs of suit in connection with bringing this action, and KS is liable to Plaintiff for those costs of suit pursuant to 17 U.S.C. § 505.

## ONE HUNDRED SIXTY-FIFTH OF ACTION
## DIRECT COPYRIGHT INFRINGEMENT UNDER 17 U.S.C. § 501

(against KS)

1501.   Plaintiff incorporates, repeats, and realleges every allegation set forth above.

1502.   KS reproduced the Copyrighted Work No. 64 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(1).

1503.   KS distributed the Copyrighted Work No. 64 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(3).

1504.   Plaintiff has sustained actual damages as a result of KS's acts as alleged herein, and KS is liable to Plaintiff for such damages pursuant to 17 U.S.C. § 504(a)(1).

1505.   KS has profited as a result of KS's acts as alleged herein, and KS is liable to Plaintiff for such profits pursuant to 17 U.S.C. § 504(a)(1).

1506.   Plaintiff is entitled to a permanent injunction enjoining further infringement by KS pursuant to 17 U.S.C. § 502(a).

1507.   Plaintiff has incurred costs of suit in connection with bringing this action, and KS is liable to Plaintiff for those costs of suit pursuant to 17 U.S.C. § 505.

## ONE HUNDRED SIXTY-SIXTH CAUSE OF ACTION
## DIRECT COPYRIGHT INFRINGEMENT UNDER 17 U.S.C. § 501

(against KS)

1508.   Plaintiff incorporates, repeats, and realleges every allegation set forth above.

1509.   KS reproduced the Copyrighted Work No. 65 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(1).

1510.   KS distributed the Copyrighted Work No. 65 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(3).

1511.   Plaintiff has sustained actual damages as a result of KS's acts as alleged herein, and KS is liable to Plaintiff for such damages pursuant to 17 U.S.C. § 504(a)(1).

1512.   KS has profited as a result of KS's acts as alleged herein, and KS is liable to Plaintiff for such profits pursuant to 17 U.S.C. § 504(a)(1).

1513.   Plaintiff is entitled to a permanent injunction enjoining further infringement by KS pursuant to 17 U.S.C. § 502(a).

1514.   Plaintiff has incurred costs of suit in connection with bringing this action, and KS is liable to Plaintiff for those costs of suit pursuant to 17 U.S.C. § 505.

## ONE HUNDRED SIXTY-SEVENTH CAUSE OF ACTION
## DIRECT COPYRIGHT INFRINGEMENT UNDER 17 U.S.C. § 501

(against KS)

1515.   Plaintiff incorporates, repeats, and realleges every allegation set forth above.

1516.   KS reproduced the Copyrighted Work No. 66 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(1).

1517.   KS distributed the Copyrighted Work No. 66 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(3).

1518.   Plaintiff has sustained actual damages as a result of KS's acts as alleged herein, and KS is liable to Plaintiff for such damages pursuant to 17 U.S.C. § 504(a)(1).

1519.   KS has profited as a result of KS's acts as alleged herein, and KS is liable to Plaintiff for such profits pursuant to 17 U.S.C. § 504(a)(1).

1520.   Plaintiff is entitled to a permanent injunction enjoining further infringement by KS pursuant to 17 U.S.C. § 502(a).

1521.   Plaintiff has incurred costs of suit in connection with bringing this action, and KS is liable to Plaintiff for those costs of suit pursuant to 17 U.S.C. § 505.

## ONE HUNDRED SIXTY-EIGHTH CAUSE OF ACTION

## DIRECT COPYRIGHT INFRINGEMENT UNDER 17 U.S.C. § 501

(against KS)

1522.   Plaintiff incorporates, repeats, and realleges every allegation set forth above.

1523.   KS reproduced the Copyrighted Work No. 67 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(1).

1524.   KS distributed the Copyrighted Work No. 67 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(3).

1525.   Plaintiff has sustained actual damages as a result of KS's acts as alleged herein, and KS is liable to Plaintiff for such damages pursuant to 17 U.S.C. § 504(a)(1).

1526.   KS has profited as a result of KS's acts as alleged herein, and KS is liable to Plaintiff for such profits pursuant to 17 U.S.C. § 504(a)(1).

1527.   Plaintiff is entitled to a permanent injunction enjoining further infringement by KS pursuant to 17 U.S.C. § 502(a).

1528.   Plaintiff has incurred costs of suit in connection with bringing this action, and KS is liable to Plaintiff for those costs of suit pursuant to 17 U.S.C. § 505.

## ONE HUNDRED SIXTY-NINTH CAUSE OF ACTION

## DIRECT COPYRIGHT INFRINGEMENT UNDER 17 U.S.C. § 501

(against KS)

1529.   Plaintiff incorporates, repeats, and realleges every allegation set forth above.

1530.   KS reproduced the Copyrighted Work No. 68 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(1).

1531.   KS distributed the Copyrighted Work No. 68 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(3).

1532.   Plaintiff has sustained actual damages as a result of KS's acts as alleged herein, and KS is liable to Plaintiff for such damages pursuant to 17 U.S.C. § 504(a)(1).

1533.   KS has profited as a result of KS's acts as alleged herein, and KS is liable to Plaintiff for such profits pursuant to 17 U.S.C. § 504(a)(1).

1534.   Plaintiff is entitled to a permanent injunction enjoining further infringement by KS pursuant to 17 U.S.C. § 502(a).

1535.   Plaintiff has incurred costs of suit in connection with bringing this action, and KS is liable to Plaintiff for those costs of suit pursuant to 17 U.S.C. § 505.

## ONE HUNDRED SEVENTIETH CAUSE OF ACTION

## DIRECT COPYRIGHT INFRINGEMENT UNDER 17 U.S.C. § 501

(against KS)

1536.   Plaintiff incorporates, repeats, and realleges every allegation set forth above.

1537.   KS reproduced the Copyrighted Work No. 69 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(1).

1538.   KS distributed the Copyrighted Work No. 69 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(3).

1539.   Plaintiff has sustained actual damages as a result of KS's acts as alleged herein, and KS is liable to Plaintiff for such damages pursuant to 17 U.S.C. § 504(a)(1).

1540.   KS has profited as a result of KS's acts as alleged herein, and KS is liable to Plaintiff for such profits pursuant to 17 U.S.C. § 504(a)(1).

1541.   Plaintiff is entitled to a permanent injunction enjoining further infringement by KS pursuant to 17 U.S.C. § 502(a).

1542.   Plaintiff has incurred costs of suit in connection with bringing this action, and KS is liable to Plaintiff for those costs of suit pursuant to 17 U.S.C. § 505.

## ONE HUNDRED SEVENTY-FIRST CAUSE OF ACTION
## DIRECT COPYRIGHT INFRINGEMENT UNDER 17 U.S.C. § 501

(against KS)

1543.   Plaintiff incorporates, repeats, and realleges every allegation set forth above.

1544.   KS reproduced the Copyrighted Work No. 70 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(1).

1545.   KS distributed the Copyrighted Work No. 70 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(3).

1546.   Plaintiff has sustained actual damages as a result of KS's acts as alleged herein, and KS is liable to Plaintiff for such damages pursuant to 17 U.S.C. § 504(a)(1).

1547.   KS has profited as a result of KS's acts as alleged herein, and KS is liable to Plaintiff for such profits pursuant to 17 U.S.C. § 504(a)(1).

1548.   Plaintiff is entitled to a permanent injunction enjoining further infringement by KS pursuant to 17 U.S.C. § 502(a).

1549.   Plaintiff has incurred costs of suit in connection with bringing this action, and KS is liable to Plaintiff for those costs of suit pursuant to 17 U.S.C. § 505.

## ONE HUNDRED SEVENTY-SECOND CAUSE OF ACTION
## DIRECT COPYRIGHT INFRINGEMENT UNDER 17 U.S.C. § 501

(against KS)

1550.   Plaintiff incorporates, repeats, and realleges every allegation set forth above.

1551.   KS reproduced the Copyrighted Work No. 71 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(1).

1552.   KS distributed the Copyrighted Work No. 71 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(3).

1553.   Plaintiff has sustained actual damages as a result of KS's acts as alleged herein, and KS is liable to Plaintiff for such damages pursuant to 17 U.S.C. § 504(a)(1).

1554.   KS has profited as a result of KS's acts as alleged herein, and KS is liable to Plaintiff for such profits pursuant to 17 U.S.C. § 504(a)(1).

1555.   Plaintiff is entitled to a permanent injunction enjoining further infringement by KS pursuant to 17 U.S.C. § 502(a).

1556.   Plaintiff has incurred costs of suit in connection with bringing this action, and KS is liable to Plaintiff for those costs of suit pursuant to 17 U.S.C. § 505.

## ONE HUNDRED SEVENTY-THIRD CAUSE OF ACTION
## DIRECT COPYRIGHT INFRINGEMENT UNDER 17 U.S.C. § 501

(against KS)

1557.   Plaintiff incorporates, repeats, and realleges every allegation set forth above.

1558.   KS reproduced the Copyrighted Work No. 72 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(1).

1559.   KS distributed the Copyrighted Work No. 72 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(3).

1560.   Plaintiff has sustained actual damages as a result of KS's acts as alleged herein, and KS is liable to Plaintiff for such damages pursuant to 17 U.S.C. § 504(a)(1).

1561.   KS has profited as a result of KS's acts as alleged herein, and KS is liable to Plaintiff for such profits pursuant to 17 U.S.C. § 504(a)(1).

1562.   Plaintiff is entitled to a permanent injunction enjoining further infringement by KS pursuant to 17 U.S.C. § 502(a).

1563.   Plaintiff has incurred costs of suit in connection with bringing this action, and KS is liable to Plaintiff for those costs of suit pursuant to 17 U.S.C. § 505.

## ONE HUNDRED SEVENTY-FOURTH CAUSE OF ACTION
## DIRECT COPYRIGHT INFRINGEMENT UNDER 17 U.S.C. § 501

(against KS)

1564.   Plaintiff incorporates, repeats, and realleges every allegation set forth above.

1565.   KS reproduced the Copyrighted Work No. 73 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(1).

1566.   KS distributed the Copyrighted Work No. 73 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(3).

1567.   Plaintiff has sustained actual damages as a result of KS's acts as alleged herein, and KS is liable to Plaintiff for such damages pursuant to 17 U.S.C. § 504(a)(1).

1568.   KS has profited as a result of KS's acts as alleged herein, and KS is liable to Plaintiff for such profits pursuant to 17 U.S.C. § 504(a)(1).

1569.   Plaintiff is entitled to a permanent injunction enjoining further infringement by KS pursuant to 17 U.S.C. § 502(a).

1570.   Plaintiff has incurred costs of suit in connection with bringing this action, and KS is liable to Plaintiff for those costs of suit pursuant to 17 U.S.C. § 505.

## ONE HUNDRED SEVENTY-FIFTH CAUSE OF ACTION

## DIRECT COPYRIGHT INFRINGEMENT UNDER 17 U.S.C. § 501

(against KS)

1571.   Plaintiff incorporates, repeats, and realleges every allegation set forth above.

1572.   KS reproduced the Copyrighted Work No. 74 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(1).

1573.   KS distributed the Copyrighted Work No. 74 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(3).

1574.   Plaintiff has sustained actual damages as a result of KS's acts as alleged herein, and KS is liable to Plaintiff for such damages pursuant to 17 U.S.C. § 504(a)(1).

1575.   KS has profited as a result of KS's acts as alleged herein, and KS is liable to Plaintiff for such profits pursuant to 17 U.S.C. § 504(a)(1).

1576.   Plaintiff is entitled to a permanent injunction enjoining further infringement by KS pursuant to 17 U.S.C. § 502(a).

1577.   Plaintiff has incurred costs of suit in connection with bringing this action, and KS is liable to Plaintiff for those costs of suit pursuant to 17 U.S.C. § 505.

## ONE HUNDRED SEVENTY-SIXTH CAUSE OF ACTION

## DIRECT COPYRIGHT INFRINGEMENT UNDER 17 U.S.C. § 501

(against KS)

1578.   Plaintiff incorporates, repeats, and realleges every allegation set forth above.

1579.   KS reproduced the Copyrighted Work No. 75 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(1).

1580.   KS distributed the Copyrighted Work No. 75 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(3).

1581.   Plaintiff has sustained actual damages as a result of KS's acts as alleged herein, and KS is liable to Plaintiff for such damages pursuant to 17 U.S.C. § 504(a)(1).

1582.   KS has profited as a result of KS's acts as alleged herein, and KS is liable to Plaintiff for such profits pursuant to 17 U.S.C. § 504(a)(1).

1583.   Plaintiff is entitled to a permanent injunction enjoining further infringement by KS pursuant to 17 U.S.C. § 502(a).

1584.   Plaintiff has incurred costs of suit in connection with bringing this action, and KS is liable to Plaintiff for those costs of suit pursuant to 17 U.S.C. § 505.

## ONE HUNDRED SEVENTY-SEVENTH CAUSE OF ACTION

## DIRECT COPYRIGHT INFRINGEMENT UNDER 17 U.S.C. § 501

(against KS)

1585.   Plaintiff incorporates, repeats, and realleges every allegation set forth above.

1586.   KS reproduced the Copyrighted Work No. 76 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(1).

1587.   KS distributed the Copyrighted Work No. 76 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(3).

1588.   Plaintiff has sustained actual damages as a result of KS's acts as alleged herein, and KS is liable to Plaintiff for such damages pursuant to 17 U.S.C. § 504(a)(1).

1589.   KS has profited as a result of KS's acts as alleged herein, and KS is liable to Plaintiff for such profits pursuant to 17 U.S.C. § 504(a)(1).

1590.   Plaintiff is entitled to a permanent injunction enjoining further infringement by KS pursuant to 17 U.S.C. § 502(a).

1591.   Plaintiff has incurred costs of suit in connection with bringing this action, and KS is liable to Plaintiff for those costs of suit pursuant to 17 U.S.C. § 505.

## ONE HUNDRED SEVENTY-EIGHTH CAUSE OF ACTION
## DIRECT COPYRIGHT INFRINGEMENT UNDER 17 U.S.C. § 501

(against KS)

1592.   Plaintiff incorporates, repeats, and realleges every allegation set forth above.

1593.   KS reproduced the Copyrighted Work No. 77 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(1).

1594.   KS distributed the Copyrighted Work No. 77 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(3).

1595.   Plaintiff has sustained actual damages as a result of KS's acts as alleged herein, and KS is liable to Plaintiff for such damages pursuant to 17 U.S.C. § 504(a)(1).

1596.   KS has profited as a result of KS's acts as alleged herein, and KS is liable to Plaintiff for such profits pursuant to 17 U.S.C. § 504(a)(1).

1597.   Plaintiff is entitled to a permanent injunction enjoining further infringement by KS pursuant to 17 U.S.C. § 502(a).

1598.   Plaintiff has incurred costs of suit in connection with bringing this action, and KS is liable to Plaintiff for those costs of suit pursuant to 17 U.S.C. § 505.

## ONE HUNDRED SEVENTY-NINTH CAUSE OF ACTION
## CONTRIBUTORY COPYRIGHT INFRINGEMENT

(against Windermere with respect to KS's infringement)

1599.   Plaintiff incorporates, repeats, and realleges every allegation set forth above.

1600.   Windermere knew of KS's reproduction and distribution of the Copyrighted Work No. 28 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106.

1601.   Windermere induced, caused (by way of promotion) and materially contributed to such infringing conduct by KS of the Copyrighted Work No. 28.

1602.   Plaintiff has sustained actual damages as a result of Windermere's acts as alleged herein, and Windermere is liable to Plaintiff for such damages pursuant to 17 U.S.C. § 504(a)(1).

1603.   Windermere has profited as a result of Windermere's acts as alleged herein, and Windermere is liable to Plaintiff for such profits pursuant to 17 U.S.C. § 504(a)(1).

1604.   Plaintiff is entitled to a permanent injunction enjoining further contributory infringement by Windermere pursuant to 17 U.S.C. § 502(a).

1605.   Plaintiff has incurred costs of suit in connection with bringing this action, and Windermere is liable to Plaintiff for those costs of suit pursuant to 17 U.S.C. § 505.

## ONE HUNDRED EIGHTIETH CAUSE OF ACTION
## CONTRIBUTORY COPYRIGHT INFRINGEMENT

(against Windermere with respect to KS's infringement)

1606.   Plaintiff incorporates, repeats, and realleges every allegation set forth above.

1607.   Windermere knew of KS's reproduction and distribution of the Copyrighted Work No. 29 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106.

1608.   Windermere induced, caused (by way of promotion) and materially contributed to such infringing conduct by KS of the Copyrighted Work No. 29.

1609.   Plaintiff has sustained actual damages as a result of Windermere's acts as alleged herein, and Windermere is liable to Plaintiff for such damages pursuant to 17 U.S.C. § 504(a)(1).

1610.   Windermere has profited as a result of Windermere's acts as alleged herein, and Windermere is liable to Plaintiff for such profits pursuant to 17 U.S.C. § 504(a)(1).

1611.   Plaintiff is entitled to a permanent injunction enjoining further contributory infringement by Windermere pursuant to 17 U.S.C. § 502(a).

1612.   Plaintiff has incurred costs of suit in connection with bringing this action, and Windermere is liable to Plaintiff for those costs of suit pursuant to 17 U.S.C. § 505.

## ONE HUNDRED EIGHTY-FIRST CAUSE OF ACTION
## CONTRIBUTORY COPYRIGHT INFRINGEMENT

(against Windermere with respect to KS's infringement)

1613.   Plaintiff incorporates, repeats, and realleges every allegation set forth above.

1614.   Windermere knew of KS's reproduction and distribution of the Copyrighted Work No. 30 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106.

1615.   Windermere induced, caused (by way of promotion) and materially contributed to such infringing conduct by KS of the Copyrighted Work No. 30.

1616.   Plaintiff has sustained actual damages as a result of Windermere's acts as alleged herein, and Windermere is liable to Plaintiff for such damages pursuant to 17 U.S.C. § 504(a)(1).

1617.   Windermere has profited as a result of Windermere's acts as alleged herein, and Windermere is liable to Plaintiff for such profits pursuant to 17 U.S.C. § 504(a)(1).

1618.   Plaintiff is entitled to a permanent injunction enjoining further contributory infringement by Windermere pursuant to 17 U.S.C. § 502(a).

1619.   Plaintiff has incurred costs of suit in connection with bringing this action, and Windermere is liable to Plaintiff for those costs of suit pursuant to 17 U.S.C. § 505.

## ONE HUNDRED EIGHTY-SECOND CAUSE OF ACTION

## CONTRIBUTORY COPYRIGHT INFRINGEMENT

(against Windermere with respect to KS's infringement)

1620.   Plaintiff incorporates, repeats, and realleges every allegation set forth above.

1621.   Windermere knew of KS's reproduction and distribution of the Copyrighted Work No. 32 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106.

1622.   Windermere induced, caused (by way of promotion) and materially contributed to such infringing conduct by KS of the Copyrighted Work No. 32.

1623.   Plaintiff has sustained actual damages as a result of Windermere's acts as alleged herein, and Windermere is liable to Plaintiff for such damages pursuant to 17 U.S.C. § 504(a)(1).

1624.   Windermere has profited as a result of Windermere's acts as alleged herein, and Windermere is liable to Plaintiff for such profits pursuant to 17 U.S.C. § 504(a)(1).

1625.   Plaintiff is entitled to a permanent injunction enjoining further contributory infringement by Windermere pursuant to 17 U.S.C. § 502(a).

1626.   Plaintiff has incurred costs of suit in connection with bringing this action, and Windermere is liable to Plaintiff for those costs of suit pursuant to 17 U.S.C. § 505.

## ONE HUNDRED EIGHTY-THIRD CAUSE OF ACTION

## CONTRIBUTORY COPYRIGHT INFRINGEMENT

(against Windermere with respect to KS's infringement)

1627.  Plaintiff incorporates, repeats, and realleges every allegation set forth above.

1628.  Windermere knew of KS's reproduction and distribution of the Copyrighted Work No. 57 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106.

1629.  Windermere induced, caused (by way of promotion) and materially contributed to such infringing conduct by KS of the Copyrighted Work No. 57.

1630.  Plaintiff has sustained actual damages as a result of Windermere's acts as alleged herein, and Windermere is liable to Plaintiff for such damages pursuant to 17 U.S.C. § 504(a)(1).

1631.  Windermere has profited as a result of Windermere's acts as alleged herein, and Windermere is liable to Plaintiff for such profits pursuant to 17 U.S.C. § 504(a)(1).

1632.  Plaintiff is entitled to a permanent injunction enjoining further contributory infringement by Windermere pursuant to 17 U.S.C. § 502(a).

1633.  Plaintiff has incurred costs of suit in connection with bringing this action, and Windermere is liable to Plaintiff for those costs of suit pursuant to 17 U.S.C. § 505.

## ONE HUNDRED EIGHTY-FORTH CAUSE OF ACTION

## CONTRIBUTORY COPYRIGHT INFRINGEMENT

(against Windermere with respect to KS's infringement)

1634.  Plaintiff incorporates, repeats, and realleges every allegation set forth above.

1635.  Windermere knew of KS's reproduction and distribution of the Copyrighted Work No. 58 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106.

1636.  Windermere induced, caused (by way of promotion) and materially contributed to such infringing conduct by KS of the Copyrighted Work No. 58.

1637.  Plaintiff has sustained actual damages as a result of Windermere's acts as alleged herein, and Windermere is liable to Plaintiff for such damages pursuant to 17 U.S.C. § 504(a)(1).

1638.  Windermere has profited as a result of Windermere's acts as alleged herein, and Windermere is liable to Plaintiff for such profits pursuant to 17 U.S.C. § 504(a)(1).

1639.   Plaintiff is entitled to a permanent injunction enjoining further contributory infringement by Windermere pursuant to 17 U.S.C. § 502(a).

1640.   Plaintiff has incurred costs of suit in connection with bringing this action, and Windermere is liable to Plaintiff for those costs of suit pursuant to 17 U.S.C. § 505.

## ONE HUNDRED EIGHTY-FIFTH CAUSE OF ACTION
## CONTRIBUTORY COPYRIGHT INFRINGEMENT

(against Windermere with respect to KS's infringement)

1641.   Plaintiff incorporates, repeats, and realleges every allegation set forth above.

1642.   Windermere knew of KS's reproduction and distribution of the Copyrighted Work No. 60 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106.

1643.   Windermere induced, caused (by way of promotion) and materially contributed to such infringing conduct by KS of the Copyrighted Work No. 60.

1644.   Plaintiff has sustained actual damages as a result of Windermere's acts as alleged herein, and Windermere is liable to Plaintiff for such damages pursuant to 17 U.S.C. § 504(a)(1).

1645.   Windermere has profited as a result of Windermere's acts as alleged herein, and Windermere is liable to Plaintiff for such profits pursuant to 17 U.S.C. § 504(a)(1).

1646.   Plaintiff is entitled to a permanent injunction enjoining further contributory infringement by Windermere pursuant to 17 U.S.C. § 502(a).

1647.   Plaintiff has incurred costs of suit in connection with bringing this action, and Windermere is liable to Plaintiff for those costs of suit pursuant to 17 U.S.C. § 505.

## ONE HUNDRED EIGHTY-SIXTH CAUSE OF ACTION
## CONTRIBUTORY COPYRIGHT INFRINGEMENT

(against Windermere with respect to KS's infringement)

1648.   Plaintiff incorporates, repeats, and realleges every allegation set forth above.

1649.   Windermere knew of KS's reproduction and distribution of the Copyrighted Work No. 61 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106.

1650.   Windermere induced, caused (by way of promotion) and materially contributed to such infringing conduct by KS of the Copyrighted Work No. 61.

1651.   Plaintiff has sustained actual damages as a result of Windermere's acts as alleged herein, and Windermere is liable to Plaintiff for such damages pursuant to 17 U.S.C. § 504(a)(1).

1652.   Windermere has profited as a result of Windermere's acts as alleged herein, and Windermere is liable to Plaintiff for such profits pursuant to 17 U.S.C. § 504(a)(1).

1653.   Plaintiff is entitled to a permanent injunction enjoining further contributory infringement by Windermere pursuant to 17 U.S.C. § 502(a).

1654.   Plaintiff has incurred costs of suit in connection with bringing this action, and Windermere is liable to Plaintiff for those costs of suit pursuant to 17 U.S.C. § 505.

## ONE HUNDRED EIGHTY-SEVENTH CAUSE OF ACTION
## CONTRIBUTORY COPYRIGHT INFRINGEMENT

(against Windermere with respect to KS's infringement)

1655.   Plaintiff incorporates, repeats, and realleges every allegation set forth above.

1656.   Windermere knew of KS's reproduction and distribution of the Copyrighted Work No. 62 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106.

1657.   Windermere induced, caused (by way of promotion) and materially contributed to such infringing conduct by KS of the Copyrighted Work No. 62.

1658.   Plaintiff has sustained actual damages as a result of Windermere's acts as alleged herein, and Windermere is liable to Plaintiff for such damages pursuant to 17 U.S.C. § 504(a)(1).

1659.   Windermere has profited as a result of Windermere's acts as alleged herein, and Windermere is liable to Plaintiff for such profits pursuant to 17 U.S.C. § 504(a)(1).

1660.   Plaintiff is entitled to a permanent injunction enjoining further contributory infringement by Windermere pursuant to 17 U.S.C. § 502(a).

1661.   Plaintiff has incurred costs of suit in connection with bringing this action, and Windermere is liable to Plaintiff for those costs of suit pursuant to 17 U.S.C. § 505.

## ONE HUNDRED EIGHTY-EIGHTH CAUSE OF ACTION
## CONTRIBUTORY COPYRIGHT INFRINGEMENT

(against Windermere with respect to KS's infringement)

1662.   Plaintiff incorporates, repeats, and realleges every allegation set forth above.

1663.   Windermere knew of KS's reproduction and distribution of the Copyrighted Work No. 63 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106.

1664.   Windermere induced, caused (by way of promotion) and materially contributed to such infringing conduct by KS of the Copyrighted Work No. 63.

1665.   Plaintiff has sustained actual damages as a result of Windermere's acts as alleged herein, and Windermere is liable to Plaintiff for such damages pursuant to 17 U.S.C. § 504(a)(1).

1666.   Windermere has profited as a result of Windermere's acts as alleged herein, and Windermere is liable to Plaintiff for such profits pursuant to 17 U.S.C. § 504(a)(1).

1667.   Plaintiff is entitled to a permanent injunction enjoining further contributory infringement by Windermere pursuant to 17 U.S.C. § 502(a).

1668.   Plaintiff has incurred costs of suit in connection with bringing this action, and Windermere is liable to Plaintiff for those costs of suit pursuant to 17 U.S.C. § 505.

## ONE HUNDRED EIGHTY-NINTH CAUSE OF ACTION

## CONTRIBUTORY COPYRIGHT INFRINGEMENT

(against Windermere with respect to KS's infringement)

1669.   Plaintiff incorporates, repeats, and realleges every allegation set forth above.

1670.   Windermere knew of KS's reproduction and distribution of the Copyrighted Work No. 64 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106.

1671.   Windermere induced, caused (by way of promotion) and materially contributed to such infringing conduct by KS of the Copyrighted Work No. 64.

1672.   Plaintiff has sustained actual damages as a result of Windermere's acts as alleged herein, and Windermere is liable to Plaintiff for such damages pursuant to 17 U.S.C. § 504(a)(1).

1673.   Windermere has profited as a result of Windermere's acts as alleged herein, and Windermere is liable to Plaintiff for such profits pursuant to 17 U.S.C. § 504(a)(1).

1674.   Plaintiff is entitled to a permanent injunction enjoining further contributory infringement by Windermere pursuant to 17 U.S.C. § 502(a).

1675.   Plaintiff has incurred costs of suit in connection with bringing this action, and Windermere is liable to Plaintiff for those costs of suit pursuant to 17 U.S.C. § 505.

## ONE HUNDRED NINETIETH CAUSE OF ACTION

## CONTRIBUTORY COPYRIGHT INFRINGEMENT

### (against Windermere with respect to KS's infringement)

1676.   Plaintiff incorporates, repeats, and realleges every allegation set forth above.

1677.   Windermere knew of KS's reproduction and distribution of the Copyrighted Work No. 65 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106.

1678.   Windermere induced, caused (by way of promotion) and materially contributed to such infringing conduct by KS of the Copyrighted Work No. 65.

1679.   Plaintiff has sustained actual damages as a result of Windermere's acts as alleged herein, and Windermere is liable to Plaintiff for such damages pursuant to 17 U.S.C. § 504(a)(1).

1680.   Windermere has profited as a result of Windermere's acts as alleged herein, and Windermere is liable to Plaintiff for such profits pursuant to 17 U.S.C. § 504(a)(1).

1681.   Plaintiff is entitled to a permanent injunction enjoining further contributory infringement by Windermere pursuant to 17 U.S.C. § 502(a).

1682.   Plaintiff has incurred costs of suit in connection with bringing this action, and Windermere is liable to Plaintiff for those costs of suit pursuant to 17 U.S.C. § 505.

## ONE HUNDRED NINETY-FIRST CAUSE OF ACTION

## CONTRIBUTORY COPYRIGHT INFRINGEMENT

### (against Windermere with respect to KS's infringement)

1683.   Plaintiff incorporates, repeats, and realleges every allegation set forth above.

1684.   Windermere knew of KS's reproduction and distribution of the Copyrighted Work No. 66 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106.

1685.   Windermere induced, caused (by way of promotion) and materially contributed to such infringing conduct by KS of the Copyrighted Work No. 66.

1686.   Plaintiff has sustained actual damages as a result of Windermere's acts as alleged herein, and Windermere is liable to Plaintiff for such damages pursuant to 17 U.S.C. § 504(a)(1).

1687.   Windermere has profited as a result of Windermere's acts as alleged herein, and Windermere is liable to Plaintiff for such profits pursuant to 17 U.S.C. § 504(a)(1).

1688.   Plaintiff is entitled to a permanent injunction enjoining further contributory infringement by Windermere pursuant to 17 U.S.C. § 502(a).

1689.   Plaintiff has incurred costs of suit in connection with bringing this action, and Windermere is liable to Plaintiff for those costs of suit pursuant to 17 U.S.C. § 505.

### ONE HUNDRED NINETY-SECOND CAUSE OF ACTION
### CONTRIBUTORY COPYRIGHT INFRINGEMENT

(against Windermere with respect to KS's infringement)

1690.   Plaintiff incorporates, repeats, and realleges every allegation set forth above.

1691.   Windermere knew of KS's reproduction and distribution of the Copyrighted Work No. 67 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106.

1692.   Windermere induced, caused (by way of promotion) and materially contributed to such infringing conduct by KS of the Copyrighted Work No. 67.

1693.   Plaintiff has sustained actual damages as a result of Windermere's acts as alleged herein, and Windermere is liable to Plaintiff for such damages pursuant to 17 U.S.C. § 504(a)(1).

1694.   Windermere has profited as a result of Windermere's acts as alleged herein, and Windermere is liable to Plaintiff for such profits pursuant to 17 U.S.C. § 504(a)(1).

1695.   Plaintiff is entitled to a permanent injunction enjoining further contributory infringement by Windermere pursuant to 17 U.S.C. § 502(a).

1696.   Plaintiff has incurred costs of suit in connection with bringing this action, and Windermere is liable to Plaintiff for those costs of suit pursuant to 17 U.S.C. § 505.

### ONE HUNDRED NINETY-THIRD CAUSE OF ACTION
### CONTRIBUTORY COPYRIGHT INFRINGEMENT

(against Windermere with respect to KS's infringement)

1697.   Plaintiff incorporates, repeats, and realleges every allegation set forth above.

1698.   Windermere knew of KS's reproduction and distribution of the Copyrighted Work No. 68 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106.

1699.   Windermere induced, caused (by way of promotion) and materially contributed to such infringing conduct by KS of the Copyrighted Work No. 68.

1700.   Plaintiff has sustained actual damages as a result of Windermere's acts as alleged herein, and Windermere is liable to Plaintiff for such damages pursuant to 17 U.S.C. § 504(a)(1).

1701.   Windermere has profited as a result of Windermere's acts as alleged herein, and Windermere is liable to Plaintiff for such profits pursuant to 17 U.S.C. § 504(a)(1).

1702.   Plaintiff is entitled to a permanent injunction enjoining further contributory infringement by Windermere pursuant to 17 U.S.C. § 502(a).

1703.   Plaintiff has incurred costs of suit in connection with bringing this action, and Windermere is liable to Plaintiff for those costs of suit pursuant to 17 U.S.C. § 505.

## ONE HUNDRED NINETY-FORTH CAUSE OF ACTION
## CONTRIBUTORY COPYRIGHT INFRINGEMENT

(against Windermere with respect to KS's infringement)

1704.   Plaintiff incorporates, repeats, and realleges every allegation set forth above.

1705.   Windermere knew of KS's reproduction and distribution of the Copyrighted Work No. 69 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106.

1706.   Windermere induced, caused (by way of promotion) and materially contributed to such infringing conduct by KS of the Copyrighted Work No. 69.

1707.   Plaintiff has sustained actual damages as a result of Windermere's acts as alleged herein, and Windermere is liable to Plaintiff for such damages pursuant to 17 U.S.C. § 504(a)(1).

1708.   Windermere has profited as a result of Windermere's acts as alleged herein, and Windermere is liable to Plaintiff for such profits pursuant to 17 U.S.C. § 504(a)(1).

1709.   Plaintiff is entitled to a permanent injunction enjoining further contributory infringement by Windermere pursuant to 17 U.S.C. § 502(a).

1710.   Plaintiff has incurred costs of suit in connection with bringing this action, and Windermere is liable to Plaintiff for those costs of suit pursuant to 17 U.S.C. § 505.

## ONE HUNDRED NINETY-FIFTH CAUSE OF ACTION
## CONTRIBUTORY COPYRIGHT INFRINGEMENT

(against Windermere with respect to KS's infringement)

1711.   Plaintiff incorporates, repeats, and realleges every allegation set forth above.

1712.   Windermere knew of KS's reproduction and distribution of the Copyrighted Work No. 70 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106.

1713.   Windermere induced, caused (by way of promotion) and materially contributed to such infringing conduct by KS of the Copyrighted Work No. 70.

1714.   Plaintiff has sustained actual damages as a result of Windermere's acts as alleged herein, and Windermere is liable to Plaintiff for such damages pursuant to 17 U.S.C. § 504(a)(1).

1715.   Windermere has profited as a result of Windermere's acts as alleged herein, and Windermere is liable to Plaintiff for such profits pursuant to 17 U.S.C. § 504(a)(1).

1716.   Plaintiff is entitled to a permanent injunction enjoining further contributory infringement by Windermere pursuant to 17 U.S.C. § 502(a).

1717.   Plaintiff has incurred costs of suit in connection with bringing this action, and Windermere is liable to Plaintiff for those costs of suit pursuant to 17 U.S.C. § 505.

## ONE HUNDRED NINETY-SIXTH CAUSE OF ACTION

## CONTRIBUTORY COPYRIGHT INFRINGEMENT

(against Windermere with respect to KS's infringement)

1718.   Plaintiff incorporates, repeats, and realleges every allegation set forth above.

1719.   Windermere knew of KS's reproduction and distribution of the Copyrighted Work No. 71 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106.

1720.   Windermere induced, caused (by way of promotion) and materially contributed to such infringing conduct by KS of the Copyrighted Work No. 71.

1721.   Plaintiff has sustained actual damages as a result of Windermere's acts as alleged herein, and Windermere is liable to Plaintiff for such damages pursuant to 17 U.S.C. § 504(a)(1).

1722.   Windermere has profited as a result of Windermere's acts as alleged herein, and Windermere is liable to Plaintiff for such profits pursuant to 17 U.S.C. § 504(a)(1).

1723.   Plaintiff is entitled to a permanent injunction enjoining further contributory infringement by Windermere pursuant to 17 U.S.C. § 502(a).

1724.   Plaintiff has incurred costs of suit in connection with bringing this action, and Windermere is liable to Plaintiff for those costs of suit pursuant to 17 U.S.C. § 505.

1

## ONE HUNDRED NINETY-SEVENTH CAUSE OF ACTION

2

## CONTRIBUTORY COPYRIGHT INFRINGEMENT

3

(against Windermere with respect to KS's infringement)

4

1725.   Plaintiff incorporates, repeats, and realleges every allegation set forth above.

5

1726.   Windermere knew of KS's reproduction and distribution of the Copyrighted Work

6

No. 72 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106.

7

1727.   Windermere induced, caused (by way of promotion) and materially contributed to

8

such infringing conduct by KS of the Copyrighted Work No. 72.

9

1728.   Plaintiff has sustained actual damages as a result of Windermere's acts as alleged

10

herein, and Windermere is liable to Plaintiff for such damages pursuant to 17 U.S.C. § 504(a)(1).

11

1729.   Windermere has profited as a result of Windermere's acts as alleged herein, and

12

Windermere is liable to Plaintiff for such profits pursuant to 17 U.S.C. § 504(a)(1).

13

1730.   Plaintiff is entitled to a permanent injunction enjoining further contributory

14

infringement by Windermere pursuant to 17 U.S.C. § 502(a).

15

1731.   Plaintiff has incurred costs of suit in connection with bringing this action, and

16

Windermere is liable to Plaintiff for those costs of suit pursuant to 17 U.S.C. § 505.

17

## ONE HUNDRED NINETY-EIGHTH CAUSE OF ACTION

18

## CONTRIBUTORY COPYRIGHT INFRINGEMENT

19

(against Windermere with respect to KS's infringement)

20

1732.   Plaintiff incorporates, repeats, and realleges every allegation set forth above.

21

1733.   Windermere knew of KS's reproduction and distribution of the Copyrighted Work

22

No. 73 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106.

23

1734.   Windermere induced, caused (by way of promotion) and materially contributed to

24

such infringing conduct by KS of the Copyrighted Work No. 73.

25

1735.   Plaintiff has sustained actual damages as a result of Windermere's acts as alleged

26

herein, and Windermere is liable to Plaintiff for such damages pursuant to 17 U.S.C. § 504(a)(1).

27

1736.   Windermere has profited as a result of Windermere's acts as alleged herein, and

28

Windermere is liable to Plaintiff for such profits pursuant to 17 U.S.C. § 504(a)(1).

1737.   Plaintiff is entitled to a permanent injunction enjoining further contributory infringement by Windermere pursuant to 17 U.S.C. § 502(a).

1738.   Plaintiff has incurred costs of suit in connection with bringing this action, and Windermere is liable to Plaintiff for those costs of suit pursuant to 17 U.S.C. § 505.

## ONE HUNDRED NINETY-NINTH CAUSE OF ACTION
## CONTRIBUTORY COPYRIGHT INFRINGEMENT

(against Windermere with respect to KS's infringement)

1739.   Plaintiff incorporates, repeats, and realleges every allegation set forth above.

1740.   Windermere knew of KS's reproduction and distribution of the Copyrighted Work No. 74 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106.

1741.   Windermere induced, caused (by way of promotion) and materially contributed to such infringing conduct by KS of the Copyrighted Work No. 74.

1742.   Plaintiff has sustained actual damages as a result of Windermere's acts as alleged herein, and Windermere is liable to Plaintiff for such damages pursuant to 17 U.S.C. § 504(a)(1).

1743.   Windermere has profited as a result of Windermere's acts as alleged herein, and Windermere is liable to Plaintiff for such profits pursuant to 17 U.S.C. § 504(a)(1).

1744.   Plaintiff is entitled to a permanent injunction enjoining further contributory infringement by Windermere pursuant to 17 U.S.C. § 502(a).

1745.   Plaintiff has incurred costs of suit in connection with bringing this action, and Windermere is liable to Plaintiff for those costs of suit pursuant to 17 U.S.C. § 505.

## TWO HUNDREDTH CAUSE OF ACTION
## CONTRIBUTORY COPYRIGHT INFRINGEMENT

(against Windermere with respect to KS's infringement)

1746.   Plaintiff incorporates, repeats, and realleges every allegation set forth above.

1747.   Windermere knew of KS's reproduction and distribution of the Copyrighted Work No. 75 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106.

1748.   Windermere induced, caused (by way of promotion) and materially contributed to such infringing conduct by KS of the Copyrighted Work No. 75.

1749.   Plaintiff has sustained actual damages as a result of Windermere's acts as alleged herein, and Windermere is liable to Plaintiff for such damages pursuant to 17 U.S.C. § 504(a)(1).

1750.   Windermere has profited as a result of Windermere's acts as alleged herein, and Windermere is liable to Plaintiff for such profits pursuant to 17 U.S.C. § 504(a)(1).

1751.   Plaintiff is entitled to a permanent injunction enjoining further contributory infringement by Windermere pursuant to 17 U.S.C. § 502(a).

1752.   Plaintiff has incurred costs of suit in connection with bringing this action, and Windermere is liable to Plaintiff for those costs of suit pursuant to 17 U.S.C. § 505.

## TWO HUNDRED FIRST CAUSE OF ACTION

## CONTRIBUTORY COPYRIGHT INFRINGEMENT

(against Windermere with respect to KS's infringement)

1753.   Plaintiff incorporates, repeats, and realleges every allegation set forth above.

1754.   Windermere knew of KS's reproduction and distribution of the Copyrighted Work No. 76 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106.

1755.   Windermere induced, caused (by way of promotion) and materially contributed to such infringing conduct by KS of the Copyrighted Work No. 76.

1756.   Plaintiff has sustained actual damages as a result of Windermere's acts as alleged herein, and Windermere is liable to Plaintiff for such damages pursuant to 17 U.S.C. § 504(a)(1).

1757.   Windermere has profited as a result of Windermere's acts as alleged herein, and Windermere is liable to Plaintiff for such profits pursuant to 17 U.S.C. § 504(a)(1).

1758.   Plaintiff is entitled to a permanent injunction enjoining further contributory infringement by Windermere pursuant to 17 U.S.C. § 502(a).

1759.   Plaintiff has incurred costs of suit in connection with bringing this action, and Windermere is liable to Plaintiff for those costs of suit pursuant to 17 U.S.C. § 505.

## TWO HUNDRED SECOND CAUSE OF ACTION

## CONTRIBUTORY COPYRIGHT INFRINGEMENT

(against Windermere with respect to KS's infringement)

1760.   Plaintiff incorporates, repeats, and realleges every allegation set forth above.

1761.   Windermere knew of KS's reproduction and distribution of the Copyrighted Work No. 77 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106.

1762.   Windermere induced, caused (by way of promotion) and materially contributed to such infringing conduct by KS of the Copyrighted Work No. 77.

1763.   Plaintiff has sustained actual damages as a result of Windermere's acts as alleged herein, and Windermere is liable to Plaintiff for such damages pursuant to 17 U.S.C. § 504(a)(1).

1764.   Windermere has profited as a result of Windermere's acts as alleged herein, and Windermere is liable to Plaintiff for such profits pursuant to 17 U.S.C. § 504(a)(1).

1765.   Plaintiff is entitled to a permanent injunction enjoining further contributory infringement by Windermere pursuant to 17 U.S.C. § 502(a).

1766.   Plaintiff has incurred costs of suit in connection with bringing this action, and Windermere is liable to Plaintiff for those costs of suit pursuant to 17 U.S.C. § 505.

## TWO HUNDRED THIRD CAUSE OF ACTION

## CONTRIBUTORY COPYRIGHT INFRINGEMENT

(against Ms. Pecnick with respect to KS's infringement)

1767.   Plaintiff incorporates, repeats, and realleges every allegation set forth above.

1768.   Ms. Pecnick knew of KS's reproduction and distribution of the Copyrighted Work No. 28 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106.

1769.   Ms. Pecnick induced, caused (by way of promotion) and materially contributed to such infringing conduct by KS of the Copyrighted Work No. 28.

1770.   Plaintiff has sustained actual damages as a result of Ms. Pecnick's acts as alleged herein, and Ms. Pecnick is liable to Plaintiff for such damages pursuant to 17 U.S.C. § 504(a)(1).

1771.   Ms. Pecnick has profited as a result of Ms. Pecnick's acts as alleged herein, and Ms. Pecnick is liable to Plaintiff for such profits pursuant to 17 U.S.C. § 504(a)(1).

1772.   Plaintiff is entitled to a permanent injunction enjoining further contributory infringement by Ms. Pecnick pursuant to 17 U.S.C. § 502(a).

1773.   Plaintiff has incurred costs of suit in connection with bringing this action, and Ms. Pecnick is liable to Plaintiff for those costs of suit pursuant to 17 U.S.C. § 505.

**TWO HUNDRED FORTH CAUSE OF ACTION**

**CONTRIBUTORY COPYRIGHT INFRINGEMENT**

(against Ms. Pecnick with respect to KS's infringement)

1774. Plaintiff incorporates, repeats, and realleges every allegation set forth above.

1775. Ms. Pecnick knew of KS's reproduction and distribution of the Copyrighted Work No. 29 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106.

1776. Ms. Pecnick induced, caused (by way of promotion) and materially contributed to such infringing conduct by KS of the Copyrighted Work No. 29.

1777. Plaintiff has sustained actual damages as a result of Ms. Pecnick's acts as alleged herein, and Ms. Pecnick is liable to Plaintiff for such damages pursuant to 17 U.S.C. § 504(a)(1).

1778. Ms. Pecnick has profited as a result of Ms. Pecnick's acts as alleged herein, and Ms. Pecnick is liable to Plaintiff for such profits pursuant to 17 U.S.C. § 504(a)(1).

1779. Plaintiff is entitled to a permanent injunction enjoining further contributory infringement by Ms. Pecnick pursuant to 17 U.S.C. § 502(a).

1780. Plaintiff has incurred costs of suit in connection with bringing this action, and Ms. Pecnick is liable to Plaintiff for those costs of suit pursuant to 17 U.S.C. § 505.

**TWO HUNDRED FIFTH CAUSE OF ACTION**

**CONTRIBUTORY COPYRIGHT INFRINGEMENT**

(against Ms. Pecnick with respect to KS's infringement)

1781. Plaintiff incorporates, repeats, and realleges every allegation set forth above.

1782. Ms. Pecnick knew of KS's reproduction and distribution of the Copyrighted Work No. 30 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106.

1783. Ms. Pecnick induced, caused (by way of promotion) and materially contributed to such infringing conduct by KS of the Copyrighted Work No. 30.

1784. Plaintiff has sustained actual damages as a result of Ms. Pecnick's acts as alleged herein, and Ms. Pecnick is liable to Plaintiff for such damages pursuant to 17 U.S.C. § 504(a)(1).

1785. Ms. Pecnick has profited as a result of Ms. Pecnick's acts as alleged herein, and Ms. Pecnick is liable to Plaintiff for such profits pursuant to 17 U.S.C. § 504(a)(1).

1786.   Plaintiff is entitled to a permanent injunction enjoining further contributory infringement by Ms. Pecnick pursuant to 17 U.S.C. § 502(a).

1787.   Plaintiff has incurred costs of suit in connection with bringing this action, and Ms. Pecnick is liable to Plaintiff for those costs of suit pursuant to 17 U.S.C. § 505.

## TWO HUNDRED SIXTH CAUSE OF ACTION
## CONTRIBUTORY COPYRIGHT INFRINGEMENT

(against Ms. Pecnick with respect to KS's infringement)

1788.   Plaintiff incorporates, repeats, and realleges every allegation set forth above.

1789.   Ms. Pecnick knew of KS's reproduction and distribution of the Copyrighted Work No. 32 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106.

1790.   Ms. Pecnick induced, caused (by way of promotion) and materially contributed to such infringing conduct by KS of the Copyrighted Work No. 32.

1791.   Plaintiff has sustained actual damages as a result of Ms. Pecnick's acts as alleged herein, and Ms. Pecnick is liable to Plaintiff for such damages pursuant to 17 U.S.C. § 504(a)(1).

1792.   Ms. Pecnick has profited as a result of Ms. Pecnick's acts as alleged herein, and Ms. Pecnick is liable to Plaintiff for such profits pursuant to 17 U.S.C. § 504(a)(1).

1793.   Plaintiff is entitled to a permanent injunction enjoining further contributory infringement by Ms. Pecnick pursuant to 17 U.S.C. § 502(a).

1794.   Plaintiff has incurred costs of suit in connection with bringing this action, and Ms. Pecnick is liable to Plaintiff for those costs of suit pursuant to 17 U.S.C. § 505.

## TWO HUNDRED SEVENTH CAUSE OF ACTION
## CONTRIBUTORY COPYRIGHT INFRINGEMENT

(against Ms. Pecnick with respect to KS's infringement)

1795.   Plaintiff incorporates, repeats, and realleges every allegation set forth above.

1796.   Ms. Pecnick knew of KS's reproduction and distribution of the Copyrighted Work No. 57 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106.

1797.   Ms. Pecnick induced, caused (by way of promotion) and materially contributed to such infringing conduct by KS of the Copyrighted Work No. 57.

1798.   Plaintiff has sustained actual damages as a result of Ms. Pecnick's acts as alleged herein, and Ms. Pecnick is liable to Plaintiff for such damages pursuant to 17 U.S.C. § 504(a)(1).

1799.   Ms. Pecnick has profited as a result of Ms. Pecnick's acts as alleged herein, and Ms. Pecnick is liable to Plaintiff for such profits pursuant to 17 U.S.C. § 504(a)(1).

1800.   Plaintiff is entitled to a permanent injunction enjoining further contributory infringement by Ms. Pecnick pursuant to 17 U.S.C. § 502(a).

1801.   Plaintiff has incurred costs of suit in connection with bringing this action, and Ms. Pecnick is liable to Plaintiff for those costs of suit pursuant to 17 U.S.C. § 505.

## TWO HUNDRED EIGHTH CAUSE OF ACTION
## CONTRIBUTORY COPYRIGHT INFRINGEMENT

(against Ms. Pecnick with respect to KS's infringement)

1802.   Plaintiff incorporates, repeats, and realleges every allegation set forth above.

1803.   Ms. Pecnick knew of KS's reproduction and distribution of the Copyrighted Work No. 58 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106.

1804.   Ms. Pecnick induced, caused (by way of promotion) and materially contributed to such infringing conduct by KS of the Copyrighted Work No. 58.

1805.   Plaintiff has sustained actual damages as a result of Ms. Pecnick's acts as alleged herein, and Ms. Pecnick is liable to Plaintiff for such damages pursuant to 17 U.S.C. § 504(a)(1).

1806.   Ms. Pecnick has profited as a result of Ms. Pecnick's acts as alleged herein, and Ms. Pecnick is liable to Plaintiff for such profits pursuant to 17 U.S.C. § 504(a)(1).

1807.   Plaintiff is entitled to a permanent injunction enjoining further contributory infringement by Ms. Pecnick pursuant to 17 U.S.C. § 502(a).

1808.   Plaintiff has incurred costs of suit in connection with bringing this action, and Ms. Pecnick is liable to Plaintiff for those costs of suit pursuant to 17 U.S.C. § 505.

## TWO HUNDRED NINTH CAUSE OF ACTION
## CONTRIBUTORY COPYRIGHT INFRINGEMENT

(against Ms. Pecnick with respect to KS's infringement)

1809.   Plaintiff incorporates, repeats, and realleges every allegation set forth above.

1810.   Ms. Pecnick knew of KS's reproduction and distribution of the Copyrighted Work No. 60 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106.

1811.   Ms. Pecnick induced, caused (by way of promotion) and materially contributed to such infringing conduct by KS of the Copyrighted Work No. 60.

1812.   Plaintiff has sustained actual damages as a result of Ms. Pecnick's acts as alleged herein, and Ms. Pecnick is liable to Plaintiff for such damages pursuant to 17 U.S.C. § 504(a)(1).

1813.   Ms. Pecnick has profited as a result of Ms. Pecnick's acts as alleged herein, and Ms. Pecnick is liable to Plaintiff for such profits pursuant to 17 U.S.C. § 504(a)(1).

1814.   Plaintiff is entitled to a permanent injunction enjoining further contributory infringement by Ms. Pecnick pursuant to 17 U.S.C. § 502(a).

1815.   Plaintiff has incurred costs of suit in connection with bringing this action, and Ms. Pecnick is liable to Plaintiff for those costs of suit pursuant to 17 U.S.C. § 505.

## TWO HUNDRED TENTH CAUSE OF ACTION

## CONTRIBUTORY COPYRIGHT INFRINGEMENT

(against Ms. Pecnick with respect to KS's infringement)

1816.   Plaintiff incorporates, repeats, and realleges every allegation set forth above.

1817.   Ms. Pecnick knew of KS's reproduction and distribution of the Copyrighted Work No. 61 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106.

1818.   Ms. Pecnick induced, caused (by way of promotion) and materially contributed to such infringing conduct by KS of the Copyrighted Work No. 61.

1819.   Plaintiff has sustained actual damages as a result of Ms. Pecnick's acts as alleged herein, and Ms. Pecnick is liable to Plaintiff for such damages pursuant to 17 U.S.C. § 504(a)(1).

1820.   Ms. Pecnick has profited as a result of Ms. Pecnick's acts as alleged herein, and Ms. Pecnick is liable to Plaintiff for such profits pursuant to 17 U.S.C. § 504(a)(1).

1821.   Plaintiff is entitled to a permanent injunction enjoining further contributory infringement by Ms. Pecnick pursuant to 17 U.S.C. § 502(a).

1822.   Plaintiff has incurred costs of suit in connection with bringing this action, and Ms. Pecnick is liable to Plaintiff for those costs of suit pursuant to 17 U.S.C. § 505.

**TWO HUNDRED ELEVENTH CAUSE OF ACTION**

**CONTRIBUTORY COPYRIGHT INFRINGEMENT**

(against Ms. Pecnick with respect to KS's infringement)

1823.  Plaintiff incorporates, repeats, and realleges every allegation set forth above.

1824.  Ms. Pecnick knew of KS's reproduction and distribution of the Copyrighted Work No. 62 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106.

1825.  Ms. Pecnick induced, caused (by way of promotion) and materially contributed to such infringing conduct by KS of the Copyrighted Work No. 62.

1826.  Plaintiff has sustained actual damages as a result of Ms. Pecnick's acts as alleged herein, and Ms. Pecnick is liable to Plaintiff for such damages pursuant to 17 U.S.C. § 504(a)(1).

1827.  Ms. Pecnick has profited as a result of Ms. Pecnick's acts as alleged herein, and Ms. Pecnick is liable to Plaintiff for such profits pursuant to 17 U.S.C. § 504(a)(1).

1828.  Plaintiff is entitled to a permanent injunction enjoining further contributory infringement by Ms. Pecnick pursuant to 17 U.S.C. § 502(a).

1829.  Plaintiff has incurred costs of suit in connection with bringing this action, and Ms. Pecnick is liable to Plaintiff for those costs of suit pursuant to 17 U.S.C. § 505.

**TWO HUNDRED TWELFTH CAUSE OF ACTION**

**CONTRIBUTORY COPYRIGHT INFRINGEMENT**

(against Ms. Pecnick with respect to KS's infringement)

1830.  Plaintiff incorporates, repeats, and realleges every allegation set forth above.

1831.  Ms. Pecnick knew of KS's reproduction and distribution of the Copyrighted Work No. 63 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106.

1832.  Ms. Pecnick induced, caused (by way of promotion) and materially contributed to such infringing conduct by KS of the Copyrighted Work No. 63.

1833.  Plaintiff has sustained actual damages as a result of Ms. Pecnick's acts as alleged herein, and Ms. Pecnick is liable to Plaintiff for such damages pursuant to 17 U.S.C. § 504(a)(1).

1834.  Ms. Pecnick has profited as a result of Ms. Pecnick's acts as alleged herein, and Ms. Pecnick is liable to Plaintiff for such profits pursuant to 17 U.S.C. § 504(a)(1).

1835.   Plaintiff is entitled to a permanent injunction enjoining further contributory infringement by Ms. Pecnick pursuant to 17 U.S.C. § 502(a).

1836.   Plaintiff has incurred costs of suit in connection with bringing this action, and Ms. Pecnick is liable to Plaintiff for those costs of suit pursuant to 17 U.S.C. § 505.

## TWO HUNDRED THIRTEENTH CAUSE OF ACTION
## CONTRIBUTORY COPYRIGHT INFRINGEMENT

(against Ms. Pecnick with respect to KS's infringement)

1837.   Plaintiff incorporates, repeats, and realleges every allegation set forth above.

1838.   Ms. Pecnick knew of KS's reproduction and distribution of the Copyrighted Work No. 64 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106.

1839.   Ms. Pecnick induced, caused (by way of promotion) and materially contributed to such infringing conduct by KS of the Copyrighted Work No. 64.

1840.   Plaintiff has sustained actual damages as a result of Ms. Pecnick's acts as alleged herein, and Ms. Pecnick is liable to Plaintiff for such damages pursuant to 17 U.S.C. § 504(a)(1).

1841.   Ms. Pecnick has profited as a result of Ms. Pecnick's acts as alleged herein, and Ms. Pecnick is liable to Plaintiff for such profits pursuant to 17 U.S.C. § 504(a)(1).

1842.   Plaintiff is entitled to a permanent injunction enjoining further contributory infringement by Ms. Pecnick pursuant to 17 U.S.C. § 502(a).

1843.   Plaintiff has incurred costs of suit in connection with bringing this action, and Ms. Pecnick is liable to Plaintiff for those costs of suit pursuant to 17 U.S.C. § 505.

## TWO HUNDRED FOURTEENTH CAUSE OF ACTION
## CONTRIBUTORY COPYRIGHT INFRINGEMENT

(against Ms. Pecnick with respect to KS's infringement)

1844.   Plaintiff incorporates, repeats, and realleges every allegation set forth above.

1845.   Ms. Pecnick knew of KS's reproduction and distribution of the Copyrighted Work No. 65 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106.

1846.   Ms. Pecnick induced, caused (by way of promotion) and materially contributed to such infringing conduct by KS of the Copyrighted Work No. 65.

1847.   Plaintiff has sustained actual damages as a result of Ms. Pecnick's acts as alleged herein, and Ms. Pecnick is liable to Plaintiff for such damages pursuant to 17 U.S.C. § 504(a)(1).

1848.   Ms. Pecnick has profited as a result of Ms. Pecnick's acts as alleged herein, and Ms. Pecnick is liable to Plaintiff for such profits pursuant to 17 U.S.C. § 504(a)(1).

1849.   Plaintiff is entitled to a permanent injunction enjoining further contributory infringement by Ms. Pecnick pursuant to 17 U.S.C. § 502(a).

1850.   Plaintiff has incurred costs of suit in connection with bringing this action, and Ms. Pecnick is liable to Plaintiff for those costs of suit pursuant to 17 U.S.C. § 505.

## TWO HUNDRED FIFTEENTH CAUSE OF ACTION
## CONTRIBUTORY COPYRIGHT INFRINGEMENT

(against Ms. Pecnick with respect to KS's infringement)

1851.   Plaintiff incorporates, repeats, and realleges every allegation set forth above.

1852.   Ms. Pecnick knew of KS's reproduction and distribution of the Copyrighted Work No. 66 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106.

1853.   Ms. Pecnick induced, caused (by way of promotion) and materially contributed to such infringing conduct by KS of the Copyrighted Work No. 66.

1854.   Plaintiff has sustained actual damages as a result of Ms. Pecnick's acts as alleged herein, and Ms. Pecnick is liable to Plaintiff for such damages pursuant to 17 U.S.C. § 504(a)(1).

1855.   Ms. Pecnick has profited as a result of Ms. Pecnick's acts as alleged herein, and Ms. Pecnick is liable to Plaintiff for such profits pursuant to 17 U.S.C. § 504(a)(1).

1856.   Plaintiff is entitled to a permanent injunction enjoining further contributory infringement by Ms. Pecnick pursuant to 17 U.S.C. § 502(a).

1857.   Plaintiff has incurred costs of suit in connection with bringing this action, and Ms. Pecnick is liable to Plaintiff for those costs of suit pursuant to 17 U.S.C. § 505.

## TWO HUNDRED SIXTEENTH CAUSE OF ACTION
## CONTRIBUTORY COPYRIGHT INFRINGEMENT

(against Ms. Pecnick with respect to KS's infringement)

1858.   Plaintiff incorporates, repeats, and realleges every allegation set forth above.

1859.   Ms. Pecnick knew of KS's reproduction and distribution of the Copyrighted Work No. 67 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106.

1860.   Ms. Pecnick induced, caused (by way of promotion) and materially contributed to such infringing conduct by KS of the Copyrighted Work No. 67.

1861.   Plaintiff has sustained actual damages as a result of Ms. Pecnick's acts as alleged herein, and Ms. Pecnick is liable to Plaintiff for such damages pursuant to 17 U.S.C. § 504(a)(1).

1862.   Ms. Pecnick has profited as a result of Ms. Pecnick's acts as alleged herein, and Ms. Pecnick is liable to Plaintiff for such profits pursuant to 17 U.S.C. § 504(a)(1).

1863.   Plaintiff is entitled to a permanent injunction enjoining further contributory infringement by Ms. Pecnick pursuant to 17 U.S.C. § 502(a).

1864.   Plaintiff has incurred costs of suit in connection with bringing this action, and Ms. Pecnick is liable to Plaintiff for those costs of suit pursuant to 17 U.S.C. § 505.

## TWO HUNDRED SEVENTEENTH CAUSE OF ACTION
## CONTRIBUTORY COPYRIGHT INFRINGEMENT

(against Ms. Pecnick with respect to KS's infringement)

1865.   Plaintiff incorporates, repeats, and realleges every allegation set forth above.

1866.   Ms. Pecnick knew of KS's reproduction and distribution of the Copyrighted Work No. 68 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106.

1867.   Ms. Pecnick induced, caused (by way of promotion) and materially contributed to such infringing conduct by KS of the Copyrighted Work No. 68.

1868.   Plaintiff has sustained actual damages as a result of Ms. Pecnick's acts as alleged herein, and Ms. Pecnick is liable to Plaintiff for such damages pursuant to 17 U.S.C. § 504(a)(1).

1869.   Ms. Pecnick has profited as a result of Ms. Pecnick's acts as alleged herein, and Ms. Pecnick is liable to Plaintiff for such profits pursuant to 17 U.S.C. § 504(a)(1).

1870.   Plaintiff is entitled to a permanent injunction enjoining further contributory infringement by Ms. Pecnick pursuant to 17 U.S.C. § 502(a).

1871.   Plaintiff has incurred costs of suit in connection with bringing this action, and Ms. Pecnick is liable to Plaintiff for those costs of suit pursuant to 17 U.S.C. § 505.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**TWO HUNDRED EIGHTEENTH CAUSE OF ACTION**

**CONTRIBUTORY COPYRIGHT INFRINGEMENT**

(against Ms. Pecnick with respect to KS's infringement)

1872.   Plaintiff incorporates, repeats, and realleges every allegation set forth above.

1873.   Ms. Pecnick knew of KS's reproduction and distribution of the Copyrighted Work No. 69 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106.

1874.   Ms. Pecnick induced, caused (by way of promotion) and materially contributed to such infringing conduct by KS of the Copyrighted Work No. 69.

1875.   Plaintiff has sustained actual damages as a result of Ms. Pecnick's acts as alleged herein, and Ms. Pecnick is liable to Plaintiff for such damages pursuant to 17 U.S.C. § 504(a)(1).

1876.   Ms. Pecnick has profited as a result of Ms. Pecnick's acts as alleged herein, and Ms. Pecnick is liable to Plaintiff for such profits pursuant to 17 U.S.C. § 504(a)(1).

1877.   Plaintiff is entitled to a permanent injunction enjoining further contributory infringement by Ms. Pecnick pursuant to 17 U.S.C. § 502(a).

1878.   Plaintiff has incurred costs of suit in connection with bringing this action, and Ms. Pecnick is liable to Plaintiff for those costs of suit pursuant to 17 U.S.C. § 505.

**TWO HUNDRED NINETEENTH CAUSE OF ACTION**

**CONTRIBUTORY COPYRIGHT INFRINGEMENT**

(against Ms. Pecnick with respect to KS's infringement)

1879.   Plaintiff incorporates, repeats, and realleges every allegation set forth above.

1880.   Ms. Pecnick knew of KS's reproduction and distribution of the Copyrighted Work No. 70 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106.

1881.   Ms. Pecnick induced, caused (by way of promotion) and materially contributed to such infringing conduct by KS of the Copyrighted Work No. 70.

1882.   Plaintiff has sustained actual damages as a result of Ms. Pecnick's acts as alleged herein, and Ms. Pecnick is liable to Plaintiff for such damages pursuant to 17 U.S.C. § 504(a)(1).

1883.   Ms. Pecnick has profited as a result of Ms. Pecnick's acts as alleged herein, and Ms. Pecnick is liable to Plaintiff for such profits pursuant to 17 U.S.C. § 504(a)(1).

1884. Plaintiff is entitled to a permanent injunction enjoining further contributory infringement by Ms. Pecnick pursuant to 17 U.S.C. § 502(a).

1885. Plaintiff has incurred costs of suit in connection with bringing this action, and Ms. Pecnick is liable to Plaintiff for those costs of suit pursuant to 17 U.S.C. § 505.

## TWO HUNDRED TWENTIETH CAUSE OF ACTION
## CONTRIBUTORY COPYRIGHT INFRINGEMENT

(against Ms. Pecnick with respect to KS's infringement)

1886. Plaintiff incorporates, repeats, and realleges every allegation set forth above.

1887. Ms. Pecnick knew of KS's reproduction and distribution of the Copyrighted Work No. 71 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106.

1888. Ms. Pecnick induced, caused (by way of promotion) and materially contributed to such infringing conduct by KS of the Copyrighted Work No. 71.

1889. Plaintiff has sustained actual damages as a result of Ms. Pecnick's acts as alleged herein, and Ms. Pecnick is liable to Plaintiff for such damages pursuant to 17 U.S.C. § 504(a)(1).

1890. Ms. Pecnick has profited as a result of Ms. Pecnick's acts as alleged herein, and Ms. Pecnick is liable to Plaintiff for such profits pursuant to 17 U.S.C. § 504(a)(1).

1891. Plaintiff is entitled to a permanent injunction enjoining further contributory infringement by Ms. Pecnick pursuant to 17 U.S.C. § 502(a).

1892. Plaintiff has incurred costs of suit in connection with bringing this action, and Ms. Pecnick is liable to Plaintiff for those costs of suit pursuant to 17 U.S.C. § 505.

## TWO HUNDRED TWENTY-FIRST CAUSE OF ACTION
## CONTRIBUTORY COPYRIGHT INFRINGEMENT

(against Ms. Pecnick with respect to KS's infringement)

1893. Plaintiff incorporates, repeats, and realleges every allegation set forth above.

1894. Ms. Pecnick knew of KS's reproduction and distribution of the Copyrighted Work No. 72 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106.

1895. Ms. Pecnick induced, caused (by way of promotion) and materially contributed to such infringing conduct by KS of the Copyrighted Work No. 72.

1896. Plaintiff has sustained actual damages as a result of Ms. Pecnick's acts as alleged herein, and Ms. Pecnick is liable to Plaintiff for such damages pursuant to 17 U.S.C. § 504(a)(1).

1897. Ms. Pecnick has profited as a result of Ms. Pecnick's acts as alleged herein, and Ms. Pecnick is liable to Plaintiff for such profits pursuant to 17 U.S.C. § 504(a)(1).

1898. Plaintiff is entitled to a permanent injunction enjoining further contributory infringement by Ms. Pecnick pursuant to 17 U.S.C. § 502(a).

1899. Plaintiff has incurred costs of suit in connection with bringing this action, and Ms. Pecnick is liable to Plaintiff for those costs of suit pursuant to 17 U.S.C. § 505.

## TWO HUNDRED TWENTY-SECOND CAUSE OF ACTION
## CONTRIBUTORY COPYRIGHT INFRINGEMENT

(against Ms. Pecnick with respect to KS's infringement)

1900. Plaintiff incorporates, repeats, and realleges every allegation set forth above.

1901. Ms. Pecnick knew of KS's reproduction and distribution of the Copyrighted Work No. 73 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106.

1902. Ms. Pecnick induced, caused (by way of promotion) and materially contributed to such infringing conduct by KS of the Copyrighted Work No. 73.

1903. Plaintiff has sustained actual damages as a result of Ms. Pecnick's acts as alleged herein, and Ms. Pecnick is liable to Plaintiff for such damages pursuant to 17 U.S.C. § 504(a)(1).

1904. Ms. Pecnick has profited as a result of Ms. Pecnick's acts as alleged herein, and Ms. Pecnick is liable to Plaintiff for such profits pursuant to 17 U.S.C. § 504(a)(1).

1905. Plaintiff is entitled to a permanent injunction enjoining further contributory infringement by Ms. Pecnick pursuant to 17 U.S.C. § 502(a).

1906. Plaintiff has incurred costs of suit in connection with bringing this action, and Ms. Pecnick is liable to Plaintiff for those costs of suit pursuant to 17 U.S.C. § 505.

## TWO HUNDRED TWENTY-THIRD CAUSE OF ACTION
## CONTRIBUTORY COPYRIGHT INFRINGEMENT

(against Ms. Pecnick with respect to KS's infringement)

1907. Plaintiff incorporates, repeats, and realleges every allegation set forth above.

1908.   Ms. Pecnick knew of KS's reproduction and distribution of the Copyrighted Work No. 74 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106.

1909.   Ms. Pecnick induced, caused (by way of promotion) and materially contributed to such infringing conduct by KS of the Copyrighted Work No. 74.

1910.   Plaintiff has sustained actual damages as a result of Ms. Pecnick's acts as alleged herein, and Ms. Pecnick is liable to Plaintiff for such damages pursuant to 17 U.S.C. § 504(a)(1).

1911.   Ms. Pecnick has profited as a result of Ms. Pecnick's acts as alleged herein, and Ms. Pecnick is liable to Plaintiff for such profits pursuant to 17 U.S.C. § 504(a)(1).

1912.   Plaintiff is entitled to a permanent injunction enjoining further contributory infringement by Ms. Pecnick pursuant to 17 U.S.C. § 502(a).

1913.   Plaintiff has incurred costs of suit in connection with bringing this action, and Ms. Pecnick is liable to Plaintiff for those costs of suit pursuant to 17 U.S.C. § 505.

## TWO HUNDRED TWENTY-FOURTH CAUSE OF ACTION

## CONTRIBUTORY COPYRIGHT INFRINGEMENT

(against Ms. Pecnick with respect to KS's infringement)

1914.   Plaintiff incorporates, repeats, and realleges every allegation set forth above.

1915.   Ms. Pecnick knew of KS's reproduction and distribution of the Copyrighted Work No. 75 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106.

1916.   Ms. Pecnick induced, caused (by way of promotion) and materially contributed to such infringing conduct by KS of the Copyrighted Work No. 75.

1917.   Plaintiff has sustained actual damages as a result of Ms. Pecnick's acts as alleged herein, and Ms. Pecnick is liable to Plaintiff for such damages pursuant to 17 U.S.C. § 504(a)(1).

1918.   Ms. Pecnick has profited as a result of Ms. Pecnick's acts as alleged herein, and Ms. Pecnick is liable to Plaintiff for such profits pursuant to 17 U.S.C. § 504(a)(1).

1919.   Plaintiff is entitled to a permanent injunction enjoining further contributory infringement by Ms. Pecnick pursuant to 17 U.S.C. § 502(a).

1920.   Plaintiff has incurred costs of suit in connection with bringing this action, and Ms. Pecnick is liable to Plaintiff for those costs of suit pursuant to 17 U.S.C. § 505.

**TWO HUNDRED TWENTY-FIFTH CAUSE OF ACTION**

**CONTRIBUTORY COPYRIGHT INFRINGEMENT**

(against Ms. Pecnick with respect to KS's infringement)

1921.   Plaintiff incorporates, repeats, and realleges every allegation set forth above.

1922.   Ms. Pecnick knew of KS's reproduction and distribution of the Copyrighted Work No. 76 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106.

1923.   Ms. Pecnick induced, caused (by way of promotion) and materially contributed to such infringing conduct by KS of the Copyrighted Work No. 76.

1924.   Plaintiff has sustained actual damages as a result of Ms. Pecnick's acts as alleged herein, and Ms. Pecnick is liable to Plaintiff for such damages pursuant to 17 U.S.C. § 504(a)(1).

1925.   Ms. Pecnick has profited as a result of Ms. Pecnick's acts as alleged herein, and Ms. Pecnick is liable to Plaintiff for such profits pursuant to 17 U.S.C. § 504(a)(1).

1926.   Plaintiff is entitled to a permanent injunction enjoining further contributory infringement by Ms. Pecnick pursuant to 17 U.S.C. § 502(a).

1927.   Plaintiff has incurred costs of suit in connection with bringing this action, and Ms. Pecnick is liable to Plaintiff for those costs of suit pursuant to 17 U.S.C. § 505.

**TWO HUNDRED TWENTY-SIXTH CAUSE OF ACTION**

**CONTRIBUTORY COPYRIGHT INFRINGEMENT**

(against Ms. Pecnick with respect to KS's infringement)

1928.   Plaintiff incorporates, repeats, and realleges every allegation set forth above.

1929.   Ms. Pecnick knew of KS's reproduction and distribution of the Copyrighted Work No. 77 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106.

1930.   Ms. Pecnick induced, caused (by way of promotion) and materially contributed to such infringing conduct by KS of the Copyrighted Work No. 77.

1931.   Plaintiff has sustained actual damages as a result of Ms. Pecnick's acts as alleged herein, and Ms. Pecnick is liable to Plaintiff for such damages pursuant to 17 U.S.C. § 504(a)(1).

1932.   Ms. Pecnick has profited as a result of Ms. Pecnick's acts as alleged herein, and Ms. Pecnick is liable to Plaintiff for such profits pursuant to 17 U.S.C. § 504(a)(1).

1933. Plaintiff is entitled to a permanent injunction enjoining further contributory infringement by Ms. Pecnick pursuant to 17 U.S.C. § 502(a).

1934. Plaintiff has incurred costs of suit in connection with bringing this action, and Ms. Pecnick is liable to Plaintiff for those costs of suit pursuant to 17 U.S.C. § 505.

## TWO HUNDRED TWENTY-SEVENTH CAUSE OF ACTION

## DIRECT COPYRIGHT INFRINGEMENT UNDER 17 U.S.C. § 501

(against Mr. Shepelev)

1935. Plaintiff incorporates, repeats, and realleges every allegation set forth above.

1936. Mr. Shepelev reproduced the Copyrighted Work No. 6 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(1).

1937. Mr. Shepelev distributed the Copyrighted Work No. 6 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(3).

1938. Mr. Shepelev displayed the Copyrighted Work No. 6 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(5).

1939. Plaintiff has sustained actual damages as a result of Mr. Shepelev's acts as alleged herein, and Mr. Shepelev is liable to Plaintiff for such damages pursuant to 17 U.S.C. § 504(a)(1).

1940. Mr. Shepelev has profited as a result of Mr. Shepelev's acts as alleged herein, and Mr. Shepelev is liable to Plaintiff for such profits pursuant to 17 U.S.C. § 504(a)(1).

1941. Plaintiff is entitled to a permanent injunction enjoining further infringement by Mr. Shepelev pursuant to 17 U.S.C. § 502(a).

1942. Plaintiff has incurred costs of suit in connection with bringing this action, and Mr. Shepelev is liable to Plaintiff for those costs of suit pursuant to 17 U.S.C. § 505.

## TWO HUNDRED TWENTY-EIGHTH CAUSE OF ACTION

## DIRECT COPYRIGHT INFRINGEMENT UNDER 17 U.S.C. § 501

(against Mr. Shepelev)

1943. Plaintiff incorporates, repeats, and realleges every allegation set forth above.

1944.   Mr. Shepelev reproduced the Copyrighted Work No. 28 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(1).

1945.   Mr. Shepelev distributed the Copyrighted Work No. 28 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(3).

1946.   Mr. Shepelev displayed the Copyrighted Work No. 28 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(5).

1947.   Plaintiff has sustained actual damages as a result of Mr. Shepelev's acts as alleged herein, and Mr. Shepelev is liable to Plaintiff for such damages pursuant to 17 U.S.C. § 504(a)(1).

1948.   Mr. Shepelev has profited as a result of Mr. Shepelev's acts as alleged herein, and Mr. Shepelev is liable to Plaintiff for such profits pursuant to 17 U.S.C. § 504(a)(1).

1949.   Plaintiff is entitled to a permanent injunction enjoining further infringement by Mr. Shepelev pursuant to 17 U.S.C. § 502(a).

1950.   Plaintiff has incurred costs of suit in connection with bringing this action, and Mr. Shepelev is liable to Plaintiff for those costs of suit pursuant to 17 U.S.C. § 505.

1951.

## TWO HUNDRED TWENTY-NINTH CAUSE OF ACTION
## DIRECT COPYRIGHT INFRINGEMENT UNDER 17 U.S.C. § 501

(against Mr. Shepelev)

1952.   Plaintiff incorporates, repeats, and realleges every allegation set forth above.

1953.   Mr. Shepelev reproduced the Copyrighted Work No. 29 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(1).

1954.   Mr. Shepelev distributed the Copyrighted Work No. 29 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(3).

1955.   Mr. Shepelev displayed the Copyrighted Work No. 29 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(5).

1956.   Plaintiff has sustained actual damages as a result of Mr. Shepelev's acts as alleged herein, and Mr. Shepelev is liable to Plaintiff for such damages pursuant to 17 U.S.C. § 504(a)(1).

1957.   Mr. Shepelev has profited as a result of Mr. Shepelev's acts as alleged herein, and Mr. Shepelev is liable to Plaintiff for such profits pursuant to 17 U.S.C. § 504(a)(1).

1958.   Plaintiff is entitled to a permanent injunction enjoining further infringement by Mr. Shepelev pursuant to 17 U.S.C. § 502(a).

1959.   Plaintiff has incurred costs of suit in connection with bringing this action, and Mr. Shepelev is liable to Plaintiff for those costs of suit pursuant to 17 U.S.C. § 505.

## TWO HUNDRED THIRTIETH CAUSE OF ACTION

## DIRECT COPYRIGHT INFRINGEMENT UNDER 17 U.S.C. § 501

(against Mr. Shepelev)

1960.   Plaintiff incorporates, repeats, and realleges every allegation set forth above.

1961.   Mr. Shepelev reproduced the Copyrighted Work No. 30 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(1).

1962.   Mr. Shepelev distributed the Copyrighted Work No. 30 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(3).

1963.   Mr. Shepelev displayed the Copyrighted Work No. 30 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(5).

1964.   Plaintiff has sustained actual damages as a result of Mr. Shepelev's acts as alleged herein, and Mr. Shepelev is liable to Plaintiff for such damages pursuant to 17 U.S.C. § 504(a)(1).

1965.   Mr. Shepelev has profited as a result of Mr. Shepelev's acts as alleged herein, and Mr. Shepelev is liable to Plaintiff for such profits pursuant to 17 U.S.C. § 504(a)(1).

1966.   Plaintiff is entitled to a permanent injunction enjoining further infringement by Mr. Shepelev pursuant to 17 U.S.C. § 502(a).

1967.   Plaintiff has incurred costs of suit in connection with bringing this action, and Mr. Shepelev is liable to Plaintiff for those costs of suit pursuant to 17 U.S.C. § 505.

## TWO HUNDRED THIRTY-FIRST CAUSE OF ACTION

## DIRECT COPYRIGHT INFRINGEMENT UNDER 17 U.S.C. § 501

(against Mr. Shepelev)

1968. Plaintiff incorporates, repeats, and realleges every allegation set forth above.

1969. Mr. Shepelev reproduced the Copyrighted Work No. 31 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(1).

1970. Mr. Shepelev distributed the Copyrighted Work No. 31 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(3).

1971. Mr. Shepelev displayed the Copyrighted Work No. 31 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(5).

1972. Plaintiff has sustained actual damages as a result of Mr. Shepelev's acts as alleged herein, and Mr. Shepelev is liable to Plaintiff for such damages pursuant to 17 U.S.C. § 504(a)(1).

1973. Mr. Shepelev has profited as a result of Mr. Shepelev's acts as alleged herein, and Mr. Shepelev is liable to Plaintiff for such profits pursuant to 17 U.S.C. § 504(a)(1).

1974. Plaintiff is entitled to a permanent injunction enjoining further infringement by Mr. Shepelev pursuant to 17 U.S.C. § 502(a).

1975. Plaintiff has incurred costs of suit in connection with bringing this action, and Mr. Shepelev is liable to Plaintiff for those costs of suit pursuant to 17 U.S.C. § 505.

## TWO HUNDRED THIRTY-SECOND CAUSE OF ACTION

## DIRECT COPYRIGHT INFRINGEMENT UNDER 17 U.S.C. § 501

(against Mr. Shepelev)

1976. Plaintiff incorporates, repeats, and realleges every allegation set forth above.

1977. Mr. Shepelev reproduced the Copyrighted Work No. 32 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(1).

1978. Mr. Shepelev distributed the Copyrighted Work No. 32 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(3).

1979.   Mr. Shepelev displayed the Copyrighted Work No. 32 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(5).

1980.   Plaintiff has sustained actual damages as a result of Mr. Shepelev's acts as alleged herein, and Mr. Shepelev is liable to Plaintiff for such damages pursuant to 17 U.S.C. § 504(a)(1).

1981.   Mr. Shepelev has profited as a result of Mr. Shepelev's acts as alleged herein, and Mr. Shepelev is liable to Plaintiff for such profits pursuant to 17 U.S.C. § 504(a)(1).

1982.   Plaintiff is entitled to a permanent injunction enjoining further infringement by Mr. Shepelev pursuant to 17 U.S.C. § 502(a).

1983.   Plaintiff has incurred costs of suit in connection with bringing this action, and Mr. Shepelev is liable to Plaintiff for those costs of suit pursuant to 17 U.S.C. § 505.

## TWO HUNDRED THIRTY-THIRD CAUSE OF ACTION
## DIRECT COPYRIGHT INFRINGEMENT UNDER 17 U.S.C. § 501

(against Mr. Shepelev)

1984.   Plaintiff incorporates, repeats, and realleges every allegation set forth above.

1985.   Mr. Shepelev reproduced the Copyrighted Work No. 33 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(1).

1986.   Mr. Shepelev distributed the Copyrighted Work No. 33 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(3).

1987.   Mr. Shepelev displayed the Copyrighted Work No. 33 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(5).

1988.   Plaintiff has sustained actual damages as a result of Mr. Shepelev's acts as alleged herein, and Mr. Shepelev is liable to Plaintiff for such damages pursuant to 17 U.S.C. § 504(a)(1).

1989.   Mr. Shepelev has profited as a result of Mr. Shepelev's acts as alleged herein, and Mr. Shepelev is liable to Plaintiff for such profits pursuant to 17 U.S.C. § 504(a)(1).

1990.   Plaintiff is entitled to a permanent injunction enjoining further infringement by Mr. Shepelev pursuant to 17 U.S.C. § 502(a).

1991.   Plaintiff has incurred costs of suit in connection with bringing this action, and Mr. Shepelev is liable to Plaintiff for those costs of suit pursuant to 17 U.S.C. § 505.

**TWO HUNDRED THIRTY-FOURTH CAUSE OF ACTION**

**DIRECT COPYRIGHT INFRINGEMENT UNDER 17 U.S.C. § 501**

(against Mr. Shepelev)

1992.   Plaintiff incorporates, repeats, and realleges every allegation set forth above.

1993.   Mr. Shepelev reproduced the Copyrighted Work No. 34 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(1).

1994.   Mr. Shepelev distributed the Copyrighted Work No. 34 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(3).

1995.   Mr. Shepelev displayed the Copyrighted Work No. 34 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(5).

1996.   Plaintiff has sustained actual damages as a result of Mr. Shepelev's acts as alleged herein, and Mr. Shepelev is liable to Plaintiff for such damages pursuant to 17 U.S.C. § 504(a)(1).

1997.   Mr. Shepelev has profited as a result of Mr. Shepelev's acts as alleged herein, and Mr. Shepelev is liable to Plaintiff for such profits pursuant to 17 U.S.C. § 504(a)(1).

1998.   Plaintiff is entitled to a permanent injunction enjoining further infringement by Mr. Shepelev pursuant to 17 U.S.C. § 502(a).

1999.   Plaintiff has incurred costs of suit in connection with bringing this action, and Mr. Shepelev is liable to Plaintiff for those costs of suit pursuant to 17 U.S.C. § 505.

**TWO HUNDRED THIRTY-FIFTH CAUSE OF ACTION**

**DIRECT COPYRIGHT INFRINGEMENT UNDER 17 U.S.C. § 501**

(against Mr. Shepelev)

2000.   Plaintiff incorporates, repeats, and realleges every allegation set forth above.

2001.   Mr. Shepelev reproduced the Copyrighted Work No. 35 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(1).

2002. Mr. Shepelev distributed the Copyrighted Work No. 35 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(3).

2003. Mr. Shepelev displayed the Copyrighted Work No. 35 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(5).

2004. Plaintiff has sustained actual damages as a result of Mr. Shepelev's acts as alleged herein, and Mr. Shepelev is liable to Plaintiff for such damages pursuant to 17 U.S.C. § 504(a)(1).

2005. Mr. Shepelev has profited as a result of Mr. Shepelev's acts as alleged herein, and Mr. Shepelev is liable to Plaintiff for such profits pursuant to 17 U.S.C. § 504(a)(1).

2006. Plaintiff is entitled to a permanent injunction enjoining further infringement by Mr. Shepelev pursuant to 17 U.S.C. § 502(a).

2007. Plaintiff has incurred costs of suit in connection with bringing this action, and Mr. Shepelev is liable to Plaintiff for those costs of suit pursuant to 17 U.S.C. § 505.

## TWO HUNDRED THIRTY-SIXTH CAUSE OF ACTION
## DIRECT COPYRIGHT INFRINGEMENT UNDER 17 U.S.C. § 501

(against Mr. Shepelev)

2008. Plaintiff incorporates, repeats, and realleges every allegation set forth above.

2009. Mr. Shepelev reproduced the Copyrighted Work No. 36 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(1).

2010. Mr. Shepelev distributed the Copyrighted Work No. 36 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(3).

2011. Mr. Shepelev displayed the Copyrighted Work No. 36 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(5).

2012. Plaintiff has sustained actual damages as a result of Mr. Shepelev's acts as alleged herein, and Mr. Shepelev is liable to Plaintiff for such damages pursuant to 17 U.S.C. § 504(a)(1).

2013. Mr. Shepelev has profited as a result of Mr. Shepelev's acts as alleged herein, and Mr. Shepelev is liable to Plaintiff for such profits pursuant to 17 U.S.C. § 504(a)(1).

2014.   Plaintiff is entitled to a permanent injunction enjoining further infringement by Mr. Shepelev pursuant to 17 U.S.C. § 502(a).

2015.   Plaintiff has incurred costs of suit in connection with bringing this action, and Mr. Shepelev is liable to Plaintiff for those costs of suit pursuant to 17 U.S.C. § 505.

## TWO HUNDRED THIRTY-SEVENTH CAUSE OF ACTION
## DIRECT COPYRIGHT INFRINGEMENT UNDER 17 U.S.C. § 501

(against Mr. Shepelev)

2016.   Plaintiff incorporates, repeats, and realleges every allegation set forth above.

2017.   Mr. Shepelev reproduced the Copyrighted Work No. 37 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(1).

2018.   Mr. Shepelev distributed the Copyrighted Work No. 37 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(3).

2019.   Mr. Shepelev displayed the Copyrighted Work No. 37 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(5).

2020.   Plaintiff has sustained actual damages as a result of Mr. Shepelev's acts as alleged herein, and Mr. Shepelev is liable to Plaintiff for such damages pursuant to 17 U.S.C. § 504(a)(1).

2021.   Mr. Shepelev has profited as a result of Mr. Shepelev's acts as alleged herein, and Mr. Shepelev is liable to Plaintiff for such profits pursuant to 17 U.S.C. § 504(a)(1).

2022.   Plaintiff is entitled to a permanent injunction enjoining further infringement by Mr. Shepelev pursuant to 17 U.S.C. § 502(a).

2023.   Plaintiff has incurred costs of suit in connection with bringing this action, and Mr. Shepelev is liable to Plaintiff for those costs of suit pursuant to 17 U.S.C. § 505.

## TWO HUNDRED THIRTY-EIGHTH CAUSE OF ACTION
## DIRECT COPYRIGHT INFRINGEMENT UNDER 17 U.S.C. § 501

(against Mr. Shepelev)

2024.   Plaintiff incorporates, repeats, and realleges every allegation set forth above.

2025.   Mr. Shepelev reproduced the Copyrighted Work No. 38 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(1).

2026.   Mr. Shepelev distributed the Copyrighted Work No. 38 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(3).

2027.   Mr. Shepelev displayed the Copyrighted Work No. 38 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(5).

2028.   Plaintiff has sustained actual damages as a result of Mr. Shepelev's acts as alleged herein, and Mr. Shepelev is liable to Plaintiff for such damages pursuant to 17 U.S.C. § 504(a)(1).

2029.   Mr. Shepelev has profited as a result of Mr. Shepelev's acts as alleged herein, and Mr. Shepelev is liable to Plaintiff for such profits pursuant to 17 U.S.C. § 504(a)(1).

2030.   Plaintiff is entitled to a permanent injunction enjoining further infringement by Mr. Shepelev pursuant to 17 U.S.C. § 502(a).

2031.   Plaintiff has incurred costs of suit in connection with bringing this action, and Mr. Shepelev is liable to Plaintiff for those costs of suit pursuant to 17 U.S.C. § 505.

## TWO HUNDRED THIRTY-NINTH CAUSE OF ACTION
## DIRECT COPYRIGHT INFRINGEMENT UNDER 17 U.S.C. § 501

(against Mr. Shepelev)

2032.   Plaintiff incorporates, repeats, and realleges every allegation set forth above.

2033.   Mr. Shepelev reproduced the Copyrighted Work No. 39 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(1).

2034.   Mr. Shepelev distributed the Copyrighted Work No. 39 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(3).

2035.   Mr. Shepelev displayed the Copyrighted Work No. 39 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(5).

2036.   Plaintiff has sustained actual damages as a result of Mr. Shepelev's acts as alleged herein, and Mr. Shepelev is liable to Plaintiff for such damages pursuant to 17 U.S.C. § 504(a)(1).

2037.   Mr. Shepelev has profited as a result of Mr. Shepelev's acts as alleged herein, and Mr. Shepelev is liable to Plaintiff for such profits pursuant to 17 U.S.C. § 504(a)(1).

2038.   Plaintiff is entitled to a permanent injunction enjoining further infringement by Mr. Shepelev pursuant to 17 U.S.C. § 502(a).

2039.   Plaintiff has incurred costs of suit in connection with bringing this action, and Mr. Shepelev is liable to Plaintiff for those costs of suit pursuant to 17 U.S.C. § 505.

## TWO HUNDRED FORTIETH CAUSE OF ACTION

## DIRECT COPYRIGHT INFRINGEMENT UNDER 17 U.S.C. § 501

(against Mr. Shepelev)

2040.   Plaintiff incorporates, repeats, and realleges every allegation set forth above.

2041.   Mr. Shepelev reproduced the Copyrighted Work No. 40 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(1).

2042.   Mr. Shepelev distributed the Copyrighted Work No. 40 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(3).

2043.   Mr. Shepelev displayed the Copyrighted Work No. 40 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(5).

2044.   Plaintiff has sustained actual damages as a result of Mr. Shepelev's acts as alleged herein, and Mr. Shepelev is liable to Plaintiff for such damages pursuant to 17 U.S.C. § 504(a)(1).

2045.   Mr. Shepelev has profited as a result of Mr. Shepelev's acts as alleged herein, and Mr. Shepelev is liable to Plaintiff for such profits pursuant to 17 U.S.C. § 504(a)(1).

2046.   Plaintiff is entitled to a permanent injunction enjoining further infringement by Mr. Shepelev pursuant to 17 U.S.C. § 502(a).

2047.   Plaintiff has incurred costs of suit in connection with bringing this action, and Mr. Shepelev is liable to Plaintiff for those costs of suit pursuant to 17 U.S.C. § 505.

## TWO HUNDRED FORTY-FIRST CAUSE OF ACTION
## DIRECT COPYRIGHT INFRINGEMENT UNDER 17 U.S.C. § 501

(against Mr. Shepelev)

2048.   Plaintiff incorporates, repeats, and realleges every allegation set forth above.

2049.   Mr. Shepelev reproduced the Copyrighted Work No. 41 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(1).

2050.   Mr. Shepelev distributed the Copyrighted Work No. 41 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(3).

2051.   Mr. Shepelev displayed the Copyrighted Work No. 41 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(5).

2052.   Plaintiff has sustained actual damages as a result of Mr. Shepelev's acts as alleged herein, and Mr. Shepelev is liable to Plaintiff for such damages pursuant to 17 U.S.C. § 504(a)(1).

2053.   Mr. Shepelev has profited as a result of Mr. Shepelev's acts as alleged herein, and Mr. Shepelev is liable to Plaintiff for such profits pursuant to 17 U.S.C. § 504(a)(1).

2054.   Plaintiff is entitled to a permanent injunction enjoining further infringement by Mr. Shepelev pursuant to 17 U.S.C. § 502(a).

2055.   Plaintiff has incurred costs of suit in connection with bringing this action, and Mr. Shepelev is liable to Plaintiff for those costs of suit pursuant to 17 U.S.C. § 505.

## TWO HUNDRED FORTY-SECOND CAUSE OF ACTION
## DIRECT COPYRIGHT INFRINGEMENT UNDER 17 U.S.C. § 501

(against Mr. Shepelev)

2056.   Plaintiff incorporates, repeats, and realleges every allegation set forth above.

2057.   Mr. Shepelev reproduced the Copyrighted Work No. 42 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(1).

2058.   Mr. Shepelev distributed the Copyrighted Work No. 42 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(3).

2059.   Mr. Shepelev displayed the Copyrighted Work No. 42 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(5).

2060.   Plaintiff has sustained actual damages as a result of Mr. Shepelev's acts as alleged herein, and Mr. Shepelev is liable to Plaintiff for such damages pursuant to 17 U.S.C. § 504(a)(1).

2061.   Mr. Shepelev has profited as a result of Mr. Shepelev's acts as alleged herein, and Mr. Shepelev is liable to Plaintiff for such profits pursuant to 17 U.S.C. § 504(a)(1).

2062.   Plaintiff is entitled to a permanent injunction enjoining further infringement by Mr. Shepelev pursuant to 17 U.S.C. § 502(a).

2063.   Plaintiff has incurred costs of suit in connection with bringing this action, and Mr. Shepelev is liable to Plaintiff for those costs of suit pursuant to 17 U.S.C. § 505.

## TWO HUNDRED FORTY-THIRD CAUSE OF ACTION
## DIRECT COPYRIGHT INFRINGEMENT UNDER 17 U.S.C. § 501

(against Mr. Shepelev)

2064.   Plaintiff incorporates, repeats, and realleges every allegation set forth above.

2065.   Mr. Shepelev reproduced the Copyrighted Work No. 43 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(1).

2066.   Mr. Shepelev distributed the Copyrighted Work No. 43 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(3).

2067.   Mr. Shepelev displayed the Copyrighted Work No. 43 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(5).

2068.   Plaintiff has sustained actual damages as a result of Mr. Shepelev's acts as alleged herein, and Mr. Shepelev is liable to Plaintiff for such damages pursuant to 17 U.S.C. § 504(a)(1).

2069.   Mr. Shepelev has profited as a result of Mr. Shepelev's acts as alleged herein, and Mr. Shepelev is liable to Plaintiff for such profits pursuant to 17 U.S.C. § 504(a)(1).

2070.   Plaintiff is entitled to a permanent injunction enjoining further infringement by Mr. Shepelev pursuant to 17 U.S.C. § 502(a).

2071.   Plaintiff has incurred costs of suit in connection with bringing this action, and Mr. Shepelev is liable to Plaintiff for those costs of suit pursuant to 17 U.S.C. § 505.

## TWO HUNDRED FORTY-FOURTH CAUSE OF ACTION

## DIRECT COPYRIGHT INFRINGEMENT UNDER 17 U.S.C. § 501

(against Mr. Shepelev)

2072.   Plaintiff incorporates, repeats, and realleges every allegation set forth above.

2073.   Mr. Shepelev reproduced the Copyrighted Work No. 44 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(1).

2074.   Mr. Shepelev distributed the Copyrighted Work No. 44 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(3).

2075.   Mr. Shepelev displayed the Copyrighted Work No. 44 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(5).

2076.   Plaintiff has sustained actual damages as a result of Mr. Shepelev's acts as alleged herein, and Mr. Shepelev is liable to Plaintiff for such damages pursuant to 17 U.S.C. § 504(a)(1).

2077.   Mr. Shepelev has profited as a result of Mr. Shepelev's acts as alleged herein, and Mr. Shepelev is liable to Plaintiff for such profits pursuant to 17 U.S.C. § 504(a)(1).

2078.   Plaintiff is entitled to a permanent injunction enjoining further infringement by Mr. Shepelev pursuant to 17 U.S.C. § 502(a).

2079.   Plaintiff has incurred costs of suit in connection with bringing this action, and Mr. Shepelev is liable to Plaintiff for those costs of suit pursuant to 17 U.S.C. § 505.

## TWO HUNDRED FORTY-FIFTH CAUSE OF ACTION

## DIRECT COPYRIGHT INFRINGEMENT UNDER 17 U.S.C. § 501

(against Mr. Shepelev)

2080.   Plaintiff incorporates, repeats, and realleges every allegation set forth above.

2081.   Mr. Shepelev reproduced the Copyrighted Work No. 45 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(1).

2082.   Mr. Shepelev distributed the Copyrighted Work No. 45 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(3).

2083.   Mr. Shepelev displayed the Copyrighted Work No. 45 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(5).

2084.   Plaintiff has sustained actual damages as a result of Mr. Shepelev's acts as alleged herein, and Mr. Shepelev is liable to Plaintiff for such damages pursuant to 17 U.S.C. § 504(a)(1).

2085.   Mr. Shepelev has profited as a result of Mr. Shepelev's acts as alleged herein, and Mr. Shepelev is liable to Plaintiff for such profits pursuant to 17 U.S.C. § 504(a)(1).

2086.   Plaintiff is entitled to a permanent injunction enjoining further infringement by Mr. Shepelev pursuant to 17 U.S.C. § 502(a).

2087.   Plaintiff has incurred costs of suit in connection with bringing this action, and Mr. Shepelev is liable to Plaintiff for those costs of suit pursuant to 17 U.S.C. § 505.

## TWO HUNDRED FORTY-SIXTH CAUSE OF ACTION

## DIRECT COPYRIGHT INFRINGEMENT UNDER 17 U.S.C. § 501

(against Mr. Shepelev)

2088.   Plaintiff incorporates, repeats, and realleges every allegation set forth above.

2089.   Mr. Shepelev reproduced the Copyrighted Work No. 46 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(1).

2090.   Mr. Shepelev distributed the Copyrighted Work No. 46 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(3).

2091.   Mr. Shepelev displayed the Copyrighted Work No. 46 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(5).

2092.   Plaintiff has sustained actual damages as a result of Mr. Shepelev's acts as alleged herein, and Mr. Shepelev is liable to Plaintiff for such damages pursuant to 17 U.S.C. § 504(a)(1).

2093.   Mr. Shepelev has profited as a result of Mr. Shepelev's acts as alleged herein, and Mr. Shepelev is liable to Plaintiff for such profits pursuant to 17 U.S.C. § 504(a)(1).

2094.   Plaintiff is entitled to a permanent injunction enjoining further infringement by Mr. Shepelev pursuant to 17 U.S.C. § 502(a).

2095.   Plaintiff has incurred costs of suit in connection with bringing this action, and Mr. Shepelev is liable to Plaintiff for those costs of suit pursuant to 17 U.S.C. § 505.

### TWO HUNDRED FORTY-SEVENTH CAUSE OF ACTION
### DIRECT COPYRIGHT INFRINGEMENT UNDER 17 U.S.C. § 501

(against Mr. Shepelev)

2096.   Plaintiff incorporates, repeats, and realleges every allegation set forth above.

2097.   Mr. Shepelev reproduced the Copyrighted Work No. 47 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(1).

2098.   Mr. Shepelev distributed the Copyrighted Work No. 47 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(3).

2099.   Mr. Shepelev displayed the Copyrighted Work No. 47 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(5).

2100.   Plaintiff has sustained actual damages as a result of Mr. Shepelev's acts as alleged herein, and Mr. Shepelev is liable to Plaintiff for such damages pursuant to 17 U.S.C. § 504(a)(1).

2101.   Mr. Shepelev has profited as a result of Mr. Shepelev's acts as alleged herein, and Mr. Shepelev is liable to Plaintiff for such profits pursuant to 17 U.S.C. § 504(a)(1).

2102.   Plaintiff is entitled to a permanent injunction enjoining further infringement by Mr. Shepelev pursuant to 17 U.S.C. § 502(a).

2103.   Plaintiff has incurred costs of suit in connection with bringing this action, and Mr. Shepelev is liable to Plaintiff for those costs of suit pursuant to 17 U.S.C. § 505.

### TWO HUNDRED FORTY-EIGHTH CAUSE OF ACTION
### DIRECT COPYRIGHT INFRINGEMENT UNDER 17 U.S.C. § 501

(against Mr. Shepelev)

2104.   Plaintiff incorporates, repeats, and realleges every allegation set forth above.

2105.   Mr. Shepelev reproduced the Copyrighted Work No. 48 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(1).

2106.   Mr. Shepelev distributed the Copyrighted Work No. 48 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(3).

2107.   Mr. Shepelev displayed the Copyrighted Work No. 48 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(5).

2108.   Plaintiff has sustained actual damages as a result of Mr. Shepelev's acts as alleged herein, and Mr. Shepelev is liable to Plaintiff for such damages pursuant to 17 U.S.C. § 504(a)(1).

2109.   Mr. Shepelev has profited as a result of Mr. Shepelev's acts as alleged herein, and Mr. Shepelev is liable to Plaintiff for such profits pursuant to 17 U.S.C. § 504(a)(1).

2110.   Plaintiff is entitled to a permanent injunction enjoining further infringement by Mr. Shepelev pursuant to 17 U.S.C. § 502(a).

2111.   Plaintiff has incurred costs of suit in connection with bringing this action, and Mr. Shepelev is liable to Plaintiff for those costs of suit pursuant to 17 U.S.C. § 505.

### TWO HUNDRED FORTY-NINTH CAUSE OF ACTION
### DIRECT COPYRIGHT INFRINGEMENT UNDER 17 U.S.C. § 501

(against Mr. Shepelev)

2112.   Plaintiff incorporates, repeats, and realleges every allegation set forth above.

2113.   Mr. Shepelev reproduced the Copyrighted Work No. 49 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(1).

2114.   Mr. Shepelev distributed the Copyrighted Work No. 49 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(3).

2115.   Mr. Shepelev displayed the Copyrighted Work No. 49 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(5).

2116.   Plaintiff has sustained actual damages as a result of Mr. Shepelev's acts as alleged herein, and Mr. Shepelev is liable to Plaintiff for such damages pursuant to 17 U.S.C. § 504(a)(1).

2117.   Mr. Shepelev has profited as a result of Mr. Shepelev's acts as alleged herein, and Mr. Shepelev is liable to Plaintiff for such profits pursuant to 17 U.S.C. § 504(a)(1).

2118.   Plaintiff is entitled to a permanent injunction enjoining further infringement by Mr. Shepelev pursuant to 17 U.S.C. § 502(a).

2119.   Plaintiff has incurred costs of suit in connection with bringing this action, and Mr. Shepelev is liable to Plaintiff for those costs of suit pursuant to 17 U.S.C. § 505.

## TWO HUNDRED FIFTIETH CAUSE OF ACTION

## DIRECT COPYRIGHT INFRINGEMENT UNDER 17 U.S.C. § 501

(against Mr. Shepelev)

2120.   Plaintiff incorporates, repeats, and realleges every allegation set forth above.

2121.   Mr. Shepelev reproduced the Copyrighted Work No. 50 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(1).

2122.   Mr. Shepelev distributed the Copyrighted Work No. 50 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(3).

2123.   Mr. Shepelev displayed the Copyrighted Work No. 50 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(5).

2124.   Plaintiff has sustained actual damages as a result of Mr. Shepelev's acts as alleged herein, and Mr. Shepelev is liable to Plaintiff for such damages pursuant to 17 U.S.C. § 504(a)(1).

2125.   Mr. Shepelev has profited as a result of Mr. Shepelev's acts as alleged herein, and Mr. Shepelev is liable to Plaintiff for such profits pursuant to 17 U.S.C. § 504(a)(1).

2126.   Plaintiff is entitled to a permanent injunction enjoining further infringement by Mr. Shepelev pursuant to 17 U.S.C. § 502(a).

2127.   Plaintiff has incurred costs of suit in connection with bringing this action, and Mr. Shepelev is liable to Plaintiff for those costs of suit pursuant to 17 U.S.C. § 505.

**TWO HUNDRED FIFTY-FIRST CAUSE OF ACTION**

**DIRECT COPYRIGHT INFRINGEMENT UNDER 17 U.S.C. § 501**

(against Mr. Shepelev)

2128.   Plaintiff incorporates, repeats, and realleges every allegation set forth above.

2129.   Mr. Shepelev reproduced the Copyrighted Work No. 51 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(1).

2130.   Mr. Shepelev distributed the Copyrighted Work No. 51 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(3).

2131.   Mr. Shepelev displayed the Copyrighted Work No. 51 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(5).

2132.   Plaintiff has sustained actual damages as a result of Mr. Shepelev's acts as alleged herein, and Mr. Shepelev is liable to Plaintiff for such damages pursuant to 17 U.S.C. § 504(a)(1).

2133.   Mr. Shepelev has profited as a result of Mr. Shepelev's acts as alleged herein, and Mr. Shepelev is liable to Plaintiff for such profits pursuant to 17 U.S.C. § 504(a)(1).

2134.   Plaintiff is entitled to a permanent injunction enjoining further infringement by Mr. Shepelev pursuant to 17 U.S.C. § 502(a).

2135.   Plaintiff has incurred costs of suit in connection with bringing this action, and Mr. Shepelev is liable to Plaintiff for those costs of suit pursuant to 17 U.S.C. § 505.

**TWO HUNDRED FIFTY-SECOND CAUSE OF ACTION**

**DIRECT COPYRIGHT INFRINGEMENT UNDER 17 U.S.C. § 501**

(against Mr. Shepelev)

2136.   Plaintiff incorporates, repeats, and realleges every allegation set forth above.

2137.   Mr. Shepelev reproduced the Copyrighted Work No. 52 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(1).

2138.   Mr. Shepelev distributed the Copyrighted Work No. 52 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(3).

2139.   Mr. Shepelev displayed the Copyrighted Work No. 52 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(5).

2140.   Plaintiff has sustained actual damages as a result of Mr. Shepelev's acts as alleged herein, and Mr. Shepelev is liable to Plaintiff for such damages pursuant to 17 U.S.C. § 504(a)(1).

2141.   Mr. Shepelev has profited as a result of Mr. Shepelev's acts as alleged herein, and Mr. Shepelev is liable to Plaintiff for such profits pursuant to 17 U.S.C. § 504(a)(1).

2142.   Plaintiff is entitled to a permanent injunction enjoining further infringement by Mr. Shepelev pursuant to 17 U.S.C. § 502(a).

2143.   Plaintiff has incurred costs of suit in connection with bringing this action, and Mr. Shepelev is liable to Plaintiff for those costs of suit pursuant to 17 U.S.C. § 505.

## TWO HUNDRED FIFTY-THIRD CAUSE OF ACTION
## DIRECT COPYRIGHT INFRINGEMENT UNDER 17 U.S.C. § 501

(against Mr. Shepelev)

2144.   Plaintiff incorporates, repeats, and realleges every allegation set forth above.

2145.   Mr. Shepelev reproduced the Copyrighted Work No. 53 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(1).

2146.   Mr. Shepelev distributed the Copyrighted Work No. 53 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(3).

2147.   Mr. Shepelev displayed the Copyrighted Work No. 53 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(5).

2148.   Plaintiff has sustained actual damages as a result of Mr. Shepelev's acts as alleged herein, and Mr. Shepelev is liable to Plaintiff for such damages pursuant to 17 U.S.C. § 504(a)(1).

2149.   Mr. Shepelev has profited as a result of Mr. Shepelev's acts as alleged herein, and Mr. Shepelev is liable to Plaintiff for such profits pursuant to 17 U.S.C. § 504(a)(1).

2150.   Plaintiff is entitled to a permanent injunction enjoining further infringement by Mr. Shepelev pursuant to 17 U.S.C. § 502(a).

2151.   Plaintiff has incurred costs of suit in connection with bringing this action, and Mr. Shepelev is liable to Plaintiff for those costs of suit pursuant to 17 U.S.C. § 505.

## TWO HUNDRED FIFTY-FOURTH CAUSE OF ACTION

## DIRECT COPYRIGHT INFRINGEMENT UNDER 17 U.S.C. § 501

(against Mr. Shepelev)

2152.   Plaintiff incorporates, repeats, and realleges every allegation set forth above.

2153.   Mr. Shepelev reproduced the Copyrighted Work No. 54 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(1).

2154.   Mr. Shepelev distributed the Copyrighted Work No. 54 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(3).

2155.   Mr. Shepelev displayed the Copyrighted Work No. 54 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(5).

2156.   Plaintiff has sustained actual damages as a result of Mr. Shepelev's acts as alleged herein, and Mr. Shepelev is liable to Plaintiff for such damages pursuant to 17 U.S.C. § 504(a)(1).

2157.   Mr. Shepelev has profited as a result of Mr. Shepelev's acts as alleged herein, and Mr. Shepelev is liable to Plaintiff for such profits pursuant to 17 U.S.C. § 504(a)(1).

2158.   Plaintiff is entitled to a permanent injunction enjoining further infringement by Mr. Shepelev pursuant to 17 U.S.C. § 502(a).

2159.   Plaintiff has incurred costs of suit in connection with bringing this action, and Mr. Shepelev is liable to Plaintiff for those costs of suit pursuant to 17 U.S.C. § 505.

## TWO HUNDRED FIFTY-FIFTH CAUSE OF ACTION

## DIRECT COPYRIGHT INFRINGEMENT UNDER 17 U.S.C. § 501

(against Mr. Shepelev)

2160.   Plaintiff incorporates, repeats, and realleges every allegation set forth above.

2161.   Mr. Shepelev reproduced the Copyrighted Work No. 55 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(1).

2162.   Mr. Shepelev distributed the Copyrighted Work No. 55 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(3).

2163.   Mr. Shepelev displayed the Copyrighted Work No. 55 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(5).

2164.   Plaintiff has sustained actual damages as a result of Mr. Shepelev's acts as alleged herein, and Mr. Shepelev is liable to Plaintiff for such damages pursuant to 17 U.S.C. § 504(a)(1).

2165.   Mr. Shepelev has profited as a result of Mr. Shepelev's acts as alleged herein, and Mr. Shepelev is liable to Plaintiff for such profits pursuant to 17 U.S.C. § 504(a)(1).

2166.   Plaintiff is entitled to a permanent injunction enjoining further infringement by Mr. Shepelev pursuant to 17 U.S.C. § 502(a).

2167.   Plaintiff has incurred costs of suit in connection with bringing this action, and Mr. Shepelev is liable to Plaintiff for those costs of suit pursuant to 17 U.S.C. § 505.

## TWO HUNDRED FIFTY-SIXTH CAUSE OF ACTION

## DIRECT COPYRIGHT INFRINGEMENT UNDER 17 U.S.C. § 501

(against Mr. Shepelev)

2168.   Plaintiff incorporates, repeats, and realleges every allegation set forth above.

2169.   Mr. Shepelev reproduced the Copyrighted Work No. 56 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(1).

2170.   Mr. Shepelev distributed the Copyrighted Work No. 56 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(3).

2171.   Mr. Shepelev displayed the Copyrighted Work No. 56 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(5).

2172.   Plaintiff has sustained actual damages as a result of Mr. Shepelev's acts as alleged herein, and Mr. Shepelev is liable to Plaintiff for such damages pursuant to 17 U.S.C. § 504(a)(1).

2173.   Mr. Shepelev has profited as a result of Mr. Shepelev's acts as alleged herein, and Mr. Shepelev is liable to Plaintiff for such profits pursuant to 17 U.S.C. § 504(a)(1).

2174.   Plaintiff is entitled to a permanent injunction enjoining further infringement by Mr. Shepelev pursuant to 17 U.S.C. § 502(a).

2175.   Plaintiff has incurred costs of suit in connection with bringing this action, and Mr. Shepelev is liable to Plaintiff for those costs of suit pursuant to 17 U.S.C. § 505.

## TWO HUNDRED FIFTY-SEVENTH CAUSE OF ACTION

## DIRECT COPYRIGHT INFRINGEMENT UNDER 17 U.S.C. § 501

(against Mr. Shepelev)

2176.   Plaintiff incorporates, repeats, and realleges every allegation set forth above.

2177.   Mr. Shepelev reproduced the Copyrighted Work No. 57 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(1).

2178.   Mr. Shepelev distributed the Copyrighted Work No. 57 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(3).

2179.   Mr. Shepelev displayed the Copyrighted Work No. 57 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(5).

2180.   Plaintiff has sustained actual damages as a result of Mr. Shepelev's acts as alleged herein, and Mr. Shepelev is liable to Plaintiff for such damages pursuant to 17 U.S.C. § 504(a)(1).

2181.   Mr. Shepelev has profited as a result of Mr. Shepelev's acts as alleged herein, and Mr. Shepelev is liable to Plaintiff for such profits pursuant to 17 U.S.C. § 504(a)(1).

2182.   Plaintiff is entitled to a permanent injunction enjoining further infringement by Mr. Shepelev pursuant to 17 U.S.C. § 502(a).

2183.   Plaintiff has incurred costs of suit in connection with bringing this action, and Mr. Shepelev is liable to Plaintiff for those costs of suit pursuant to 17 U.S.C. § 505.

## TWO HUNDRED FIFTY-EIGHTH CAUSE OF ACTION

## DIRECT COPYRIGHT INFRINGEMENT UNDER 17 U.S.C. § 501

(against Mr. Shepelev)

2184.   Plaintiff incorporates, repeats, and realleges every allegation set forth above.

2185.   Mr. Shepelev reproduced the Copyrighted Work No. 58 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(1).

2186.   Mr. Shepelev distributed the Copyrighted Work No. 58 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(3).

2187.   Mr. Shepelev displayed the Copyrighted Work No. 58 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(5).

2188.   Plaintiff has sustained actual damages as a result of Mr. Shepelev's acts as alleged herein, and Mr. Shepelev is liable to Plaintiff for such damages pursuant to 17 U.S.C. § 504(a)(1).

2189.   Mr. Shepelev has profited as a result of Mr. Shepelev's acts as alleged herein, and Mr. Shepelev is liable to Plaintiff for such profits pursuant to 17 U.S.C. § 504(a)(1).

2190.   Plaintiff is entitled to a permanent injunction enjoining further infringement by Mr. Shepelev pursuant to 17 U.S.C. § 502(a).

2191.   Plaintiff has incurred costs of suit in connection with bringing this action, and Mr. Shepelev is liable to Plaintiff for those costs of suit pursuant to 17 U.S.C. § 505.

## TWO HUNDRED FIFTY-NINTH CAUSE OF ACTION
## DIRECT COPYRIGHT INFRINGEMENT UNDER 17 U.S.C. § 501

(against Mr. Shepelev)

2192.   Plaintiff incorporates, repeats, and realleges every allegation set forth above.

2193.   Mr. Shepelev reproduced the Copyrighted Work No. 59 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(1).

2194.   Mr. Shepelev distributed the Copyrighted Work No. 59 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(3).

2195.   Mr. Shepelev displayed the Copyrighted Work No. 59 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(5).

2196.   Plaintiff has sustained actual damages as a result of Mr. Shepelev's acts as alleged herein, and Mr. Shepelev is liable to Plaintiff for such damages pursuant to 17 U.S.C. § 504(a)(1).

2197.   Mr. Shepelev has profited as a result of Mr. Shepelev's acts as alleged herein, and Mr. Shepelev is liable to Plaintiff for such profits pursuant to 17 U.S.C. § 504(a)(1).

2198.   Plaintiff is entitled to a permanent injunction enjoining further infringement by Mr. Shepelev pursuant to 17 U.S.C. § 502(a).

2199.   Plaintiff has incurred costs of suit in connection with bringing this action, and Mr. Shepelev is liable to Plaintiff for those costs of suit pursuant to 17 U.S.C. § 505.

## TWO HUNDRED SIXTIETH CAUSE OF ACTION

## DIRECT COPYRIGHT INFRINGEMENT UNDER 17 U.S.C. § 501

(against Mr. Shepelev)

2200.   Plaintiff incorporates, repeats, and realleges every allegation set forth above.

2201.   Mr. Shepelev reproduced the Copyrighted Work No. 60 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(1).

2202.   Mr. Shepelev distributed the Copyrighted Work No. 60 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(3).

2203.   Mr. Shepelev displayed the Copyrighted Work No. 60 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(5).

2204.   Plaintiff has sustained actual damages as a result of Mr. Shepelev's acts as alleged herein, and Mr. Shepelev is liable to Plaintiff for such damages pursuant to 17 U.S.C. § 504(a)(1).

2205.   Mr. Shepelev has profited as a result of Mr. Shepelev's acts as alleged herein, and Mr. Shepelev is liable to Plaintiff for such profits pursuant to 17 U.S.C. § 504(a)(1).

2206.   Plaintiff is entitled to a permanent injunction enjoining further infringement by Mr. Shepelev pursuant to 17 U.S.C. § 502(a).

2207.   Plaintiff has incurred costs of suit in connection with bringing this action, and Mr. Shepelev is liable to Plaintiff for those costs of suit pursuant to 17 U.S.C. § 505.

**TWO HUNDRED SIXTY-FIRST CAUSE OF ACTION**

**DIRECT COPYRIGHT INFRINGEMENT UNDER 17 U.S.C. § 501**

(against Mr. Shepelev)

2208.   Plaintiff incorporates, repeats, and realleges every allegation set forth above.

2209.   Mr. Shepelev reproduced the Copyrighted Work No. 61 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(1).

2210.   Mr. Shepelev distributed the Copyrighted Work No. 61 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(3).

2211.   Mr. Shepelev displayed the Copyrighted Work No. 61 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(5).

2212.   Plaintiff has sustained actual damages as a result of Mr. Shepelev's acts as alleged herein, and Mr. Shepelev is liable to Plaintiff for such damages pursuant to 17 U.S.C. § 504(a)(1).

2213.   Mr. Shepelev has profited as a result of Mr. Shepelev's acts as alleged herein, and Mr. Shepelev is liable to Plaintiff for such profits pursuant to 17 U.S.C. § 504(a)(1).

2214.   Plaintiff is entitled to a permanent injunction enjoining further infringement by Mr. Shepelev pursuant to 17 U.S.C. § 502(a).

2215.   Plaintiff has incurred costs of suit in connection with bringing this action, and Mr. Shepelev is liable to Plaintiff for those costs of suit pursuant to 17 U.S.C. § 505.

**TWO HUNDRED SIXTY-SECOND CAUSE OF ACTION**

**DIRECT COPYRIGHT INFRINGEMENT UNDER 17 U.S.C. § 501**

(against Mr. Shepelev)

2216.   Plaintiff incorporates, repeats, and realleges every allegation set forth above.

2217.   Mr. Shepelev reproduced the Copyrighted Work No. 62 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(1).

2218.   Mr. Shepelev distributed the Copyrighted Work No. 62 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(3).

2219.   Mr. Shepelev displayed the Copyrighted Work No. 62 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(5).

2220.   Plaintiff has sustained actual damages as a result of Mr. Shepelev's acts as alleged herein, and Mr. Shepelev is liable to Plaintiff for such damages pursuant to 17 U.S.C. § 504(a)(1).

2221.   Mr. Shepelev has profited as a result of Mr. Shepelev's acts as alleged herein, and Mr. Shepelev is liable to Plaintiff for such profits pursuant to 17 U.S.C. § 504(a)(1).

2222.   Plaintiff is entitled to a permanent injunction enjoining further infringement by Mr. Shepelev pursuant to 17 U.S.C. § 502(a).

2223.   Plaintiff has incurred costs of suit in connection with bringing this action, and Mr. Shepelev is liable to Plaintiff for those costs of suit pursuant to 17 U.S.C. § 505.

## TWO HUNDRED SIXTY-THIRD CAUSE OF ACTION
## DIRECT COPYRIGHT INFRINGEMENT UNDER 17 U.S.C. § 501

(against Mr. Shepelev)

2224.   Plaintiff incorporates, repeats, and realleges every allegation set forth above.

2225.   Mr. Shepelev reproduced the Copyrighted Work No. 63 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(1).

2226.   Mr. Shepelev distributed the Copyrighted Work No. 63 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(3).

2227.   Mr. Shepelev displayed the Copyrighted Work No. 63 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(5).

2228.   Plaintiff has sustained actual damages as a result of Mr. Shepelev's acts as alleged herein, and Mr. Shepelev is liable to Plaintiff for such damages pursuant to 17 U.S.C. § 504(a)(1).

2229.   Mr. Shepelev has profited as a result of Mr. Shepelev's acts as alleged herein, and Mr. Shepelev is liable to Plaintiff for such profits pursuant to 17 U.S.C. § 504(a)(1).

2230.   Plaintiff is entitled to a permanent injunction enjoining further infringement by Mr. Shepelev pursuant to 17 U.S.C. § 502(a).

2231.   Plaintiff has incurred costs of suit in connection with bringing this action, and Mr. Shepelev is liable to Plaintiff for those costs of suit pursuant to 17 U.S.C. § 505.

## TWO HUNDRED SIXTY-FOURTH CAUSE OF ACTION

## DIRECT COPYRIGHT INFRINGEMENT UNDER 17 U.S.C. § 501

(against Mr. Shepelev)

2232.   Plaintiff incorporates, repeats, and realleges every allegation set forth above.

2233.   Mr. Shepelev reproduced the Copyrighted Work No. 64 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(1).

2234.   Mr. Shepelev distributed the Copyrighted Work No. 64 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(3).

2235.   Mr. Shepelev displayed the Copyrighted Work No. 64 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(5).

2236.   Plaintiff has sustained actual damages as a result of Mr. Shepelev's acts as alleged herein, and Mr. Shepelev is liable to Plaintiff for such damages pursuant to 17 U.S.C. § 504(a)(1).

2237.   Mr. Shepelev has profited as a result of Mr. Shepelev's acts as alleged herein, and Mr. Shepelev is liable to Plaintiff for such profits pursuant to 17 U.S.C. § 504(a)(1).

2238.   Plaintiff is entitled to a permanent injunction enjoining further infringement by Mr. Shepelev pursuant to 17 U.S.C. § 502(a).

2239.   Plaintiff has incurred costs of suit in connection with bringing this action, and Mr. Shepelev is liable to Plaintiff for those costs of suit pursuant to 17 U.S.C. § 505.

## TWO HUNDRED SIXTY-FIFTH CAUSE OF ACTION

## DIRECT COPYRIGHT INFRINGEMENT UNDER 17 U.S.C. § 501

(against Mr. Shepelev)

2240.   Plaintiff incorporates, repeats, and realleges every allegation set forth above.

2241.   Mr. Shepelev reproduced the Copyrighted Work No. 65 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(1).

2242.   Mr. Shepelev distributed the Copyrighted Work No. 65 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(3).

2243.   Mr. Shepelev displayed the Copyrighted Work No. 65 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(5).

2244.   Plaintiff has sustained actual damages as a result of Mr. Shepelev's acts as alleged herein, and Mr. Shepelev is liable to Plaintiff for such damages pursuant to 17 U.S.C. § 504(a)(1).

2245.   Mr. Shepelev has profited as a result of Mr. Shepelev's acts as alleged herein, and Mr. Shepelev is liable to Plaintiff for such profits pursuant to 17 U.S.C. § 504(a)(1).

2246.   Plaintiff is entitled to a permanent injunction enjoining further infringement by Mr. Shepelev pursuant to 17 U.S.C. § 502(a).

2247.   Plaintiff has incurred costs of suit in connection with bringing this action, and Mr. Shepelev is liable to Plaintiff for those costs of suit pursuant to 17 U.S.C. § 505.

## TWO HUNDRED SIXTY-SIXTH CAUSE OF ACTION
## DIRECT COPYRIGHT INFRINGEMENT UNDER 17 U.S.C. § 501

(against Mr. Shepelev)

2248.   Plaintiff incorporates, repeats, and realleges every allegation set forth above.

2249.   Mr. Shepelev reproduced the Copyrighted Work No. 66 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(1).

2250.   Mr. Shepelev distributed the Copyrighted Work No. 66 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(3).

2251.   Mr. Shepelev displayed the Copyrighted Work No. 66 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(5).

2252.   Plaintiff has sustained actual damages as a result of Mr. Shepelev's acts as alleged herein, and Mr. Shepelev is liable to Plaintiff for such damages pursuant to 17 U.S.C. § 504(a)(1).

2253.   Mr. Shepelev has profited as a result of Mr. Shepelev's acts as alleged herein, and Mr. Shepelev is liable to Plaintiff for such profits pursuant to 17 U.S.C. § 504(a)(1).

2254.  Plaintiff is entitled to a permanent injunction enjoining further infringement by Mr. Shepelev pursuant to 17 U.S.C. § 502(a).

2255.  Plaintiff has incurred costs of suit in connection with bringing this action, and Mr. Shepelev is liable to Plaintiff for those costs of suit pursuant to 17 U.S.C. § 505.

**TWO HUNDRED SIXTY-SEVENTH CAUSE OF ACTION**

**DIRECT COPYRIGHT INFRINGEMENT UNDER 17 U.S.C. § 501**

(against Mr. Shepelev)

2256.  Plaintiff incorporates, repeats, and realleges every allegation set forth above.

2257.  Mr. Shepelev reproduced the Copyrighted Work No. 67 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(1).

2258.  Mr. Shepelev distributed the Copyrighted Work No. 67 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(3).

2259.  Mr. Shepelev displayed the Copyrighted Work No. 67 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(5).

2260.  Plaintiff has sustained actual damages as a result of Mr. Shepelev's acts as alleged herein, and Mr. Shepelev is liable to Plaintiff for such damages pursuant to 17 U.S.C. § 504(a)(1).

2261.  Mr. Shepelev has profited as a result of Mr. Shepelev's acts as alleged herein, and Mr. Shepelev is liable to Plaintiff for such profits pursuant to 17 U.S.C. § 504(a)(1).

2262.  Plaintiff is entitled to a permanent injunction enjoining further infringement by Mr. Shepelev pursuant to 17 U.S.C. § 502(a).

2263.  Plaintiff has incurred costs of suit in connection with bringing this action, and Mr. Shepelev is liable to Plaintiff for those costs of suit pursuant to 17 U.S.C. § 505.

**TWO HUNDRED SIXTY-EIGHTH CAUSE OF ACTION**

**DIRECT COPYRIGHT INFRINGEMENT UNDER 17 U.S.C. § 501**

(against Mr. Shepelev)

2264.  Plaintiff incorporates, repeats, and realleges every allegation set forth above.

2265.   Mr. Shepelev reproduced the Copyrighted Work No. 68 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(1).

2266.   Mr. Shepelev distributed the Copyrighted Work No. 68 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(3).

2267.   Mr. Shepelev displayed the Copyrighted Work No. 68 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(5).

2268.   Plaintiff has sustained actual damages as a result of Mr. Shepelev's acts as alleged herein, and Mr. Shepelev is liable to Plaintiff for such damages pursuant to 17 U.S.C. § 504(a)(1).

2269.   Mr. Shepelev has profited as a result of Mr. Shepelev's acts as alleged herein, and Mr. Shepelev is liable to Plaintiff for such profits pursuant to 17 U.S.C. § 504(a)(1).

2270.   Plaintiff is entitled to a permanent injunction enjoining further infringement by Mr. Shepelev pursuant to 17 U.S.C. § 502(a).

2271.   Plaintiff has incurred costs of suit in connection with bringing this action, and Mr. Shepelev is liable to Plaintiff for those costs of suit pursuant to 17 U.S.C. § 505.

## TWO HUNDRED SIXTY-NINTH CAUSE OF ACTION
## DIRECT COPYRIGHT INFRINGEMENT UNDER 17 U.S.C. § 501

(against Mr. Shepelev)

2272.   Plaintiff incorporates, repeats, and realleges every allegation set forth above.

2273.   Mr. Shepelev reproduced the Copyrighted Work No. 69 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(1).

2274.   Mr. Shepelev distributed the Copyrighted Work No. 69 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(3).

2275.   Mr. Shepelev displayed the Copyrighted Work No. 69 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(5).

2276.   Plaintiff has sustained actual damages as a result of Mr. Shepelev's acts as alleged herein, and Mr. Shepelev is liable to Plaintiff for such damages pursuant to 17 U.S.C. § 504(a)(1).

2277. Mr. Shepelev has profited as a result of Mr. Shepelev's acts as alleged herein, and Mr. Shepelev is liable to Plaintiff for such profits pursuant to 17 U.S.C. § 504(a)(1).

2278. Plaintiff is entitled to a permanent injunction enjoining further infringement by Mr. Shepelev pursuant to 17 U.S.C. § 502(a).

2279. Plaintiff has incurred costs of suit in connection with bringing this action, and Mr. Shepelev is liable to Plaintiff for those costs of suit pursuant to 17 U.S.C. § 505.

## TWO HUNDRED SEVENTIETH CAUSE OF ACTION
## DIRECT COPYRIGHT INFRINGEMENT UNDER 17 U.S.C. § 501

(against Mr. Shepelev)

2280. Plaintiff incorporates, repeats, and realleges every allegation set forth above.

2281. Mr. Shepelev reproduced the Copyrighted Work No. 70 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(1).

2282. Mr. Shepelev distributed the Copyrighted Work No. 70 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(3).

2283. Mr. Shepelev displayed the Copyrighted Work No. 70 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(5).

2284. Plaintiff has sustained actual damages as a result of Mr. Shepelev's acts as alleged herein, and Mr. Shepelev is liable to Plaintiff for such damages pursuant to 17 U.S.C. § 504(a)(1).

2285. Mr. Shepelev has profited as a result of Mr. Shepelev's acts as alleged herein, and Mr. Shepelev is liable to Plaintiff for such profits pursuant to 17 U.S.C. § 504(a)(1).

2286. Plaintiff is entitled to a permanent injunction enjoining further infringement by Mr. Shepelev pursuant to 17 U.S.C. § 502(a).

2287. Plaintiff has incurred costs of suit in connection with bringing this action, and Mr. Shepelev is liable to Plaintiff for those costs of suit pursuant to 17 U.S.C. § 505.

**TWO HUNDRED SEVENTY-FIRST CAUSE OF ACTION**

**DIRECT COPYRIGHT INFRINGEMENT UNDER 17 U.S.C. § 501**

(against Mr. Shepelev)

2288.   Plaintiff incorporates, repeats, and realleges every allegation set forth above.

2289.   Mr. Shepelev reproduced the Copyrighted Work No. 71 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(1).

2290.   Mr. Shepelev distributed the Copyrighted Work No. 71 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(3).

2291.   Mr. Shepelev displayed the Copyrighted Work No. 71 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(5).

2292.   Plaintiff has sustained actual damages as a result of Mr. Shepelev's acts as alleged herein, and Mr. Shepelev is liable to Plaintiff for such damages pursuant to 17 U.S.C. § 504(a)(1).

2293.   Mr. Shepelev has profited as a result of Mr. Shepelev's acts as alleged herein, and Mr. Shepelev is liable to Plaintiff for such profits pursuant to 17 U.S.C. § 504(a)(1).

2294.   Plaintiff is entitled to a permanent injunction enjoining further infringement by Mr. Shepelev pursuant to 17 U.S.C. § 502(a).

2295.   Plaintiff has incurred costs of suit in connection with bringing this action, and Mr. Shepelev is liable to Plaintiff for those costs of suit pursuant to 17 U.S.C. § 505.

**TWO HUNDRED SEVENTY-SECOND CAUSE OF ACTION**

**DIRECT COPYRIGHT INFRINGEMENT UNDER 17 U.S.C. § 501**

(against Mr. Shepelev)

2296.   Plaintiff incorporates, repeats, and realleges every allegation set forth above.

2297.   Mr. Shepelev reproduced the Copyrighted Work No. 72 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(1).

2298.   Mr. Shepelev distributed the Copyrighted Work No. 72 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(3).

2299.   Mr. Shepelev displayed the Copyrighted Work No. 72 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(5).

2300.   Plaintiff has sustained actual damages as a result of Mr. Shepelev's acts as alleged herein, and Mr. Shepelev is liable to Plaintiff for such damages pursuant to 17 U.S.C. § 504(a)(1).

2301.   Mr. Shepelev has profited as a result of Mr. Shepelev's acts as alleged herein, and Mr. Shepelev is liable to Plaintiff for such profits pursuant to 17 U.S.C. § 504(a)(1).

2302.   Plaintiff is entitled to a permanent injunction enjoining further infringement by Mr. Shepelev pursuant to 17 U.S.C. § 502(a).

2303.   Plaintiff has incurred costs of suit in connection with bringing this action, and Mr. Shepelev is liable to Plaintiff for those costs of suit pursuant to 17 U.S.C. § 505.

## TWO HUNDRED SEVENTY-THIRD CAUSE OF ACTION
## DIRECT COPYRIGHT INFRINGEMENT UNDER 17 U.S.C. § 501

(against Mr. Shepelev)

2304.   Plaintiff incorporates, repeats, and realleges every allegation set forth above.

2305.   Mr. Shepelev reproduced the Copyrighted Work No. 73 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(1).

2306.   Mr. Shepelev distributed the Copyrighted Work No. 73 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(3).

2307.   Mr. Shepelev displayed the Copyrighted Work No. 73 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(5).

2308.   Plaintiff has sustained actual damages as a result of Mr. Shepelev's acts as alleged herein, and Mr. Shepelev is liable to Plaintiff for such damages pursuant to 17 U.S.C. § 504(a)(1).

2309.   Mr. Shepelev has profited as a result of Mr. Shepelev's acts as alleged herein, and Mr. Shepelev is liable to Plaintiff for such profits pursuant to 17 U.S.C. § 504(a)(1).

2310.   Plaintiff is entitled to a permanent injunction enjoining further infringement by Mr. Shepelev pursuant to 17 U.S.C. § 502(a).

2311.   Plaintiff has incurred costs of suit in connection with bringing this action, and Mr. Shepelev is liable to Plaintiff for those costs of suit pursuant to 17 U.S.C. § 505.

**TWO HUNDRED SEVENTY-FOURTH CAUSE OF ACTION**

**DIRECT COPYRIGHT INFRINGEMENT UNDER 17 U.S.C. § 501**

(against Mr. Shepelev)

2312.   Plaintiff incorporates, repeats, and realleges every allegation set forth above.

2313.   Mr. Shepelev reproduced the Copyrighted Work No. 74 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(1).

2314.   Mr. Shepelev distributed the Copyrighted Work No. 74 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(3).

2315.   Mr. Shepelev displayed the Copyrighted Work No. 74 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(5).

2316.   Plaintiff has sustained actual damages as a result of Mr. Shepelev's acts as alleged herein, and Mr. Shepelev is liable to Plaintiff for such damages pursuant to 17 U.S.C. § 504(a)(1).

2317.   Mr. Shepelev has profited as a result of Mr. Shepelev's acts as alleged herein, and Mr. Shepelev is liable to Plaintiff for such profits pursuant to 17 U.S.C. § 504(a)(1).

2318.   Plaintiff is entitled to a permanent injunction enjoining further infringement by Mr. Shepelev pursuant to 17 U.S.C. § 502(a).

2319.   Plaintiff has incurred costs of suit in connection with bringing this action, and Mr. Shepelev is liable to Plaintiff for those costs of suit pursuant to 17 U.S.C. § 505.

**TWO HUNDRED SEVENTY-FIFTH CAUSE OF ACTION**

**DIRECT COPYRIGHT INFRINGEMENT UNDER 17 U.S.C. § 501**

(against Mr. Shepelev)

2320.   Plaintiff incorporates, repeats, and realleges every allegation set forth above.

2321.   Mr. Shepelev reproduced the Copyrighted Work No. 75 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(1).

2322.   Mr. Shepelev distributed the Copyrighted Work No. 75 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(3).

2323.   Mr. Shepelev displayed the Copyrighted Work No. 75 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(5).

2324.   Plaintiff has sustained actual damages as a result of Mr. Shepelev's acts as alleged herein, and Mr. Shepelev is liable to Plaintiff for such damages pursuant to 17 U.S.C. § 504(a)(1).

2325.   Mr. Shepelev has profited as a result of Mr. Shepelev's acts as alleged herein, and Mr. Shepelev is liable to Plaintiff for such profits pursuant to 17 U.S.C. § 504(a)(1).

2326.   Plaintiff is entitled to a permanent injunction enjoining further infringement by Mr. Shepelev pursuant to 17 U.S.C. § 502(a).

2327.   Plaintiff has incurred costs of suit in connection with bringing this action, and Mr. Shepelev is liable to Plaintiff for those costs of suit pursuant to 17 U.S.C. § 505.

## TWO HUNDRED SEVENTY-SIXTH CAUSE OF ACTION

## DIRECT COPYRIGHT INFRINGEMENT UNDER 17 U.S.C. § 501

(against Mr. Shepelev)

2328.   Plaintiff incorporates, repeats, and realleges every allegation set forth above.

2329.   Mr. Shepelev reproduced the Copyrighted Work No. 76 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(1).

2330.   Mr. Shepelev distributed the Copyrighted Work No. 76 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(3).

2331.   Mr. Shepelev displayed the Copyrighted Work No. 76 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(5).

2332.   Plaintiff has sustained actual damages as a result of Mr. Shepelev's acts as alleged herein, and Mr. Shepelev is liable to Plaintiff for such damages pursuant to 17 U.S.C. § 504(a)(1).

2333.   Mr. Shepelev has profited as a result of Mr. Shepelev's acts as alleged herein, and Mr. Shepelev is liable to Plaintiff for such profits pursuant to 17 U.S.C. § 504(a)(1).

2334. Plaintiff is entitled to a permanent injunction enjoining further infringement by Mr. Shepelev pursuant to 17 U.S.C. § 502(a).

2335. Plaintiff has incurred costs of suit in connection with bringing this action, and Mr. Shepelev is liable to Plaintiff for those costs of suit pursuant to 17 U.S.C. § 505.

## TWO HUNDRED SEVENTY-SEVENTH CAUSE OF ACTION

## DIRECT COPYRIGHT INFRINGEMENT UNDER 17 U.S.C. § 501

(against Mr. Shepelev)

2336. Plaintiff incorporates, repeats, and realleges every allegation set forth above.

2337. Mr. Shepelev reproduced the Copyrighted Work No. 77 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(1).

2338. Mr. Shepelev distributed the Copyrighted Work No. 77 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(3).

2339. Mr. Shepelev displayed the Copyrighted Work No. 77 without authorization in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106(5).

2340. Plaintiff has sustained actual damages as a result of Mr. Shepelev's acts as alleged herein, and Mr. Shepelev is liable to Plaintiff for such damages pursuant to 17 U.S.C. § 504(a)(1).

2341. Mr. Shepelev has profited as a result of Mr. Shepelev's acts as alleged herein, and Mr. Shepelev is liable to Plaintiff for such profits pursuant to 17 U.S.C. § 504(a)(1).

2342. Plaintiff is entitled to a permanent injunction enjoining further infringement by Mr. Shepelev pursuant to 17 U.S.C. § 502(a).

2343. Plaintiff has incurred costs of suit in connection with bringing this action, and Mr. Shepelev is liable to Plaintiff for those costs of suit pursuant to 17 U.S.C. § 505.

## TWO HUNDRED SEVENTY-EIGHTH CAUSE OF ACTION

## FALSE DESIGNATION OF ORIGIN UNDER 15 U.S.C. § 1125(a)

(against Windermere)

2344. Plaintiff incorporates, repeats, and realleges every allegation set forth above.

2345.   Since at least as early as May 2007, Plaintiff has been, and continues to be, engaged in the business of selling access online to works of literary, audiovisual, and visual art with Mr. Ahrens' Marks serving as the designation of origin of those works.

2346.   Windermere has used Mr. Ahrens' Marks in commerce with respect to Windermere's own provision of online access to works of literary, audiovisual, and visual art ("Windermere's Infringing Use").

2347.   Windermere's Infringing Use is likely to cause confusion or mistake as to the origin of the services offered thereunder.

2348.   Windermere's Infringing Use is likely to deceive as to Windermere's affiliation, connection, or association with Mr. Ahrens.

2349.   Windermere's Infringing Use is likely to deceive as to the origin, sponsorship, or approval by Mr. Ahrens of Windermere's services and commercial activities.

2350.   Windermere's Infringing Use constitutes a false designation of origin and a false description and representation of Windermere's services, which has damaged and will continue to damage Plaintiff's reputation and goodwill established in connection with Mr. Ahrens' Marks, in violation of § 43(a) of the Lanham Act (15 U.S.C. § 1125(a)).

2351.   Plaintiff has sustained actual damages as a direct and proximate result of Windermere's Infringing Use, and Windermere is liable to Plaintiff for the amount of those actual damages pursuant to § 35 of the Lanham Act (15 U.S.C. § 1117).

2352.   Windermere has profited as a direct and proximate result of Windermere's Infringing Use, and Windermere is liable to Plaintiff for the amount of those profits pursuant to § 35 of the Lanham Act (15 U.S.C. § 1117).

2353.   Plaintiff is entitled to permanent injunctive relief against the continuation of Windermere's Infringing Use, pursuant to § 34 of the Lanham Act (15 U.S.C. § 1116).

2354.   Plaintiff has been required to retain an attorney to prosecute this action, and Windermere is liable to Plaintiff for Plaintiff's attorney fees pursuant to section 35 of the Lanham Act (15 U.S.C. § 1117).

2355.   Plaintiff has incurred costs of suit in connection with bringing this action, and Windermere is liable to Plaintiff for those costs of suit pursuant to section 35 of the Lanham Act (15 U.S.C. § 1117).

## TWO HUNDRED SEVENTY-NINTH CAUSE OF ACTION
## FALSE DESIGNATION OF ORIGIN UNDER 15 U.S.C. § 1125(a)

(against Ms. Pecnick)

2356.   Plaintiff incorporates, repeats, and realleges every allegation set forth above.

2357.   Ms. Pecnick has used Mr. Ahrens' Marks in commerce with respect to Ms. Pecnick's own provision of online access to works of literary, audiovisual, and visual art ("Ms. Pecnick's Infringing Use").

2358.   Ms. Pecnick's Infringing Use is likely to cause confusion or mistake as to the origin of the services offered thereunder.

2359.   Ms. Pecnick's Infringing Use is likely to deceive as to Ms. Pecnick's affiliation, connection, or association with Mr. Ahrens.

2360.   Ms. Pecnick's Infringing Use is likely to deceive as to the origin, sponsorship, or approval by Mr. Ahrens of Ms. Pecnick's services and commercial activities.

2361.   Ms. Pecnick's Infringing Use constitutes a false designation of origin and a false description and representation of Ms. Pecnick's services, which has damaged and will continue to damage Plaintiff's reputation and goodwill established in connection with Mr. Ahrens' Marks, in violation of § 43(a) of the Lanham Act (15 U.S.C. § 1125(a)).

2362.   Plaintiff has sustained actual damages as a direct and proximate result of Ms. Pecnick's Infringing Use, and Ms. Pecnick is liable to Plaintiff for the amount of those actual damages pursuant to § 35 of the Lanham Act (15 U.S.C. § 1117).

2363.   Ms. Pecnick has profited as a direct and proximate result of Windermere's Infringing Use, and Ms. Pecnick is liable to Plaintiff for the amount of those profits pursuant to § 35 of the Lanham Act (15 U.S.C. § 1117).

2364.   Plaintiff is entitled to permanent injunctive relief against the continuation of Ms. Pecnick's Infringing Use, pursuant to § 34 of the Lanham Act (15 U.S.C. § 1116).

2365.   Plaintiff has been required to retain an attorney to prosecute this action, and Ms. Pecnick is liable to Plaintiff for Plaintiff's attorney fees pursuant to section 35 of the Lanham Act (15 U.S.C. § 1117).

2366.   Plaintiff has incurred costs of suit in connection with bringing this action, and Ms. Pecnick is liable to Plaintiff for those costs of suit pursuant to section 35 of the Lanham Act (15 U.S.C. § 1117).

## TWO HUNDRED EIGHTIETH CAUSE OF ACTION

## FALSE DESIGNATION OF ORIGIN UNDER 15 U.S.C. § 1125(a)

(against KS)

2367.   Plaintiff incorporates, repeats, and realleges every allegation set forth above.

2368.   KS has used Mr. Ahrens' Marks in commerce with respect to KS's own provision of online access to audiovisual works ("KS's Infringing Use").

2369.   KS's Infringing Use is likely to cause confusion or mistake as to the origin of the services offered thereunder.

2370.   KS's Infringing Use is likely to deceive as to KS's affiliation, connection, or association with Mr. Ahrens.

2371.   KS's Infringing Use is likely to deceive as to the origin, sponsorship, or approval by Mr. Ahrens of KS's services and commercial activities.

2372.   KS's Infringing Use constitutes a false designation of origin and a false description and representation of KS's services, which has damaged and will continue to damage Plaintiff's reputation and goodwill established in connection with Mr. Ahrens' Marks, in violation of § 43(a) of the Lanham Act (15 U.S.C. § 1125(a)).

2373.   Plaintiff has sustained actual damages as a direct and proximate result of KS's Infringing Use, and KS is liable to Plaintiff for the amount of those actual damages pursuant to § 35 of the Lanham Act (15 U.S.C. § 1117).

2374.   KS has profited as a direct and proximate result of KS's Infringing Use, and KS is liable to Plaintiff for the amount of those profits pursuant to § 35 of the Lanham Act (15 U.S.C. § 1117).

2375.   Plaintiff is entitled to permanent injunctive relief against the continuation of KS's Infringing Use, pursuant to § 34 of the Lanham Act (15 U.S.C. § 1116).

2376.   Plaintiff has been required to retain an attorney to prosecute this action, and KS is liable to Plaintiff for Plaintiff's attorney fees pursuant to section 35 of the Lanham Act (15 U.S.C. § 1117).

2377.   Plaintiff has incurred costs of suit in connection with bringing this action, and KS is liable to Plaintiff for those costs of suit pursuant to section 35 of the Lanham Act (15 U.S.C. § 1117).

## TWO HUNDRED EIGHTY-FIRST CAUSE OF ACTION

## FALSE DESIGNATION OF ORIGIN UNDER 15 U.S.C. § 1125(a)

(against Mr. Shepelev)

2378.   Plaintiff incorporates, repeats, and realleges every allegation set forth above.

2379.   Mr. Shepelev has used Mr. Ahrens' Marks in commerce with respect to Mr. Shepelev's own provision of online access to works of visual art ("Mr. Shepelev's Infringing Use").

2380.   Mr. Shepelev's Infringing Use is likely to cause confusion or mistake as to the origin of the services offered thereunder.

2381.   Mr. Shepelev's Infringing Use is likely to deceive as to Mr. Shepelev's affiliation, connection, or association with Mr. Ahrens.

2382.   Mr. Shepelev's Infringing Use is likely to deceive as to the origin, sponsorship, or approval by Mr. Ahrens of Mr. Shepelev's services and commercial activities.

2383.   Mr. Shepelev's Infringing Use constitutes a false designation of origin and a false description and representation of Mr. Shepelev's services, which has damaged and will continue to damage Plaintiff's reputation and goodwill established in connection with Mr. Ahrens' Marks, in violation of § 43(a) of the Lanham Act (15 U.S.C. § 1125(a)).

2384.   Plaintiff has sustained actual damages as a direct and proximate result of Mr. Shepelev's Infringing Use, and Mr. Shepelev is liable to Plaintiff for the amount of those actual damages pursuant to § 35 of the Lanham Act (15 U.S.C. § 1117).

2385.   Mr. Shepelev has profited as a direct and proximate result of Mr. Shepelev's Infringing Use, and Mr. Shepelev is liable to Plaintiff for the amount of those profits pursuant to § 35 of the Lanham Act (15 U.S.C. § 1117).

2386.   Plaintiff is entitled to permanent injunctive relief against the continuation of Mr. Shepelev's Infringing Use, pursuant to § 34 of the Lanham Act (15 U.S.C. § 1116).

2387.   Plaintiff has been required to retain an attorney to prosecute this action, and Mr. Shepelev is liable to Plaintiff for Plaintiff's attorney fees pursuant to section 35 of the Lanham Act (15 U.S.C. § 1117).

2388.   Plaintiff has incurred costs of suit in connection with bringing this action, and Mr. Shepelev is liable to Plaintiff for those costs of suit pursuant to section 35 of the Lanham Act (15 U.S.C. § 1117).

## TWO HUNDRED EIGHTY-SECOND CAUSE OF ACTION

## MISAPPROPRIATION OF COMMERCIAL PROPERTIES UNDER

## NEVADA COMMON LAW

(against Windermere)

2389.   Plaintiff incorporates, repeats, and realleges every allegation set forth above.

2390.   Plaintiff has invested significant time, effort, and money in developing the images, text, and other content constituting Mr. Ahrens' Commercial Properties.

2391.   Mr. Ahrens' Commercial Properties are of actual and potential commercial value to Plaintiff.

2392.   Windermere's wrongful use of Mr. Ahrens' Commercial Properties, undertaken without authority from Plaintiff, deprived Plaintiff, at least in part, of the full commercial value of Mr. Ahrens' Commercial Properties.

2393.   Plaintiff has sustained damages as a direct and proximate result of Windermere's acts as alleged herein, and Windermere is liable to Plaintiff for such damages.

**TWO HUNDRED EIGHTY-THIRD CAUSE OF ACTION**

**MISAPPROPRIATION OF COMMERCIAL PROPERTIES UNDER**

**NEVADA COMMON LAW**

(against Ms. Pecnick)

2394.   Plaintiff incorporates, repeats, and realleges every allegation set forth above.

2395.   Plaintiff has invested significant time, effort, and money in developing the images, text, and other content constituting Mr. Ahrens' Commercial Properties.

2396.   Mr. Ahrens' Commercial Properties are of actual and potential commercial value to Plaintiff.

2397.   Ms. Pecnick's wrongful use of Mr. Ahrens' Commercial Properties, undertaken without authority from Plaintiff, deprived Plaintiff, at least in part, of the full commercial value of Mr. Ahrens' Commercial Properties.

2398.   Plaintiff has sustained damages as a direct and proximate result of Ms. Pecnick's acts as alleged herein, and Ms. Pecnick is liable to Plaintiff for such damages.

**TWO HUNDRED EIGHTY-FOURTH CAUSE OF ACTION**

**MISAPPROPRIATION OF COMMERCIAL PROPERTIES UNDER**

**NEVADA COMMON LAW**

(against KS)

2399.   Plaintiff incorporates, repeats, and realleges every allegation set forth above.

2400.   Plaintiff has invested significant time, effort, and money in developing the images, text, and other content constituting Mr. Ahrens' Commercial Properties.

2401.   Mr. Ahrens' Commercial Properties are of actual and potential commercial value to Plaintiff.

2402.   KS's wrongful use of Mr. Ahrens' Commercial Properties, undertaken without authority from Plaintiff, deprived Plaintiff, at least in part, of the full commercial value of Mr. Ahrens' Commercial Properties.

2403.   Plaintiff has sustained damages as a direct and proximate result of KS's acts as alleged herein, and KS is liable to Plaintiff for such damages.

## TWO HUNDRED EIGHTY-FIFTH CAUSE OF ACTION

## MISAPPROPRIATION OF COMMERCIAL PROPERTIES UNDER

## NEVADA COMMON LAW

(against Mr. Shepelev)

2404.   Plaintiff incorporates, repeats, and realleges every allegation set forth above.

2405.   Plaintiff has invested significant time, effort, and money in developing the images, text, and other content constituting Mr. Ahrens' Commercial Properties.

2406.   Mr. Ahrens' Commercial Properties are of actual and potential commercial value to Plaintiff.

2407.   Mr. Shepelev's wrongful use of Mr. Ahrens' Commercial Properties, undertaken without authority from Plaintiff, deprived Plaintiff, at least in part, of the full commercial value of Mr. Ahrens' Commercial Properties.

2408.   Plaintiff has sustained damages as a direct and proximate result of Mr. Shepelev's acts as alleged herein, and Mr. Shepelev is liable to Plaintiff for such damages.

## TWO HUNDRED EIGHTY-SIXTH CAUSE OF ACTION

## UNJUST ENRICHMENT UNDER NEVADA COMMON LAW

(against Windermere)

2409.   Plaintiff incorporates, repeats, and realleges every allegation set forth above.

2410.   Windermere benefited from the infringement and misappropriation of Mr. Ahrens' Intellectual Property.

2411.   Windermere retained such benefits at the expense of Plaintiff.

2412.   The benefit retained by Windermere in equity and good conscience belonged to Plaintiff.

2413.   Plaintiff has sustained damages as a direct and proximate result of Windermere's acts as alleged herein, and Windermere is liable to Plaintiff for such damages.

**TWO HUNDRED EIGHTY-SEVENTH CAUSE OF ACTION**

**UNJUST ENRICHMENT UNDER NEVADA COMMON LAW**

(against Ms. Pecnick)

2414.   Plaintiff incorporates, repeats, and realleges every allegation set forth above.

2415.   Ms. Pecnick benefited from the infringement and misappropriation of Mr. Ahrens' Intellectual Property.

2416.   Ms. Pecnick retained such benefits at the expense of Plaintiff.

2417.   The benefit retained by Ms. Pecnick in equity and good conscience belonged to Plaintiff.

2418.   Plaintiff has sustained damages as a direct and proximate result of Ms. Pecnick's acts as alleged herein, and Ms. Pecnick is liable to Plaintiff for such damages.

**TWO HUNDRED EIGHTY-EIGHTH CAUSE OF ACTION**

**UNJUST ENRICHMENT UNDER NEVADA COMMON LAW**

(against KS)

2419.   Plaintiff incorporates, repeats, and realleges every allegation set forth above.

2420.   KS benefited from the infringement and misappropriation of Mr. Ahrens' Intellectual Property.

2421.   KS retained such benefits at the expense of Plaintiff.

2422.   The benefit retained by KS in equity and good conscience belonged to Plaintiff.

2423.   Plaintiff has sustained damages as a direct and proximate result of KS' acts as alleged herein, and KS is liable to Plaintiff for such damages.

**TWO HUNDRED EIGHTY-NINTH CAUSE OF ACTION**

**UNJUST ENRICHMENT UNDER NEVADA COMMON LAW**

(against Mr. Shepelev)

2424.   Plaintiff incorporates, repeats, and realleges every allegation set forth above.

2425.   Mr. Shepelev benefited from the infringement and misappropriation of Mr. Ahrens' Intellectual Property.

2426.   Mr. Shepelev retained such benefits at the expense of Plaintiff.

2427.   The benefit retained by Mr. Shepelev in equity and good conscience belonged to Plaintiff.

2428.   Plaintiff has sustained damages as a direct and proximate result of Mr. Shepelev's acts as alleged herein, and Mr. Shepelev is liable to Plaintiff for such damages.

## PRAYER FOR RELIEF

Plaintiff prays for judgment against Windermere, Ms. Pecnick, KS and Mr. Shepelev as follows:

a.   For actual damages and Windermere's profits for the willful infringements of Copyrighted Works by Windermere;

b.   For actual damages and Ms. Pecnick's profits for the willful infringements of Copyrighted Works by Ms. Pecnick;

c.   For actual damages and Mr. Shepelev's profits for the willful infringements of Copyrighted Works by Mr. Shepelev;

d.   For actual damages and KS's profits for the infringements of Copyrighted Works by KS;

e.   For actual damages and Windermere's profits for Windermere's willful contributory actions with respect to KS' respective infringements of the Copyrighted Works;

f.   For actual damages and Ms. Pecnick's profits for Ms. Pecnick's willful contributory actions with respect to KS' respective infringements of the Copyrighted Works;

g.   For actual damages and Windermere's profits for Windermere's Infringing Use;

h.   For actual damages and Ms. Pecnick's profits for Ms. Pecnick's Infringing Use;

i.   For actual damages and KS's profits for KS's Infringing Use;

j.   For actual damages and Mr. Shepelev's profits for Mr. Shepelev's Infringing Use;

k.   For actual damages for the misappropriation by Windermere of Mr. Ahrens' Commercial Properties;

l.      For actual damages for the misappropriation by Ms. Pecnick of Mr. Ahrens' Commercial Properties;

m.     For actual damages for the misappropriation by KS of Mr. Ahrens' Commercial Properties;

n.      For actual damages for the misappropriation by Mr. Shepelev of Mr. Ahrens' Commercial Properties;

o.      For equitable relief for the unjust enrichment of Windermere at the expense of Mr. Ahrens, in the form of disgorgement of profits and a permanent injunction;

p.      For equitable relief for the unjust enrichment of Ms. Pecnick at the expense of Mr. Ahrens, in the form of disgorgement of profits and a permanent injunction;

q.      For equitable relief for the unjust enrichment of KS at the expense of Mr. Ahrens, in the form of disgorgement of profits and a permanent injunction;

r.      For equitable relief for the unjust enrichment of Mr. Shepelev at the expense of Mr. Ahrens, in the form of disgorgement of profits and a permanent injunction;

s.      For permanent injunctive relief against Windermere prohibiting Windermere's further infringement of Mr. Ahrens' Copyrights and Mr. Ahrens' Marks and further misappropriation of Mr. Ahrens' Commercial Properties;

t.      For permanent injunctive relief against Ms. Pecnick prohibiting Ms. Pecnick's further infringement of Mr. Ahrens' Copyrights and Mr. Ahrens' Marks and further misappropriation of Mr. Ahrens' Commercial Properties;

u.      For permanent injunctive relief against KS prohibiting KS's infringement of Mr. Ahrens' Copyrights and Mr. Ahrens' Marks and further misappropriation of Mr. Ahrens' Commercial Properties;

v.      For permanent injunctive relief against Mr. Shepelev prohibiting Mr. Shepelev's further infringement of Mr. Ahrens' Copyrights and Mr. Ahrens' Marks and further misappropriation of Mr. Ahrens' Commercial Properties;

w.     For attorneys' fees and costs of suit incurred herein as allowed by law and rule of Court;

1    x.      For any other relief this Court may deem proper.

2                      **DEMAND FOR JURY TRIAL**

3        Plaintiff hereby requests trial by jury on all causes of action so triable set forth in this

4   Complaint.

5        Respectfully submitted this _____ day of October, 2015.

6                                    GIBSON & TREU LLP

7                          By   /s/ J.D. Lowry.

8                               STEVEN A. GIBSON
                                Nevada Bar No. 6656
9                               JODI DONETTA LOWRY, ESQ.
                                Nevada Bar No. 7798
10                              7495 West Azure Drive, Suite 233
                                Las Vegas, Nevada 89130

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28