**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| EDD H. AHRENS, an individual, | ) |
| | ) |
| Plaintiff, | )  Case No. 2:15-cv-02034-JAD-NJK |
| | ) |
| vs. | )  ORDER |
| | ) |
| SUZETTE A. PECKNICK, et al., | )  (Docket No. 16) |
| | ) |
| | ) |
| Defendants. | ) |

This matter is before the Court on Plaintiff's motion for alternate service of process.  Docket No. 16.  Plaintiff seeks an order from the Court, pursuant to Rule 4(f)(3) of the Federal Rules of Civil Procedure, permitting Plaintiff to effect service of process on Defendant Artem Shepelev ("Shepelev") via electronic mail.  *Id.* at 1-4.[1]

## I.  BACKGROUND

Plaintiff filed a complaint in this Court on October 21, 2015, alleging direct and contributory copyright infringement under 15 U.S.C. § 1125(a), misappropriation of commercial properties under

---

[1]  In the alternative, Plaintiff requests service by direct mailing via the United States Postal Service.  *See id.* at 1, 4.  However, Plaintiff does not meaningfully develop this argument, and the Court does not consider it.  *See, e.g., Kor Media Group, LLC v. Green*, 294 F.R.D. 579, 582 n.3 (D. Nev. 2013).

Nevada common law, and unjust enrichment under Nevada common law. Docket No. 1. Defendants Suzette A. Pecnick, who resides in the United States, and Keep2Share Corporation, which is located in the United Kingdom, have been served. Docket Nos. 6, 10. The two remaining defendants have not been served. *See* Docket. As is relevant here, Plaintiff is unable to serve Defendant Shepelev, who resides in the Russian Federation, under the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, Nov. 15, 1965, 658 U.N.T.S. 163 ("Hague Convention").[2] *See* Docket No. 16 at 2. Plaintiff therefore moves the Court for alternative service with respect to Defendant Shepelev. Docket No. 16.

## II.   DISCUSSION

Rule 4 of the Federal Rules of Civil Procedure governs service of process in civil suits. Fed. R. Civ. P. 4(h)(2) provides that, "[u]nless federal law provides otherwise or the defendant's waiver has been filed, a domestic or foreign corporation . . . must be served . . . at a place not within any judicial district of the United States, in any manner prescribed by Rule 4(f) for serving an individual, except personal delivery under (f)(2)(C)(i)." Fed. R. Civ. P. 4(f) provides:

> **Serving an Individual in a Foreign Country.**
> Unless federal law provides otherwise, an individual - other than a minor, an incompetent person, or a person whose waiver has been filed - may be served at a place not within any judicial district of the United States:
> (1) by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents;
> (2) if there is no internationally agreed means, or if an international agreement allows but does not specify other means, by a method that is reasonably calculated to give notice:

---

[2] The Russian Federation is a signatory to the Hague Convention. Status Table, Convention of 15 November 1965 on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, https://www.hcch.net/en/instruments/conventions/status-table/?cid=17 (last visited Nov. 15, 2016). However, since 2003, the Russian Federation has "refuse[d] to serve letters of request from the United States for services of process presented under the terms of the 1965 Hague Convention or to execute letters rogatory requesting service of process transmitted via diplomatic channels." *Smith v. Wolf Performance Ammunition*, No. 2:13-cv-02223-JCM-NJK, 2015 WL 315891, at *3 (D. Nev. Jan. 23, 2015); *see also* https://travel.state.gov/content/travel/en/legal-considerations/judicial/country/russia-federation.html (last visited Nov. 15, 2016).

2

(A) as prescribed by the foreign country's law for service in that country in an action in its courts of general jurisdiction;

(B) as the foreign authority directs in response to a letter rogatory or letter of request; or

(C) unless prohibited by the foreign country's law, by:

(i) delivering a copy of the summons and of the complaint to the individual personally; or

(ii) using any form of mail that the clerk addresses and sends to the individual and that requires a signed receipt; or

(3) by other means not prohibited by international agreement, as the court orders.

Fed. R. Civ. P. 4(f).

The "other means" referenced in Fed. R. Civ. P. 4(f)(3) must, of course, comport with constitutional notions of due process; namely, they must be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 314 (1950).

This Court may, pursuant to Fed. R. Civ. P. 4(f)(3), authorize other means of service. *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007 (9th Cir. 2002) (affirming the propriety of allowing service of process by regular mail and email under Fed. R. Civ. P. 4(f)(3)). As the Ninth Circuit recognized in *Rio*, "service under Rule 4(f)(3) must be (1) directed by the court; and (2) not prohibited by international agreement. No other limitations are evident from the text. In fact, as long as court-directed and not prohibited by an international agreement, service of process ordered under Rule 4(f)(3) may be accomplished in contravention of the laws of the foreign country." 284 F.3d at 1014 (citation omitted).

Courts have relied on Fed. R. Civ. P. 4(f)(3) (and its predecessor, Fed. R. Civ. P. 4(i)(1)(E)) in authorizing alternative methods of service including, *inter alia*, service by fax, email, ordinary mail, and publication. *Id.* at 1016; *Absolute Swine Insemination Co., (H.K.) Ltd. v. Absolute Swine Insemination Co., LLC*, No. 2:12-cv-00606-KJD-PAL, 2012 WL 3536788, at *3 (D. Nev. Aug. 14, 2012) (ordering service by international mail to defendant's residence in the Philippines); *accord Haffner Int'l Mktg. Group, Inc. v. Sahin*, No. 2:13-cv-0459-JCM-VCF, 2013 WL 5954379, at *2 (D.

Nev. Nov. 5, 2013) (holding that service on a foreign defendant was proper because service through the Hague convention was "expensive and protracted" and would result in undue delay).[3]

Moreover, subsection (f)(3) of Fed. R. Civ. P. 4 is an independent basis for service of process and constitutes neither "extraordinary relief" nor a "last resort" to be used only when parties are unable to effectuate service under subsections (f)(1) or (f)(2). *See Rio*, 284 F.3d at 1015-16 (a party "need not have attempted every permissible means of service of process before petitioning the court for alternative relief"). "By all indications, court-directed service under Rule 4(f)(3) is as favored as service available under Rule 4(f)(1) or Rule 4(f)(2)."[4] *Id*. at 1015 (citing *Forum Fin. Grp., LLC v. Harvard Coll.*, 199 F.R.D. 22, 23-24 (D. Me. 2001) (permitting service of process upon a defendant located in Russia by sending the summons and complaint by certified mail to the defendant's attorneys at a New York law firm)).

Plaintiff wishes to serve Defendant Shepelev by email and has used the WHOIS directory to identify an email address that appears to be connected to Defendant's website. Docket Nos. 16

---

[3]  *See also*, *e.g.*, *SEC v. Tome*, 833 F.2d 1086, 1094 (2d Cir. 1987) (approving service by publication); *Int'l Controls Corp. v. Vesco*, 593 F.2d 166, 176-78 (2d Cir. 1979) (approving service by ordinary mail to defendant's last known address), *cert denied*, 442 U.S. 941 (1979); *Smith v. Islamic Emirate of Afghanistan*, No. 02 CIV 10132(HB), 01 CIV 10144(HB), 2001 WL 1658211, at * 2-3 (S.D.N.Y. Dec. 26, 2001) (authorizing service by publication upon Osama bin Laden and the al-Qaeda organization); *In re Int'l Telemedia Assoc.*, 245 B.R. 713, 719-720 (Bankr. N.D. Ga. 2000) (authorizing service by fax, e-mail, and mail to the defendant's last known address); *New Eng. Merch. Nat'l Bank v. Iran Power Generation & Transmission Co.*, 495 F. Supp. 73, 80-81 (S.D.N.Y. 1980) (authorizing service by telex to Iranian defendants); *Levin v. Ruby Trading Corp.*, 248 F. Supp. 537, 541 (S.D.N.Y. 1965) (approving service by ordinary mail upon defendant and defendant's attorneys).

[4]  A federal court would be prohibited from issuing a Rule 4(f)(3) order in contravention of an international agreement, including the Hague Convention referenced in Rule 4(f)(1). As noted above, the Russian Federation is a signatory to the Hague Convention. The Russian Federation does not, however, permit service by methods listed in Article 10 of the Hague Convention. *See, e.g.*, Hague Conference on Private International Law, D e c l a r a t i o n / R e s e r v a t i o n / N o t i f i c a t i o n , https://www.hcch.net/en/instruments/conventions/status-table/notifications/?csid=418&disp=resdn (last visited Nov. 15, 2016).

at 2, 16-1 at 2.[5]   However, it appears that Plaintiff has not actually communicated with Defendant Shepelev via this email address.  *See* Docket No. 16 at 2; *see also First Time Videos, LLC v. FTV Programmgesellschaft MHB*, No. 2:14-cv-01764-GMN-CWH, 2015 WL 5474650, at *2 (D. Nev. Sept. 16, 2015) (service by email inappropriate partly because the plaintiff had not previously communicated with the defendant via the proposed email address).[6]   Similarly, beyond a WHOIS printout, Plaintiff provides no evidence that Defendant uses this email address regularly for business purposes.[7]  Additionally, Plaintiff does not support the information relating to Defendant Shepelev's alleged email address with a declaration or affidavit.  These factors – especially when combined with the fact that Defendant Shepelev does not appear to have actual knowledge of this lawsuit – suggest that the proposed method of service is not reasonably calculated, under all the circumstances, to apprise Defendant Shepelev of the action and afford him an opportunity to respond.  *Mullane*, 339 U.S. at 314.

[5]  The Court acknowledges that the WHOIS directory is generally perceived as a reputable information source.  *See Gordon v. Virtumundo, Inc.*, 575 F.3d 1040, 1064 n.22 (9th Cir. 2009) ("WHOIS is a publicly available online database through which users can access information regarding domains, including the registrant's name, address, phone number, and e-mail address.").

[6]  *Cf. Goes Int'l, AB v. Dodur* Ltd., No. 14-CV-5666 LB, 2015 WL 1743393, at *3 (N.D. Cal. Apr. 16, 2015) (service by email appropriate where the plaintiff had "frequent correspondence" with a defendant through the proposed email addresses); *Neumont Univ. v.* Nickles, 304 F.R.D. 594, 600 (D. Nev. 2015) (service by email appropriate where a defendant had responded to communications directed to the proposed email address "since almost the beginning of the litigation"); *JBR, Inc. v. Café Don Pac, Inc.*, No. 12-CV-02377 NC, 2013 WL 1891386, at *6 (N.D. Cal. May 6, 2013) (service by email appropriate where there was evidence of prior email communication between the plaintiff and the defendant).

[7]  *Cf. Rio Props., Inc.*, 284 F.3d at 1013 (service by email appropriate partly because the plaintiff's investigator learned that defendant actually "preferred communication through its email address").

**III.    CONCLUSION**

Accordingly, for the reasons outlined above, IT IS HEREBY ORDERED that Plaintiff's motion for alternate service of process (Docket No. 16) is **DENIED** without prejudice.   Any renewed motion for alternate service of process on Defendant Shepelev must address, in addition to the concerns as stated above, whether the Russian Federation's objection to Article 10 of the Hague Convention precludes service by email. *See, e.g.*, *AMTO, LLC v. Bedford Asset Mgmt.*, No. 14-CV-9913, 2015 WL 3457452, at *7-8 (S.D.N.Y. June 1, 2015).

IT IS SO ORDERED.

DATED: November 16, 2016

_____
NANCY J. KOPPE
United States Magistrate Judge

6